UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL, et al., )
                               )
            Plaintiffs,        )
                               )
     v.                        )   Civ. A. No. 96-1285 (RCL)
                               )
GALE NORTON, Secretary of      )
the Interior, et al.,          )
                               )
            Defendants.        )
                               )

**FILED**

APR 16 2001

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

<u>ORDER</u>

With the consent of the plaintiffs and the Interior defendants, and in accordance with the Court's inherent powers, the Court hereby appoints Joseph S. Kieffer, III to serve as Court Monitor.

Mr. Kieffer has extensive experience and training in the management, restructuring and reform of major U.S. Government and civilian organizations. He has a Bachelor of Science in Engineering, a Masters in System Management, and a Juris Doctorate. In the previous ten years, he has served several multinational corporations in positions ranging from Managing Director, Senior Vice President, and General Counsel. Prior to that, he held various government positions, including one in which he was responsible for obtaining worldwide compliance with Presidential Executive Orders. Finally, Mr. Kieffer has also served as Director of Litigation for the Manville Personal Injury Settlement Trust, a trust valued at over $3 billion.



Mr. Kieffer's appointment is subject to the following conditions:

1. He shall serve for at least 1 year from this date. Upon order of the Court, after comment or objection thereto by the parties, his term of service may be extended for additional terms.

2. He shall monitor and review all of the Interior defendants' trust reform activities and file written reports of his findings with the Court. These reports shall include a summary of the defendants' trust reform progress and any other matter Mr. Kieffer deems pertinent to trust reform. The parties shall be given prompt notice of the filing of any report, and shall have 10 days from the date of notice to submit any objections or comments to the report.

3. Mr. Kieffer is permitted to make and receive <u>ex parte</u> communications with all entities necessary or proper to effectuate his duties.

4. The Interior defendants shall facilitate and assist Mr. Kieffer in the execution of his duties and responsibilities. Interior shall also provide Mr. Kieffer with access to any Interior offices or employees to gather information necessary or proper to fulfill his duties. Mr. Kieffer shall bring to the attention of the Court any problems with access to information or persons that cannot be resolved informally.

5. In any proceeding before this Court, Mr. Kieffer's findings of fact shall be reviewed de novo.

6. Mr. Kieffer shall be compensated at a rate of not less than $250.00/hour for his services and shall be reimbursed for all expenses incurred in connection with his appointment. The Interior defendants shall bear these costs.

7. Nothing herein shall be construed to diminish or expand the appointment, duties, or powers of Special Master Alan L. Balaran, except as set forth herein. At the outset, Special Master Balaran shall familiarize Mr. Kieffer with the defendants' trust obligations and Court ordered responsibilities and shall be available to provide background information and documents as needed. In addition, Special Master Balaran may provide any assistance requested by Mr. Kieffer, after the parties have an opportunity to comment, and the Court authorizes such additional assistance.

SO ORDERED.

Date: 4-16-01

ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE