UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GALE NORTON, )<br>Secretary, Department of the Interior, )<br>et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 96-1285 (RCL) |

## MEMORANDUM OPINION

This matter comes before the Court on plaintiffs' Proposed Notice [3087] to the Class of Plaintiffs' Petition for Interim Fees under the Equal Access to Justice Act ("EAJA"). Upon consideration of plaintiffs' proposed notice [3087], the objections thereto [3095], plaintiffs' supplemental information [3122], the applicable law and the record in this case, the Court finds that plaintiffs' Proposed Notice to the Class of Plaintiffs' Petition for Interim Fees under the Equal Access to Justice Act is reasonable and in conformity with Rule 23(h)(1). The Court will require that plaintiffs publish the class notice in local newspapers as well as on the plaintiffs' website.

## BACKGROUND

On August 17, 2004, plaintiffs filed a Petition for Interim Fees under the Equal Access to Justice Act. On July 12, 2005, this Court entered an Order requiring, *inter alia,* that plaintiffs "within a reasonable time after this date, file with the Court and serve upon the defendants a

1

proposed notice to the plaintiff-class concerning the plaintiffs' Petition for Interim Fees Under the Equal Access to Justice Act, as well as a proposed plan for distributing that notice to the class" to satisfy Federal Rule of Civil Procedure 23(h)(1).  Cobell v. Norton, 229 F.R.D. 5, 24 (D.D.C. 2005).

Pursuant to the Court's Order, plaintiffs propose placing the Notice on the front page of the *www.indiantrust.com* website with a title in bold capital letters stating "**NOTICE TO CLASS BENEFICIARIES OF PLAINTIFFS' PETITION FOR AN AWARD OF ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT.**" Plaintiffs proposed Notice states:

> Please be aware that past and present Individual Indian Money ("IIM") Trust account holders may be members of a class action lawsuit, *Cobell v. Norton,* No. 1:96CV01285 (D.D.C.) (Judge Lamberth). The defendants in this lawsuit, the Secretary of the United States Department of the Interior and the Secretary of the United States Department of the Treasury, are the federal government's Trustee-Delegates for the IIM Trust. The Court in the *Cobell* case, on December 21, 1999 ruled that the Department of the Interior must provide each IIM Trust beneficiary with a complete and accurate accounting of his or her IIM Trust account and held further that the government was in breach of its trust duties for its failure to do so. This ruling was affirmed on February 23, 2001 by the United States Court of Appeals for the District of Columbia Circuit.
>
> Based on these significant court victories and because the government has acted in bad faith, the named plaintiffs have sought an interim award of expenses and attorneys' fees in the amount of $14,528,467.71 under the Equal Access to Justice Act (EAJA). Under EAJA, a party that has won its case in whole or in part is called the "prevailing party" and if the criteria of EAJA are met, that party is eligible for an award of expenses and attorneys fees paid by the government. Such an award, as here, includes costs such as attorneys' fees and fees paid to experts. In general, the EAJA award is calculated using a reasonable hourly rate and the time expended by the individual lawyer or expert.
>
> If you would like to download a copy of Plaintiffs' Petition for Interim Fees under the Equal Access to Justice Act, which was filed on August 17, 2004, for your review, please click *here*. If you would like to discuss this Petition with plaintiffs'

counsel, you may contact class counsel Dennis Gingold or Keith Harper at 1-866-785-4166, or by e-mail at beneficiaryinfo@narf.org.

If you would like to comment on or object to the Plaintiffs' Petition for Interim Fees, you may make an appropriate filing with the U.S. District Court for the District of Columbia, 333 Constitution Avenue, Washington, DC 20001, pursuant to Federal Rules of Civil Procedure and Local Rules. All filings should identify the case, *Cobell v. Norton,* Civ. No. 96-1285 and the presiding Federal Judge, the Honorable Royce C. Lamberth. To be considered, any comment or objection must be received by August 15, 2005.

Plaintiffs argue that the proposed notice publication via the Internet is adequate and reasonable. Defendants object to the content, distribution method, and timing of plaintiffs' proposed notice. Defendants request the Court order the following: (1) the notice must be disseminated more broadly than by a single Internet posting, preferably through newspaper advertisements published throughout Indian country; (2) that the notice must afford class members at least sixty (60) days to see the notice and respond to or comment upon the fee petition; and (3) that the text of the notice be revised to: (i) omit argumentative assertions, (ii) provide a simple means for obtaining copies of the fee petition and the government's opposition, and (iii) clearly identify class counsel's contact number as toll free. (Defs.' Obj. 1-2).

## ANALYSIS

A.  **Plaintiffs' Proposed Manner of Dissemination**

In Cobell v. Norton, 229 F.R.D. 5 (D.D.C. 2005), this Court expressly recognized class counsel's obligation under Federal Rule of Civil Procedure 23(h) to notify class members of its pending motion for an interim award of attorneys fees under the Equal Access to Justice Act. Rule 23(h)(1) requires that notice of a motion for fees be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner. Fed. R. Civ. P.

3

23(h)(1) (emphasis added). The Court noted the important purposes behind such notice to class members and observed that fee awards "are a powerful influence on the way attorneys initiate, develop, and conclude class actions." Cobell, 229 F.R.D at 21 (D.D.C. 2005) (internal quotation marks omitted). The Court also stated, that "members of the class have an interest in the arrangements for payment of class counsel whether that payment comes from the class fund or is made directly by another party." Id. (internal quotation marks omitted). As the Court recognized, the aim of the notice rule is to provide "the class with sufficient information to question objectionable fee requests and to scrutinize any potential conflicts of interest that arise from certain payment scenarios." Id.

Although an individualized notice by mail to each class member would be the ideal method to notify members of the class, plaintiffs' notice by publication via the Internet must be judged as to its reasonableness. The reasonableness of the notice must be assessed in consideration of the facts of the particular case and the specific circumstances surrounding the reason for such notice.

Interior has mismanaged the Individual Indian Money ("IIM") Trust for more than 100 years. They cannot identify all of the current beneficiaries of the trust, much less all past and present beneficiaries. As the United States Court of Appeals for the District of Columbia has noted:

> The federal government does not know the precise number of IIM trust accounts that it is to administer and protect. At present, the Interior Department's system contains over 300,000 accounts covering an estimated 11 million acres, but the Department is unsure whether this is the proper number of accounts. Plaintiffs claim that the actual number of accounts is far higher, exceeding 500,000 trust accounts.

See Cobell v. Norton, 240 F.3d 1081, 1089 (D.C. Cir. 2001). Nine years into this landmark breach of trust litigation, Interior remains unable to identify the accounts that should have been established for each individual Indian trust beneficiary. Nor can Interior provide a list of the name and addresses of each class member.

The class here is massive, consisting of approximately 500,000 current and former IIM Trust beneficiaries. Class counsel have utilized their website as the primary means to communicate with class members. Moreover, Interior has sent out tens of thousands of letters to class members specifically identifying the website as the primary place where interested beneficiaries can acquire additional information about the Cobell v. Norton case. (Pls.' Proposed Notice 3). Indeed, the July 12, 2005 Order itself which requires notice to all members of the class expressly directs class members to the *www.indiantrust.com* website for additional information. In light of the customary use of and reliance on the website by beneficiaries, and the fact that beneficiaries are already directed to the website as a result of court ordered notices that have already been and will be provided, it is reasonable to conclude that most beneficiaries will be made aware of plaintiffs' fee petition with the publication of a notice on *www.indiantrust.com*.

Defendants insist that plaintiffs, in addition to posting the notice prominently at their website, should also be required to give some form of written notice to the class members. The single case they cite to support the objection is Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1486 (D.C. Cir. 1992), which states that notice by mail "ordinarily satisfies" notice requirement under the far more stringent standard of Rule 23(c)(2). (Defs.' Obj. 5). Peters is not

relevant here. It is axiomatic that, although notice by mail satisfies certain notice provisions, it is not required. Furthermore, this is not a Rule 23(c)(2) situation, where "best notice practicable under the circumstances" is required. Here, the far more relaxed standard of Rule 23(h)(1) – notice in a "reasonable manner" – applies.

In the present circumstances of this interim EAJA petition, the notice by publication suggested by plaintiffs satisfies the reasonableness standard. The interests of the named plaintiffs, other class members and class counsel are perfectly consistent for purposes of this EAJA petition. All would benefit from the award. This is not a situation where the monies to pay fees and expenses would be derived from monies that otherwise would go to class members. Accordingly, plaintiffs' proposed notice by publication via the Internet is adequate and reasonable in the circumstances presented here. Because of the regular use of plaintiffs' website for communication to class members and its routine identification in past and – pursuant to the Court's July 12, 2005 Order – future notices to virtually every class member, it is reasonable to conclude that such notice is adequate for purposes of Rule 23(h).

**B.    Newspaper Publication**

The Court understands that notice by publication via the Internet is reasonable but not absolute. The Court also is wary of previous representations by class counsel that at times the Internet is not an adequate vehicle for communicating with the represented class:

> Your Honor, what we've also learned from the recent few weeks of dealing with our clients with regard to the notice issues that we've [sic] wrestling with is that very few of the them have access to the Internet, very few of them have computers. I will also tell Your Honor that very few of them have voice mail, so communications and actual communications sometimes can be a challenge. Also,

> very few of them have money, so long distance telephone calls are actually quite expensive to them, and are quite meaningful to them, and for those with whom we are communicating effectively, Your Honor, it requires many of them to drive distances to get to a facility with a fax machine or electronic means, or something where they can provide us that.

Tr. (Hrn'g, Oct 19, 2004), at 7-8.

Considering the facts and circumstances surrounding the class members and history of this case, the Court agrees with defendants that publication by newspapers, in addition to website notice, is desirable. Defendants demands in this regard, however, are too extreme. Defendants provide no authorities that suggest that a 1/4 page notice, especially in the EAJA Petition context, is not sufficient. Nor do defendants explain why multiple publications of the notice over a three-week period is necessary. Plaintiffs suggest that running the notice once in each publication would be ample and reasonable. The Court agrees. Furthermore, defendants suggest publication in far too many papers. Newspaper publication should be limited to national Indian Country periodicals: *Native American Times*, *Indian Country Today* and *News From Indian Country*. These publications are generally considered to be the most widely read news outlets in Indian Country and would make the notice available to the majority of individual Indian trust beneficiaries.

**C.     Plaintiffs' Proposed Notice**

    1.     <u>Objection Period</u>

Defendants argue that a material defect in the notice is the brief comment period that class counsel proposes to afford to the class. Defendants also contend that class members should be given no less than sixty (60) days to submit comments to the Court concerning class counsels'

fee petition. But defendants' objection cites no supportive authority whatsoever. Rather, defendants' rationale as to why thirty (30) days is not reasonable is that "[i]t could reasonably take a few weeks for class members to become aware of the notice, a few weeks more to obtain and review a copy of the fee petition itself, and still another few weeks to write and submit comments on the petition." The Court is not persuaded by this argument. The 30 days suggested by plaintiffs gives a meaningful opportunity to the class for comment following final publication of the notice.

    2.    <u>Bad Faith</u>

The notice as currently drafted states that the EAJA Petition is "[b]ased on these significant court victories and because the government acted in bad faith." (Pls.' Proposed Notice 4). Defendants object to the reference to their bad faith, arguing that it has not been established that they have acted in bad faith. (Defs.' Obj. 6). The Court agrees that the "bad faith" assertion is made generally without reference to any facts that plaintiffs have alleged. Moreover, although bad faith in the litigation has been argued by plaintiffs as a reason justifying their fee award, their contention has been disputed by defendants and remains unresolved. The reference must be deleted from the proposed notice to the class.

    3.    <u>Copies of Defendants' Opposition</u>

Defendants urge that the notice should also tell class members that they can obtain a copy of the fee petition by a telephone request to class counsel. Defendants also insist that the notice disclose that the government has opposed the fee petition and inform interested class members that they can obtain a copy of the government's opposition through the same means as the fee petition itself, either by visiting plaintiffs' website or by a telephone request to class counsel.

The Court finds these measures unnecessary. None of what defendants request is required by Rule 23(h) – only notice of the Fee Request itself is required. Defendants present no legitimate reason or rationale to expand Rule 23(h) in this manner.

### 4. Toll-Free Telephone Number

Finally, plaintiffs' proposed notice includes a telephone number with an "866" area code that people may not readily recognize as being a toll-free line. Given the history of this case and the status of many of the class members, and plaintiffs' consent, the Court has no objection to revision of the notice to make clear that the class counsels' contact number is toll-free.

## CONCLUSION

Accordingly, plaintiffs' Proposed Notice to the Class of plaintiffs' Petition for Interim Fees under the Equal Access to Justice Act will be approved as reasonable and in conformity with Rule 23(h)(1), to be distributed in the manner set forth herein.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, November 8, 2005.