IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL, et al.,  )
      )
  Plaintiffs,  )
      )
vs.  )  Case No. 1:96CV01285-JR
      )
KEN SALAZAR, Secretary of the Interior, et al.,  )
      )
  Defendants.  )
      )

# Second Modification of December 7, 2009 Class Action Settlement Agreement

February 26, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>KEN SALAZAR, Secretary of the Interior, et al., )<br>)<br>Defendants. )<br>) | Case No. 1:96CV01285-JR |

# SECOND MODIFICATION OF DECEMBER 7, 2009 CLASS ACTION SETTLEMENT AGREEMENT

1. The December 7, 2009 Class Action Settlement Agreement ("Agreement") in this case was entered into by and between Elouise Pepion Cobell, Penny Cleghorn, Thomas Maulson and James Louis Larose (collectively, the "Named Plaintiffs"), on behalf of themselves and members of the Classes of individual Indians defined in this Agreement (collectively, "Plaintiffs"), on the one hand, and Ken Salazar, Secretary of the Interior, Larry Echohawk, Assistant Secretary of the Interior – Indian Affairs, and H. Timothy Geithner, Secretary of the Treasury and their successors in office, all in their official capacities (collectively, "Defendants"). Plaintiffs and Defendants are collectively referenced as the "Parties."

2. In the Agreement, the Parties agreed that the Settlement is contingent on the enactment of legislation to authorize or confirm specific aspects of the Settlement as set forth in the Agreement. The Parties further agreed that if such legislation is not enacted on or before the Legislation Enactment Deadline as defined in the Agreement, unless such date is mutually

agreed to be extended by the Parties, the Agreement shall automatically become null and void. Settlement Agreement, paragraph B.1.

3. The Agreement originally defined the Legislation Enactment Deadline as December 31, 2009, 11:59 p.m. Eastern time. Settlement Agreement, paragraph A.22.

4. It subsequently became apparent to the Parties that in order for the Agreement to continue to be valid after December 31, 2009, the Legislation Enactment Deadline would need to be extended. Accordingly, the Parties agreed to extend the Legislation Enactment Deadline set forth in paragraph A.22 of the Agreement to February 28, 2010, 11:59 p.m. Eastern time, and modified the Agreement to reflect that deadline. December 29, 2009 Modification of December 7, 2009 Class Action Settlement Agreement.

5. It has now become apparent that the Legislation Enactment Deadline must be extended further in order for the Agreement to continue to be valid after February 28, 2010.

6. The Parties desire that this Agreement continue to be valid after February 28, 2010.

7. Accordingly, the Parties hereby agree to extend the Legislation Enactment Deadline set forth in paragraph A.22 of the Agreement to April 16, 2010, 11:59 p.m. Eastern time.

8. After consultation with the Notice Contractor and based upon a mutual desire to provide the Trust Administration Class with additional time to review the terms of the Agreement prior to the deadline for opting out of the Settlement, the Parties hereby further agree to modify the first sentence of paragraph C.2.b. of the Agreement to read: "The deadline for those Class Members in the Trust Administration Class to opt out will be ninety (90) days from the first day Notice is sent." The second sentence of paragraph C.2.b. remains unchanged.

## SIGNATURES

Wherefore, intending to be legally bound in accordance with the terms of this Second Modification of the December 7, 2009 Class Action Settlement Agreement, the Parties hereby execute this Modification:

**FOR PLAINTIFFS:**

_____
Dennis M. Gingold, Class Counsel

_____
Keith M. Harper, Class Counsel

**FOR DEFENDANTS:**

_____
Robert E. Kirschman, Jr.
Deputy Director
Commercial Litigation Branch