IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> KEN SALAZAR, Secretary of the Interior, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:96CV01285-JR |

# Agreement on Attorneys' Fees, Expenses, and Costs

December 7, 2009

WHEREAS the Parties entered the Class Action Settlement Agreement, dated December 7, 2009 ("Main Cobell Agreement"); and

WHEREAS the Parties desire that the Class should compensate Class Counsel for reasonable attorney fees and related expenses and costs;

THEREFORE, the Parties hereby enter this Agreement on Attorneys' Fees, Expenses, and Costs ("Fee Agreement").

1. Unless otherwise defined herein, this Fee Agreement incorporates all defined terms in the Main Cobell Agreement and shall be interpreted in a manner consistent with the Main Cobell Agreement.

2. The amount of attorneys' fees, expenses and costs shall be decided by the Court in accordance with controlling law and awarded from the Accounting/Trust Administration Fund.

3. The Parties agree that litigation over attorneys' fees, expenses, and costs should be conducted with a civility consistent with the Parties' mutual desire to reach an amicable resolution on all open issues. The Parties agree therefore that all documents filed in connection with the litigation over attorneys' fees, expenses, and costs shall consist of a short, plain statement of the facts and the law with the goal of informing the Court of relevant information for its consideration.

4. *Attorneys' Fees, Expenses, and Costs Incurred through December 7, 2009.*

    a. Plaintiffs may submit a motion for Class Counsel's attorney fees, expenses, and costs incurred through December 7, 2009. Such motion shall not assert that Class Counsel be paid more than $99,900,000.00

above amounts previously paid by Defendants. Unless otherwise ordered by the Court, Plaintiffs' memorandum of points and authorities in support of such claim shall not exceed 25 pages and shall be filed no later than thirty (30) days following Preliminary Approval, and Class Counsel's reply in support of such claim shall not exceed 15 pages.

b. Defendants may submit a memorandum in opposition to Plaintiffs' motion. Such memorandum shall not assert that Class Counsel be paid less than $50,000,000.00 above the amounts previously paid by Defendants. Unless otherwise ordered by the Court, Defendant's memorandum shall not exceed 25 pages and shall be filed within 30 days after Plaintiffs' motion.

c. Concurrently with any motion for fees, expenses, and costs of attorneys through December 7, 2009, Plaintiffs shall file statements regarding Class Counsel's billing rates, as well as contemporaneous, where available, and complete daily time, expense, and cost records supporting this motion. Defendants may also submit an annotated version or summary of the time, expense and cost records in support of their opposition.

d. Plaintiffs disclosure and filing of the records referenced in the preceding paragraph shall not constitute a waiver of any attorney client privilege or attorney work product protections. Plaintiffs may request the entry of an appropriate protective order regarding such confidential records.

e. In the event that the Court awards attorneys' fees, expenses, and costs covered by this Paragraph in an amount equal to or greater than

2

$50,000,000.00 and equal to or less than $99,900,000.00, Plaintiffs, Class Counsel and Defendants agree not to file a notice of appeal concerning such award.

5. *Attorneys' Fees, Expenses, and Costs Incurred after December 7, 2009.* Plaintiffs may submit a motion for Class Counsel's attorneys' fees, expenses, and costs incurred after December 7, 2009, up to $10,000,000.00.  Such motion shall be based solely on attorney hours and actual billing rates and actual expenses and costs incurred, and may not be justified by any other means (such as a percentage of the class recovery). Such motion shall be resolved in such manner as directed by the Court. Concurrently with any motion for post Agreement attorneys' fees, expenses, and costs, Plaintiffs shall file statements regarding Class Counsel's billing rates, as well as complete and contemporaneous daily time, expense, and cost records supporting this motion.

6. Should (a) either party terminate the Main Cobell Agreement pursuant to the terms thereof, (b) the Main Cobell Agreement become null and void because a condition subsequent does not occur, or (c) the Main Cobell Agreement not finally be approved by the Court, this Fee Agreement shall be null and void, and the parties and Class Counsel shall take such steps as are necessary to restore the *status quo ante*.

7. Nothing in this Fee Agreement shall affect the right of any non-party to this Fee Agreement.

Wherefore, intending to be legally bound in accordance with the terms of this Fee Agreement, the Parties hereby execute this Fee Agreement:

## SIGNATURES

Wherefore, intending to be legally bound in accordance with the terms of this Agreement, the Parties hereby execute this Agreement:

**FOR PLAINTIFFS:**                                     **FOR DEFENDANTS:**

_____                          _____
Dennis M. Gingold, Class Counsel                          Thomas J. Perrelli
                                                          Associate Attorney General

_____
Keith M. Harper, Class Counsel