IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL et al.,

Plaintiffs,

v.

KEN SALAZAR, Secretary of the Interior, et al.,

Defendants.

Civil No. 96-1285 (TFH)

**PLAINTIFFS' NOTICE REGARDING ATTORNEYS' FEES AND CLASS REPRESENTATIVES' INCENTIVE AWARDS**

**BACKGROUND**

This Notice Regarding Attorneys' Fees and Class Representatives' Incentive Awards ("Notice") is being filed by Plaintiffs to comply with the Settlement Agreement (the "Settlement Agreement") dated December 7, 2009, and modified November 17, 2010, as authorized, ratified and confirmed by the Claims Resolution Act of 2010 (the "Act").[1] The Settlement Agreement requires that Plaintiffs file, prior to the hearing on the Motion for Preliminary Approval of the Settlement Agreement, a notice with the Court, stating the amount of (a) attorneys' fees, expenses and costs they will be requesting for Class Counsel through December 7, 2009; and (b) incentive awards which will be requested for each Class Representative, including expenses and costs that were not paid by the attorneys. *See* Settlement Agreement, ¶¶ J.1 and K.1 at 47 and 49.

[1] Claims Resolution Act of 2010, Public Law 111-291 (Dec. 8, 2010; 124 Stat. 3064; 101 pages). Copies of the Settlement Agreement, the November 17, 2010 modification, and the Act are attached respectively as Exhibits 2, 12 and 3 to the Joint Motion for Preliminary Approval of Class Action Settlement ("Joint Motion") being filed concurrently with this Notice.

**ATTORNEYS' FEES THROUGH DECEMBER 7, 2009**

The Settlement Agreement, Agreement on Fees, and Claims Resolution Act of 2010 together provide that the amount to which Plaintiffs are entitled for attorneys' fees, expenses and costs is within the discretion of the Court "in accordance with controlling law …."[2] Controlling law holds that the percentage-of-recovery method is the governing standard in this Circuit for attorneys' fees in common fund cases. *See Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993). Specifically, this Court recognizes that "fee awards in common fund cases range from fifteen to forty-five percent." *In re Vitamins Antitrust Litigation*, No. 99-197 (TFH), MDL 1285, 2001 WL 34312839, at *10 (D.D.C. July 16, 2001). Exceptional benefits to a large class generally justify a larger fee award. *See In re Baan Co. Securities Litig.*, 288 F. Supp. 2d 14, 17 (D.D.C. 2003).

Prior to the Settlement Agreement, Named Plaintiffs and Class Counsel entered into contingency fee agreements calling for Class Counsel to be paid a combined total of 14.75% of the funds that are created for the benefit of the classes. Applying that percentage of 14.75% to the $1,512,000,000 to be deposited into the Settlement Account would result in an amount of $223,020,000.00 for Class Counsel. Plaintiffs believed then, and continue to believe, that their contingency fee agreements with Class Counsel are consistent with the controlling law of this Circuit and would provide Class Counsel with fair compensation given: the nature, scope, difficulty, and duration of this litigation; the unique characteristics of the plaintiff classes; the extensive and unique experience and skills brought to bear by Class Counsel, the extraordinary results achieved; the number of persons benefitted; the financial and reputational risk to Class

[2] *See* Act, § 101 (g).

Counsel who undertook unique and complex litigation in an area of law that has heretofore not been challenged; the public interest served through prosecution of the litigation; the obstacles overcome to obtain legislative approval; and, the need to ensure that competent counsel will represent individual Indian trust beneficiaries in actions against the government for current and future breaches of trust.

At the conclusion of settlement negotiations defendants insisted, however, that plaintiffs not assert in their motion for attorneys' fees, expenses and costs through December 7, 2009 that Class Counsel be paid more than $99,900,000.00. While that agreement is at odds with the executed fee agreements and controlling law, Plaintiffs' motion will request that Class Counsel be paid $99.9 million.

However, plaintiffs note that the Court has the discretion to award more or less than the amounts asserted by plaintiffs or agreed to by the parties so long as the award is consistent with controlling law as reconfirmed by Congress after great debate.

**CLASS REPRESENTATIVES INCENTIVE AWARDS**

This contentious litigation spans more than 14 years, necessitated substantial work by the Class Representatives, and subjected them to considerable hardships, especially the lead plaintiff, Elouise Cobell. Accordingly, plaintiffs will request incentive awards for class representatives in the following amounts:

| | |
|---|---|
| Elouise Cobell: | $2,000,000 |
| Louis LaRose: | $ 200,000 |
| Thomas Maulson: | $ 150,000 |
| Penny Cleghorn: | $ 150,000 |

In addition to these incentive awards, Named Plaintiffs will seek to be reimbursed for expenses and costs incurred. Expenses and costs, exclusive of the aforementioned incentive awards, are presently expected to be in the range of $10.5 million.

It is again helpful to put this Notice in the context of the controlling law. "[C]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation." *In re Lorazepam*, 2003 WL 22037741 at *10. *See also Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 240 F.R.D. 349, 365 (D.D.C. 2007). In evaluating the amount of incentive fees to award, "[c]ourts consider such factors as 'the action the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation.'" *In re Lorazepam* at *10, (*quoting Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998)). *See also Wells*, 557 F. Supp. 2d at 8-9.

Respectfully submitted this 10th day of December 2010.

/s/ Dennis M. Gingold
DENNIS M. GINGOLD
D.C. Bar No. 417748
607 14th Street, N.W.
9th Floor
Washington, D.C. 20005
(202) 824-1448

/s/ Keith M. Harper
KEITH M. HARPER
D.C. Bar No. 451956
JUSTIN GUILDER
D.C. Bar No. 979208
KILPATRICK STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
(202) 508-5844

DAVID COVENTRY SMITH
N.C. Bar No. 12558
Admitted *Pro Hac Vice*
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
336-607-7392

WILLIAM E. DORRIS
Georgia Bar No. 225987
Admitted *Pro Hac Vice*
ELLIOTT LEVITAS
D.C. Bar No. 384758
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
404-815-6104

Attorneys for Plaintiffs

December 10, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFFS' NOTICE REGARDING ATTORNEYS' FEES AND CLASS REPRESENTATIVES' INCENTIVE AWARDS was served on the following via facsimile, pursuant to agreement, on this day, December 10, 2010.

Earl Old Person (*Pro se*)
Blackfeet Tribe
P.O. Box 850
Browning, MT 59417
406.338.7530 (fax)

/s/ Shawn Chick