IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL et al., on their own behalf and on behalf of all persons similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>KEN SALAZAR, Secretary of the Interior, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 96-1285 (TFH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE WITH RESPECT TO CONTROLLING LAW AS TO CHALLENGES TO CLASS COUNSEL'S FEES AND PLAINTIFFS' INCENTIVE AWARDS

Plaintiffs provide this Court with notice of controlling law regarding defendants' anticipated challenges to Class Counsel's fees and Named Plaintiffs' incentive awards.

On December 7, 2009, plaintiffs and defendants executed the *Cobell v. Salazar* Settlement Agreement ("Agreement") to settle this litigation. That same day, the parties signed an "Agreement on Attorneys' Fees, Expenses and Costs" ("Fee Agreement"). Congress passed legislation approving and ratifying the Agreement, as required by the terms of the Agreement, as part of the "Claims Resolution Act of 2010" ("Act"). It was signed into law by the President of the United States on December 8, 2010. Claims Resolution Act of 2010, Public Law 111-291 (Dec. 8, 2010; 124 Stat. 3064).

The Agreement, Fee Agreement, and authorizing legislation uniformly state that the amount of attorneys' fees, expenses, and costs to which plaintiffs are entitled is within the discretion of this Court and shall be determined in accordance with controlling law. Agreement

1

§ J.5; Fee Agreement ¶ 2; Public Law 111-291 § 101(g)(1)(A). Nothing in the legislation, Agreement, or Fee Agreement exempts defendants from that which is ordinarily required under controlling law with respect to the award of attorneys' fees and costs. Consistent with controlling law, and the terms of the Agreement and the Fee Agreement, plaintiffs have filed a notice with this Court for an award of attorneys' fees and costs through the date of the Agreement. Dkt. 3661; Agreement § J.1-2; Fee Agreement ¶ 2. Defendants can challenge plaintiffs' petition for fees. Agreement § J.3.b; Fee Agreement ¶ 4.b. Post December 7, 2009 fees will be sought from time to time once final approval is granted. Agreement § J.4. Defendants can challenge these fees as well. *Id.*

This notice informs the Court of controlling law regarding a party's challenge to the reasonableness of a fee petition, assuming the challenge is made by a party with standing to do so. Upon such challenge, controlling law warrants review of the opposing party's time and fee records. Where, as here, an opposing party may want to contest a party's hours claimed or rates charged, this Court should require defendants to disclose contemporaneous time records of each attorney working for them on this case since June 10, 1996, the date this action in equity was filed. This includes, to the extent corresponding challenges are made, inside and outside counsels' hours, rates, compensation through bonuses awarded attributable to the government's defense of this litigation, including expenses incurred in defendants' retention of contractors and expert witnesses.

I. **REVIEW OF OPPOSING PARTY'S OWN FEE RECORDS IS APPROPRIATE.**

Awards of attorneys' fees are left to the discretion of this Court. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Trustees v. Greenough*, 105 U.S. 527, 536 (1882); *Bynum v. District of Columbia*, 412 F. Supp. 2d 73, 81, 84-87 (D.D.C. 2006); *see also* Agreement § J.5.

Numerous United States District and Circuit courts have held that when a party challenges the reasonableness of attorney's fees, the opposing party's attorney's fee records are relevant in determining a reasonable fee award.  The government is not exempt from this requirement.

In *New York v. Microsoft*, 2003 WL 25152639 (D.D.C. May 12, 2003), this Court considered the appropriateness of examining the attorneys' time and fee records of a party opposing the plaintiff's fee petition.  2003 WL 25152639 at *2.  This Court restated the legal principle that where, as here, a party wants to contest the reasonableness of a fee petition, examination of the opposing party's relevant records is warranted.  *Id.*  No better support for this rule exists than in this Court's own opinion citing a string of cases from several United States District and Circuit courts that affirm this settled principle of law.  *Id.* (citing *McGinnis v. Kentucky, Fried Chicken of California*, 51 F.3d 805, 809 (9th Cir. 1994); *Lubrizol Corp. v. Exxon Corp.*, 957 F.2d 1302, 1308 (5th Cir. 1992); *Liberty Mutual Ins. Co. v. Continental Casualty Co.*, 771 F.2d 579, 588 (1st Cir. 1985); *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985); *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768 & n. 18 (7th Cir. 1982); *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1220 (8th Cir. 1981); *Mitroff v. XOMOX Corp.*, 631 F.Supp. 25, 28 (S.D. Ohio 1985); *Ruiz v. Estelle*, 553 F.Supp. 567, 589 (S.D. Tex. 1982); *Murray v. Stucky's Inc.*, 153 F.R.D. 151, 152-53 (N.D. Iowa 1993); *Coalition to Save our Children v. State Bd. of Educ. of the State of Delaware*, 143 F.R.D. 61, 64-66 (D. Del. 1992); *Cohen v. Brown Univ.*, 1999 WL 695235, at *1, 6 (May 19, 1999 D.R.I.); *Grumman Corp. v. LTV Corp.*, 533 F.Supp. 1385, 1391 (E.D.N.Y. 1982); *Blowers v. Lawyers Coop. Publ'g Co.*, 526 F.Supp. 1324, 1327 (W.D.N.Y.1981); *Naismith v. Prof'l Golfers Ass'n*, 85 F.R.D. 552, 562-63 (N.D. Ga. 1979); *Stastny v. S. Bell Tel. & T. Co.*, 77 F.R.D. 662, 663-64 (W.D.N.C. 1978).  Cases cited therein are discussed more fully below.  While this Court did not need to

address this particular issue in *Microsoft*, nonetheless it confirmed the legal obligation of an opposing party in this district to provide its fee records for review if the reasonableness of plaintiff's fee request is contested.[1]

In *Murray v. Stucky's Inc.*, 153 F.R.D. 151 (N.D. Iowa 1993), defendants opposed plaintiff's fees based on the number of claimed hours and applied billing rates. 153 F.R.D. at 152-53. The court explained that whether a review of an opposing party's corresponding records is appropriate "depends, in part, on the objections raised by the opponent to the fee petition going to the reasonableness of the fee petition." *Id.* (*citing Coalition to Save Our Children v. State Bd. of Educ.*, 143 F.R.D. 61, 64 (D. Del. 1992). Because defendants challenged the reasonableness of plaintiff's fees, the court held that a review of defendants' records is warranted regarding "both the number of hours devoted to the case by defendants' attorneys and their hourly rates." *Id.* at 153.

Similarly, in *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760 (7th Cir. 1982), the district court compared plaintiff's counsel's rates with that of defendant's in determining the reasonableness of defendants' challenge to the fee award. 670 F.2d at 768 & n.18. The court determined that "rates charged by the defendant's attorneys provide a useful guide to rates customarily charged in this type of case." *Id.* at n.18. Likewise, *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566 (11th Cir. 1985), involved litigation spanning more than ten years where the defendant challenged the plaintiff's fee petition. 770 F.2d at 1575. The district court did not require

---

[1] This Court found that *Microsoft* did not challenge the reasonableness of time spent and rates charged in the fee petition, but argued instead that "plaintiff failed to substantially prevail on many of their legal claims, failed to keep contemporaneous time records required of fee petitioners, failed to exercise the billing judgment demanded of fee petitioners, and engaged in block billing forbidden to fee petitioners." *New York v. Microsoft* at *2. Nonetheless, this Court expressly preserved that issue in the event that Microsoft ultimately challenged the reasonableness of the fee petition. *Id.* at *2 n.4.

4

review of defendant's attorneys' fee records. *Id.* The Eleventh Circuit vacated that judgment and reversed the district court, holding that the district court abused its discretion by refusing to require the production of relevant information in defendant's possession. *Id*.

### A. Controlling Law Warrants Production of Contemporaneous Time Records From Inside and Outside Counsel.

The rule announced in *Murray* extends to both inside and outside counsel. *Murray* held that hours worked by all attorneys, whether inside or outside counsel, must be disclosed where an opposing party challenges fees that are claimed. *Murray*, 153 F.R.D. at 153-54. The court reasoned that a proper comparison of time charged cannot solely focus on either in-house or outside counsel. Instead, relevancy is determined by examining whether an attorney contributed to the investigation, research and prosecution of the matter. *Id.* The principle that consideration of fee records of this type is proper where, as here, it would reveal relevant information is not affected by the categorization of counsel as either inside or outside.

### B. Disclosing Defendants' Litigation Cost Records is Equally Appropriate.

Disclosure of attorneys' fees records is warranted where, as here, such information would be relevant. The same rule applies to the disclosure of expenses incurred. Where an opposing party challenges the reasonableness of costs requested, funds expended by the challenging party also must be disclosed. In *Blowers v. Lawyers, Coop. Publ'g Co.*, 526 F. Supp. 1324, 1327 (W.D.N.Y. 1981), cited by this Court in *New York v. Microsoft*, the court determined that "[t]he amount of costs and disbursements incurred by defendants also has some bearing on the reasonableness of plaintiff's own costs and disbursements." Again, a review of relevant information is appropriate, regardless of categorization.

## II. DEFENDANTS RETAINED NUMEROUS ATTORNEYS IN THIS LITIGATION WHOSE RECORDS ARE RELEVANT TO THE REASONABLENESS OF A FEE AWARD.

Throughout the nearly fifteen years of this litigation, defendants have retained a significant number of attorneys, both inside and outside counsel, to defend this suit as well as government officials involved in related proceedings. A partial list of in-house attorneys who worked on this litigation is provided herein.[2] In addition, defendants retained outside counsel at various stages in this litigation, *e.g.* to defend government officials in contempt trials and other disciplinary proceedings in 2001 and 2003, whose records are also relevant.[3] A partial list of retained law firms is also provided herein.[4]

Records showing defendants' counsels' time charged and billable rate is relevant to the reasonableness of plaintiffs' fee petition. In addition, in-house attorneys working on this litigation have received additional awards, bonuses, and other benefits from their employer, in

---

[2] Dept. of Justice (DOJ)-Civil Division-Environment and Natural Resources Division; DOJ-Civil Division-Federal Programs; DOJ-Civil Division-Commercial Litigation; DOJ-Civil Division-Professional Responsibility; DOJ-Civil Division-ENRD-Appellate Section; DOJ-Civil Division-Civil Fraud Section; Dept. of Treasury-General Counsel; Office of the Solicitor General; Federal Reserve-General Counsel; Office of White House Counsel; National Archives-General Counsel; United States Attorney's Office-Washington D.C.; United States Attorney's Office-Denver; United States Attorney's Office-S.D.N.Y.

[3] *See, e.g.* Pub. L. No. 111-88, § 107; Pub. L. No. 111-8, § 107; Pub. L. No. 110-161, § 111; Pub. L. No. 109-54, § 117; Pub. L. No. 108-447, § 125; Pub. L. No. 108-108, § 128; Pub. L. No. 108-7, § 134; Dkt. 2069 Memorandum and Order, May 21, 2003 (ordering defendants to provide a written statement to the Court listing all funds Defendants used to pay private attorneys in connection with this litigation, including hourly rates and total number of hours billed); Dkt. 2110, Status Report, June 18, 2003 (stating that as of April 30, DOJ authorized retention of 54 private law firms to represent 80 present and former employees, with $3,737,945 paid to private counsel).

[4] Mayer Brown; Trout & Cacheris; Blank Rome LLP; Wiley Rein & Fielding LLP; Morrison & Foerster; Jones Day Revis & Pogue; London & Mead; Bacch Robinson & Lewis; Paul Hastings, Janofsky & Walker; Piper, Rudnick, LLP; Feldsman, Tucker, Leifer, Fidell & Bank; Sutherland, Asbill & Brennan LLP; McKenna & Cuneo, LLP; Cozen O'Connor, P.C.; Bennett & Nathans LLP; Zuckerman Spaeder; Ober, Kaler, Grimes & Shriver; Miller & Chevalier; Fried, Frank, Harris, Shriver & Jacobson; Resolution Law Group, P.C.; Patton Boggs; Brand & Frulla; Crowell & Moring LLP; Dicksten Shapiro Morin & Oshinsky; Berliner, Corcoran & Rowe; Ross, Dixon & Bell, LLP; Morgan Lewis & Bockus.

recognition of their work on *Cobell*, which are also relevant.[5] Review of this type of information is warranted based on precedent in this litigation as well. In this Court's May 21, 2003 Memorandum and Order, defendants were required to identify every private attorney who worked on this litigation, as well as their hourly rate and hours charged. Dkt. 2069, Memorandum and Order, May 21, 2003 at 7-8. This data informs the analysis as to, and provides context for, what may constitute a reasonable fee award.

During this litigation defendants have retained numerous contractors and expert witnesses in defense of the United States. The total amount of such costs and expenses are unknown and not readily ascertainable, but they are relevant to the reasonableness of the Class Counsel fees and incentive awards for named plaintiffs. On November 30, 2010, Representative Tom Cole stated that "[t]he United States Government has spent almost a billion dollars on this lawsuit in the course of 14 years." 156 Cong. Rec. H7688 (November 30, 2010) (statement of Rep. Cole). In addition, the Department of Interior was appropriated $27,600,000 for costs related to this litigation in the fall of 2000. H.R. Rep. 106-291, 114 Stat. 1013. In 2005, the Committee on Appropriations in the House of Representatives stated that "[s]ince 1996, the committee has appropriated hundreds of millions of dollars for activities related to the *Cobell v. Norton* litigation." H.R. Rep. No. 109-80, at 84 (2005). Furthermore, fiscal year budgets for the Bureau of Indian Affairs show the amount spent by defendants for a portion of litigation costs regarding compliance with this court's orders on record retention: 2008-$7,435,600; 2007-$13,725,600; 2006-$16,746,000.[6] Complete information, including greater detail of such costs and expenses is

---

[5] *See, e.g.* Attorney General's Award for Distinguished Service 2010 (available at: http://www.mainjustice.com/2010/10/27/list-of-honorees/); John Marshall Awards, July 28, 2000 (available at: http://www.justice.gov/archive/ag/speeches/2000/awards.htm).

[6] United States Department of Interior, Budget Justifications and Performance Information, Fiscal year 2008, at DWP 257

7

relevant to the reasonableness of the named plaintiffs' petition for incentive awards, including their reimbursable expenses.

## III.     CONCLUSION

Plaintiffs respectfully provide this notice on controlling law regarding an opposing party's challenge to the reasonableness of a fee petition and incentive awards. Consistent with *Henson*, this Court may disregard any reasonableness challenge unless it is accompanied by relevant, contemporaneous time and cost records of inside and outside counsel, as well as their contractors and consulting and testifying experts.

---

(available at http://www.doi.gov/budget/2011/index_for_2011.html).

Respectfully submitted this 14th day of December 2010.

/s/ Dennis M. Gingold
DENNIS M. GINGOLD
D.C. Bar No. 417748
607 14th Street, N.W.
9th Floor
Washington, D.C. 20005
(202) 824-1448

/s/ Keith M. Harper
KEITH M. HARPER
D.C. Bar No. 451956
JUSTIN GUILDER
D.C. Bar No. 979208
MICHAEL ALEXANDER PEARL
D.C. Bar No. 987974
KILPATRICK STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
(202) 508-5844

DAVID COVENTRY SMITH
N.C. Bar No. 12558
Admitted Pro Hac Vice
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
336-607-7392

WILLIAM E. DORRIS
Georgia Bar No. 225987
Admitted Pro Hac Vice
ELLIOTT LEVITAS
D.C. Bar No. 384758
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
404-815-6104

Attorneys for Plaintiffs

December 14, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFFS' NOTICE REGARDING ATTORNEYS' FEES AND CLASS REPRESENTATIVES' INCENTIVE AWARDS was served on the following via facsimile, pursuant to agreement, on this day, December 14, 2010.

> Earl Old Person (Pro se)
> Blackfeet Tribe
> P.O. Box 850
> Browning, MT 59417
> 406.338.7530 (fax)

>                                  /s/ Katie Roth