IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:96cv01285(TFH) |
| ) | |
| KEN SALAZAR, Secretary of the Interior, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE REGARDING COUNSEL FEES AND INCENTIVE AWARDS

Plaintiffs' filing on December 14, 2010, is defective and not in compliance with the letter or spirit of the Settlement Agreement that the parties jointly submitted on December 10, 2010, for the Court's consideration and preliminary approval. Plaintiffs have filed a brief arguing about the law applicable to fee awards and improperly styled it as a Notice With Respect to Controlling Law as to Challenges to Class Counsel's Fees and Plaintiffs' Incentive Awards (Dec. 14, 2010) [Docket No. 3662] ("Notice"). The Court has not invited the filing of such a notice, nor is there any rule or case law that supports such a filing. The terms of the Settlement Agreement do not authorize Plaintiffs' Notice. On the contrary, any motion for fees or incentive awards is to be submitted within 30 days following the grant of preliminary approval of the settlement by this Court. The hearing on preliminary approval has not even occurred yet, and the Notice appears to be an attempt by Plaintiffs to circumvent the Settlement Agreement's page limitation on their motions for fees and incentive awards. For these reasons, the Court should disregard or strike Plaintiffs' submission in its entirety.

Plaintiffs' filing also requests relief not contemplated by the terms of the Settlement Agreement. It argues that "this Court should require *defendants* to disclose contemporaneous time records of each attorney working for them on this case since June 10, 1996," to include government "counsels' hours, rates, compensation through bonuses awarded attributable to the government's defense of this litigation, including expenses incurred in defendants' retention of contractors and expert witnesses." See, e.g., Notice at 2 (emphasis added). Under express terms comprising the Settlement, plaintiffs' arguments made before preliminary approval are premature,[1] and their submission is deficient per the terms of the Settlement.[2]

With no authority supporting the filing of argument as a "notice" and without provision for such a submission in the terms of the Settlement, Defendants oppose the Notice and ask that the Court disregard or strike Plaintiffs' submission or, alternatively, count their Notice submission against the 25-page limit for fee and incentive award briefing that the parties agreed to as a term of the Settlement Agreement.

Dated: December 17, 2010                    Respectfully submitted,

                                            TONY WEST
                                            Assistant Attorney General

                                            MICHAEL F. HERTZ
                                            Deputy Assistant Attorney General

---

[1] See Agreement on Attorneys' Fees, Expenses, and Costs, ¶ 4a (Dec. 7, 2009) (Attachment 1) (Plaintiffs "may submit a motion for Class Counsel's attorney fees . . ." and their "memorandum of points and authorities . . . shall not exceed 25 pages and shall be filed no later than thirty (30) days *following* Preliminary Approval" of the Settlement Agreement.) (Emphasis added.)

[2] See id. ¶ 4c ("Concurrently with any motion for fees, expenses, and costs of attorneys through December 7, 2009, Plaintiffs shall file statements regarding Class Counsel's billing rates, as well as contemporaneous, where available, and complete daily time, expense, and cost records supporting this motion.").

J. CHRISTOPHER KOHN
Director

*/s/ Robert E. Kirschman, Jr.*
ROBERT E. KIRSCHMAN, JR.
Deputy Director
(D.C. Bar No. 406635)
JOHN J. SIEMIETKOWSKI
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 616-0328

CERTIFICATE OF SERVICE

      I hereby certify that, on December 17, 2010 the foregoing *Defendants' Opposition to Plaintiffs' Notice Regarding Counsel Fees and Incentive Awards* was served by Electronic Case Filing, and on the following who is not registered for Electronic Case Filing, by facsimile:

      Earl Old Person (*Pro se*)
      Blackfeet Tribe
      P.O. Box 850
      Browning, MT 59417
      Fax (406) 338-7530

      /s/ *Kevin P. Kingston*
      Kevin P. Kingston