IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL, et al.,

   Plaintiffs,

vs.

KEN SALAZAR, Secretary of the Interior, et al.,

   Defendants.

Case No. 1:96CV01285-TFH

# November 17, 2010 Modification of December 7, 2009 Class Action Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>KEN SALAZAR, Secretary of the Interior, et al.,<br><br>    Defendants. | Case No. 1:96CV01285-TFH |

# NOVEMBER 17, 2010 MODIFICATION OF
# <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

1. The December 7, 2009 Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") in this case was entered into by and between Elouise Pepion Cobell, Penny Cleghorn, Thomas Maulson, and James Louis LaRose (collectively, the "Named Plaintiffs"), on behalf of themselves and members of the Classes of individual Indians defined in this Agreement (collectively "Plaintiffs"), on the one hand, and Ken Salazar, Secretary of the Interior, Larry Echohawk, Assistant Secretary of the Interior – Indian Affairs, and H. Timothy Geithner, Secretary of the Treasury and their successors in office, all in their official capacities (collectively, "Defendants"). Plaintiffs and Defendants are collectively referenced as the "Parties."

2. The Parties have previously entered into modifications to the Agreement to modify the first sentence of Paragraph C.2.b to provide the Trust Administration Class additional time to review the terms of the Agreement and to extend the Legislation Enactment Date.

3. In the Agreement, the Parties agreed that the Settlement is contingent on enactment of legislation to authorize or confirm specific aspects of the Settlement as set forth in the Agreement. The Parties further agreed that if such legislation were enacted with material changes, the Agreement would become null and void.

4. The Parties remain willing to implement the Settlement Agreement in accordance with the legislation attached to the Settlement Agreement as Exhibit A ("Exhibit A Legislation"), if such legislation is enacted into law.

5. The Parties have worked to support passage of legislation necessary to give effect to the Agreement. In that effort, the Parties have separately considered certain additional terms for the Agreement and have determined that, if such additional terms are included in enacted legislation implementing the Settlement, acceptance of these additional terms will be in the best interests of the Parties. The legislation containing those additional terms is attached hereto as Exhibit 1. If the legislative language set forth in Exhibit 1 is enacted into law, the Parties desire that the Agreement continue to be valid in conformity with modifications made by the legislative language set forth in Exhibit 1 and that definitions, terms, and other provisions of the Agreement shall be so modified and conform thereto. The Parties do not agree to any other material change to the Settlement.

6. Accordingly, the Parties hereby agree that if the legislative language set forth in Exhibit 1 is enacted into law, all definitions, terms and other provisions set forth in Exhibit 1 are agreed to by the Parties and shall be incorporated by reference in the Settlement Agreement as if they are restated therein expressly and in their entirety, and any definitions, terms, and provisions in the Settlement Agreement inconsistent with such definitions, terms, and other provisions in the legislative language in Exhibit 1 shall have no effect. Further, and without limiting the prior

sentence, the Parties specifically agree that if the legislative language set forth in Exhibit 1 is enacted into law, the Trust Administration Adjustment Fund as set forth in Exhibit 1 shall be part of the Settlement and all payments made from it to individual Indians shall be payments made pursuant to the Settlement.

**SIGNATURES**

Wherefore, intending to be legally bound in accordance with the terms of this November 17, 2010 Modification of the December 7, 2009 Class Action Settlement Agreement, the Parties hereby execute this Modification:

**FOR PLAINTIFFS**

Dennis M. Gingold, Class Counsel

Keith M. Harper, Class Counsel

**FOR DEFENDANTS**

Thomas J. Perrelli
Associate Attorney General

# EXHIBIT 1
## TO
## NOVEMBER 17, 2010 MODIFICATION OF DECEMBER 7, 2009 CLASS ACTION SETTLEMENT AGREEMENT

# TITLE I — INDIVIDUAL INDIAN MONEY ACCOUNT LITIGATION SETTLEMENT

## SEC. 101. INDIVIDUAL INDIAN MONEY ACCOUNT LITIGATION SETTLEMENT.

    (a)    Definitions.—In this section:

        (1)    AGREEMENT ON ATTORNEYS' FEES, EXPENSES, AND COSTS.—The term "Agreement on Attorneys' Fees, Expenses, and Costs" means the agreement dated December 7, 2009, between Class Counsel (as defined in the Settlement) and the Defendants (as defined in the Settlement) relating to attorneys' fees, expenses, and costs incurred by Class Counsel in connection with the Litigation and implementation of the Settlement, as modified by the parties to the Litigation.

        (2)    AMENDED COMPLAINT.—The term "Amended Complaint" means the Amended Complaint attached to the Settlement.

        (3)    FINAL APPROVAL.—The term "final approval" has the meaning given the term in the Settlement.

        (4)    LAND CONSOLIDATION PROGRAM.—The term "Land Consolidation Program" means a program conducted in accordance with the Settlement, the Indian Land Consolidation Act (25 U.S.C. 2201 et seq.), and subsection (e)(2) under which the Secretary may purchase fractional interests in trust or restricted land.

        (5)    LITIGATION.—The term "Litigation" means the case entitled Elouise Cobell et al. v. Ken Salazar et al., United States District Court, District of Columbia, Civil Action No. 96–1285 (TFH).

        (6)    PLAINTIFF.—The term "Plaintiff" means a member of any class certified in the Litigation.

        (7)    SECRETARY.—The term "Secretary" means the Secretary of the Interior.

        (8)    SETTLEMENT.—The term "Settlement" means the Class Action Settlement Agreement dated December 7, 2009, in the Litigation, as modified by the parties to the Litigation.

        (9)    TRUST ADMINISTRATION ADJUSTMENT FUND.—The term "Trust Administration Adjustment Fund" means the $100,000,000 deposited in the Settlement Account (as defined in the Settlement) pursuant to subsection (j)(1) for use in making the adjustments authorized by that subsection.

(10) TRUST ADMINISTRATION CLASS.—The term "Trust Administration Class" means the Trust Administration Class as defined in the Settlement.

(b) Purpose.—The purpose of this section is to authorize the Settlement.

(c) Authorization.—

(1) IN GENERAL.—The Settlement is authorized, ratified, and confirmed.

(2) AMENDMENTS.—Any amendment to the Settlement is authorized, ratified, and confirmed, to the extent that such amendment is executed to make the Settlement consistent with this section.

(d) Jurisdictional Provisions.—

(1) IN GENERAL.—Notwithstanding the limitation on the jurisdiction of the district courts of the United States in section 1346(a)(2) of title 28, United States Code, the United States District Court for the District of Columbia shall have jurisdiction of the claims asserted in the Amended Complaint for purposes of the Settlement.

(2) CERTIFICATION OF TRUST ADMINISTRATION CLASS.—

(A) IN GENERAL.—Notwithstanding the requirements of the Federal Rules of Civil Procedure, the court in the Litigation may certify the Trust Administration Class.

(B) TREATMENT.—On certification under subparagraph (A), the Trust Administration Class shall be treated as a class certified under rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of the Settlement.

(e) Trust Land Consolidation.—

(1) TRUST LAND CONSOLIDATION FUND.—

(A) ESTABLISHMENT.—On final approval of the Settlement, there shall be established in the Treasury of the United States a fund, to be known as the "Trust Land Consolidation Fund".

(B) AVAILABILITY OF AMOUNTS.—Amounts in the Trust Land Consolidation Fund shall be made available to the Secretary during the 10-year period beginning on the date of final approval of the Settlement—

(i) to conduct the Land Consolidation Program; and

        (ii)    for other costs specified in the Settlement.

(C) DEPOSITS.—

    (i)    IN GENERAL.—On final approval of the Settlement, the Secretary of the Treasury shall deposit in the Trust Land Consolidation Fund $1,900,000,000 out of the amounts appropriated to pay final judgments, awards, and compromise settlements under section 1304 of title 31, United States Code.

    (ii)    CONDITIONS MET.—The conditions described in section 1304 of title 31, United States Code, shall be deemed to be met for purposes of clause (i).

(D) TRANSFERS.—In a manner designed to encourage participation in the Land Consolidation Program, the Secretary may transfer, at the discretion of the Secretary, not more than $60,000,000 of amounts in the Trust Land Consolidation Fund to the Indian Education Scholarship Holding Fund established under paragraph (3).

(2) OPERATION.—The Secretary shall consult with Indian tribes to identify fractional interests within the respective jurisdictions of the Indian tribes for purchase in a manner that is consistent with the priorities of the Secretary.

(3) INDIAN EDUCATION SCHOLARSHIP HOLDING FUND.—

    (A)    ESTABLISHMENT.—On final approval of the Settlement, there shall be established in the Treasury of the United States a fund, to be known as the "Indian Education Scholarship Holding Fund".

    (B)    AVAILABILITY.—Notwithstanding any other provision of law governing competition, public notification, or Federal procurement or assistance, amounts in the Indian Education Scholarship Holding Fund shall be made available, without further appropriation, to the Secretary to contribute to an Indian Education Scholarship Fund, as described in the Settlement, to provide scholarships for Native Americans.

(4) ACQUISITION OF TRUST OR RESTRICTED LAND.—The Secretary may acquire, at the discretion of the Secretary and in accordance with the Land Consolidation Program, any fractional interest in trust or restricted land.

(5) TREATMENT OF UNLOCATABLE PLAINTIFFS.—A Plaintiff, the whereabouts of whom are unknown and who, after reasonable efforts by the Secretary, cannot be located during the 5-year period beginning on the date of final approval of the Settlement, shall be considered to have accepted an offer made pursuant to the Land Consolidation Program.

(f) Taxation and Other Benefits.—

(1) INTERNAL REVENUE CODE.—For purposes of the Internal Revenue Code of 1986, amounts received by an individual Indian as a lump sum or a periodic payment pursuant to the Settlement shall not be—

(A) included in gross income; or

(B) taken into consideration for purposes of applying any provision of the Internal Revenue Code that takes into account excludable income in computing adjusted gross income or modified adjusted gross income, including section 86 of that Code (relating to Social Security and tier 1 railroad retirement benefits).

(2) OTHER BENEFITS.—Notwithstanding any other provision of law, for purposes of determining initial eligibility, ongoing eligibility, or level of benefits under any Federal or federally assisted program, amounts received by an individual Indian as a lump sum or a periodic payment pursuant to the Settlement shall not be treated for any household member, during the 1-year period beginning on the date of receipt—

(A) as income for the month during which the amounts were received; or

(B) as a resource.

(g) Incentive Awards and Award of Attorneys' Fees, Expenses, and Costs Under Settlement Agreement.—

(1) IN GENERAL.—Subject to paragraph (3), the court in the Litigation shall determine the amount to which the Plaintiffs in the Litigation may be entitled for incentive awards and for attorneys' fees, expenses, and costs—

(A) in accordance with controlling law, including, with respect to attorneys' fees, expenses, and costs, any applicable rule of law requiring counsel to produce contemporaneous time, expense, and cost records in support of a motion for such fees, expenses, and costs; and

4

  (B) giving due consideration to the special status of Class Members (as defined in the Settlement) as beneficiaries of a federally created and administered trust.

 (2) NOTICE OF AGREEMENT ON ATTORNEYS' FEES, EXPENSES, AND COSTS.—The description of the request of Class Counsel for an amount of attorneys' fees, expenses, and costs required under paragraph C.1.d. of the Settlement shall include a description of all material provisions of the Agreement on Attorneys' Fees, Expenses, and Costs.

 (3) EFFECT ON AGREEMENT.—Nothing in this subsection limits or otherwise affects the enforceability of the Agreement on Attorneys' Fees, Expenses, and Costs.

(h) Selection of Qualifying Bank.—The United States District Court for the District of Columbia, in exercising the discretion of the Court to approve the selection of any proposed Qualifying Bank (as defined in the Settlement) under paragraph A.1. of the Settlement, may consider any factors or circumstances regarding the proposed Qualifying Bank that the Court determines to be appropriate to protect the rights and interests of Class Members (as defined in the Settlement) in the amounts to be deposited in the Settlement Account (as defined in the Settlement).

(i) Appointees to Special Board of Trustees.—The 2 members of the special board of trustees to be selected by the Secretary under paragraph G.3. of the Settlement shall be selected only after consultation with, and after considering the names of possible candidates timely offered by, federally recognized Indian tribes.

(j) Trust Administration Class Adjustments.—

 (1) FUNDS.—

  (A) IN GENERAL.—In addition to the amounts deposited pursuant to paragraph E.2. of the Settlement, on final approval, the Secretary of the Treasury shall deposit in the Trust Administration Adjustment Fund of the Settlement Account (as defined in the Settlement) $100,000,000 out of the amounts appropriated to pay final judgments, awards, and compromise settlements under section 1304 of title 31, United States Code, to be allocated and paid by the Claims Administrator (as defined in the Settlement and pursuant to paragraph E.1.e of the Settlement) in accordance with this subsection.

5

    (B) CONDITIONS MET.—The conditions described in section 1304 of title 31, United States Code, shall be deemed to be met for purposes of subparagraph (A).

  (2) ADJUSTMENT.—

    (A) IN GENERAL.—After the calculation of the pro rata share in Section E.4.b of the Settlement, the Trust Administration Adjustment Fund shall be used to increase the minimum payment to each Trust Administration Class Member whose pro rata share is—

      (i) zero; or

      (ii) greater than zero, but who would, after adjustment under this subparagraph, otherwise receive a smaller Stage 2 payment than those Trust Administration Class Members described in clause (i).

    (B) RESULT.—The amounts in the Trust Administration Adjustment Fund shall be applied in such a manner as to ensure, to the extent practicable (as determined by the court in the Litigation), that each Trust Administration Class Member receiving amounts from the Trust Administration Adjustment Fund receives the same total payment under Stage 2 of the Settlement after making the adjustments required by this subsection.

  (3) TIMING OF PAYMENTS.—The payments authorized by this subsection shall be included with the Stage 2 payments under paragraph E.4. of the Settlement.

(k) Effect of Adjustment Provisions.—Notwithstanding any provision of this section, in the event that a court determines that the application of subsection (j) is unfair to the Trust Administration Class—

  (1) subsection (j) shall not go into effect; and

  (2) on final approval of the Settlement, in addition to the amounts deposited into the Trust Land Consolidation Fund pursuant to subsection (e), the Secretary of the Treasury shall deposit in that Fund $100,000,000 out of amounts appropriated to pay final judgments, awards, and compromise settlements under section 1304 of title 31, United States Code (the conditions of which section shall be deemed to be met for purposes of this paragraph) to be used by the Secretary in accordance with subsection (e).

6