IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL <u>et al.</u>, on their own behalf and on behalf of all persons similarly situated,<br><br>        <u>Plaintiffs</u>,<br><br>    v.<br><br><br>KEN SALAZAR, Secretary of the Interior, <u>et al.</u>,<br><br>        <u>Defendants</u>. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 1:96-1285 (TFH)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>AFFIDAVIT OF THADDEUS HOLT</u>

THADDEUS HOLT deposes and says:

1.  My name is Thaddeus Holt.  I am one of the attorneys for the plaintiffs in this case.  I make this affidavit in support of plaintiffs' application for class counsel fees.

2.  Dennis Gingold and I were the original attorneys for plaintiffs from the outset of the case.  He and I signed the complaint, which we drafted, and which reflected legal theories which he and I had developed for the redress of the wrongs suffered by the plaintiffs in this matter.  I participated actively in the litigation for the first years, up through the first major trial in 1999, ending in what this Court described as a "stunning victory," <u>Cobell</u> v. <u>Babbitt</u>, 91 F.Supp.2d 1, 57 (D.D.C. 1999) ("Cobell V") and the briefing and argument of the subsequent appeal (which I argued),

leading to the Court of Appeals' affirmation of this Court's judgment.  <u>Cobell</u> v. <u>Norton</u>, 240 F.3d 1081 (D.C. Cir. 2001) ("Cobell VI").  Since that time I have been less active (I am now 81 years of age and substantially retired), but have kept up with the litigation and have contributed input as appropriate from time to time.

<u>Personal Information</u>

3. I am a retired equity partner in the major "Wall Street"-based firm of Breed, Abbott & Morgan (now merged with another firm), and have been engaged in the private practice of law since 1956 except for the period 1965-71, when I was Deputy Under Secretary of the Army, Secretary of the Corporation for Public Broadcasting, and engaged in private business.  I am, and have since 1959 been, a member of the bar of this Court and am admitted to the bars of the District of Columbia, Alabama, New York, and Pennsylvania as well as the United States Supreme Court and various other federal trial and appellate courts, including the courts of appeal for the Second, Third, Fifth, Seventh, Ninth, Eleventh, District of Columbia, and Federal Circuits; the federal district courts for the District of Columbia, the Southern and Eastern Districts of New York, the Middle and Eastern Districts of Pennsylvania, and the Northern and Southern Districts of Alabama; and other federal courts.  I am a law graduate of Oxford University and the Harvard Law School.

4.  I have engaged in litigation in this Court since the 10-month jury trial before Judge Sirica in <u>Riss</u> v. <u>Association</u>

of American Railroads in 1960.  My practice has been almost entirely in litigation, including administrative practice. Over and above typical court and administrative agency cases, over the years I have participated in a number of "big case" litigations and class actions.  A representative sample includes the DuPont-General Motors antitrust divestiture litigation; the aforementioned Riss case (believed to be the longest civil jury trial ever held in this District); Boles v. Union Camp Corp., a major employment discrimination class action; the antitrust case of Carter-Wallace, Inc. v. Hartz Mountain Corp.; the Getty Oil-Skelly Oil merger case; and various securities class actions.  I am a former member of the American Law Institute Special Advisory Group on Complex Litigation, and a former member of the American Bar Association Special Committee on the Federal Rules of Civil Procedure.  Further personal and biographical details are set forth in the resume attached as Exhibit 1.

5. From the outset of this litigation in 1996 I agreed to defer a substantial percentage of any fee and expense reimbursement.  This deferred percentage was soon increased; but funds were not available to cover fully even this limited amount, and in 1998 it was agreed to go primarily to a contingent arrangement based on the common fund doctrine.  On two occasions, in connection with the first contempt proceeding and the interim proceedings of 2004, I received a portion of the fee awards, limited in time and scope.

6.   Since I am no longer in active practice I have no current standard hourly rate.  I am advised that the most recent PriceWaterhouseCoopers Billing Rate and Associate Salary Survey ("BRASS") for litigation lawyers in the Washington market, issued in May 2010, shows an average hourly rate of $811 for "Equity Partners, First Quartile, More Than 35 Years of Experience," which I believe describes my situation.

<u>Time Records</u>

7.   I maintain my time records on a computer, employing until approximately 2000 a database management program called Microsoft File; and thereafter, when that program had become obsolete, a spreadsheet program called Microsoft Excel.  (File records were then converted to Excel.)  The fields for these original records include the date of service; the client; the matter; the hours expended, to tenths of an hour; a description of the work performed; and, once the client has been billed, the number of the bill to in which the charge for the time was included.  No record in the database covers time for more than one day.  Sometimes all the time and work done on a particular day is included in one record, and sometimes more than one record is entered with respect to the same day. There is no fixed system on which this is done; it depends on what approach is most convenient for a particular day.  All time is recorded contemporaneously.

8.  I have been conservative in recording my time on this case and I believe it is fair to say that my time records

understate the actual time I have expended on it.  This is particularly true for recent years when my activity has been on what might be called a "consulting" basis and I have rarely recorded time.

9.   A tabulation of my time records for work on this case is included in Class Counsel's Combined Time Records, which are submitted in support of plaintiffs' Class Counsel fee petition.  The columns showing date, work, and time recorded, are taken directly from my original entries.  I have not modified them in any way, and they accordingly contain abbreviations and occasional typographical errors.

10.  It will be noted that some entries identify an amount of "court time."  This was done at the clients' request.

11.  As noted above, I record my time conservatively, especially in this matter.  In particular, I rarely record for one day more than seven hours, i.e., a normal day's work, except where the work performed was clearly in excess of that amount, as in evening sessions facing a deadline or preparing for trial.  It will be observed that a number of entries in Exhibit 1 show exactly seven hours.  Most if not all of these reflect work of more than seven hours but which were recorded as seven hours.

12.  Time entries do not include travel time in this case (even though such time is compensable in this Circuit under Cooper v. U.S. Railroad Retirement Bd., 24 F.3d 1414 (D.C. Cir. 1994), and was allowed in Select Milk Producers, Inc. v.

<u>Veneman</u>, 304 F. Supp. 2d 45, 59 n.4 (D.D.C. 2004)).  It does of course include work done in the course of travel; work is work, whether done in an office, a library, at home, or in a train or plane.  A few entries might be misread as including travel time.  They do not.  They are days on which at least seven hours' work was done, on which, as it happens, travel took place.

13.  The total time shown is 2,744.9 hours.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 25, 2011.



                              /s/ Thaddeus Holt
                              THADDEUS HOLT

EXHIBIT 1

Biographical Data

THADDEUS HOLT

P.O. Box 440
Point Clear, Alabama 36564
251-990-7495

Lawyer; retired partner in Breed, Abbott & Morgan, New York and Washington.  Admitted to the bars of the District of Columbia, Pennsylvania, New York, Alabama, the United States Supreme Court, and various other federal courts.

Born November 26, 1929, Birmingham, Alabama. Widowed, two children.

Education:  LL.B., Harvard Law School, 1956; B.A. (Law), Oxford University (England), 1954, M.A., 1959; M.A. (Mathematics), Yale University, 1952; B.A. (Mathematics), University of the South, 1951.

In private practice of law, chiefly in Washington and New York, since 1956 except for six years in public service and private business.  Practice has been primarily litigation, administrative law, and legislative activity, in a broad range of subject-matters including antitrust, insurance, banking and commercial transactions, securities law, corporate governance, health care, government contracts, unfair competition, employment regulation, communications, intellectual property and libel, international law, Indian law, and numerous others, in sole practice 1986-present; with Breed, Abbott & Morgan, New York and Washington, 1972-86; Covington & Burling, Washington, 1958-65; Cabaniss & Johnston, Birmingham, Alabama, 1956-58.

Deputy Under Secretary of the Army, 1965-67, with responsibilities in international affairs, especially matters relating to the Panama Canal and to the administration of Okinawa and related problems of U.S.-Japanese relations; intelligence, counterintelligence, and communications security matters; arms control matters; military history matters; and miscellaneous other areas.  President, Leacock Pennebaker Inc., New York, a motion picture production and distribution venture, 1968-69.  Secretary, Corporation for Public Broadcasting, New York and Washington, 1970-71.

Familiar, through legal work and other experience, with a variety of fields of business and government activity, including federal congressional and administrative structure and procedures; international treaty negotiation; military,

-1-

intelligence, and diplomatic affairs; banking; insurance;
marketing, advertising, and public relations; health care;
retail distribution; broadcasting, both commercial and non-
commercial; publishing; motion pictures; and others.

Member, American Law Institute; Washington Institute
of Foreign Affairs; various bar organizations.  Former member,
American Law Institute special advisory groups on Complex
Litigation and on The Law Applicable to Lawyers; American Bar
Association Senior Lawyers Division, Committee on Second
Careers; Committees on International Arms Control and Security
Affairs, on Military Affairs and Justice, and on International
Law (chairman of its Subcommittee on Arms Control),
Association of the Bar of the City of New York; Committee on
Revision of the D.C. Code, Bar Association of the District of
Columbia; Special Committee on the Federal Rules of Civil
Procedure, American Bar Association.  Member, Metropolitan
Club, Washington.

Member, 1988-2001, of the Advisory Board of
MHQ, The Quarterly Journal of Military History.  Author
of The Deceivers:  Allied Military Deception in the
Second World War (Scribners, 2004), and of various
articles, book reviews, and other pieces published in
MHQ, the New York Times, Virginia Quarterly Review, the
Baker Street Journal, and elsewhere.

Awarded Decoration for Distinguished Civilian
Service, U.S. Army; First Class Honors in Jurisprudence,
Oxford University; Rhodes Scholar, Oxford University; listed
in Who's Who in America, Who's Who in the World, and (until
retirement from Breed, Abbott) in Who's Who in American Law.

-xxx-

1/4/11