IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELOUISE PEPION COBELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action |
| v. | ) | No. l:96 CV 01285 (TFH) |
| | ) | |
| KEN SALAZAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

AFFIDAVIT OF DENNIS M. GINGOLD
VERIFYING TIME AND CURRENT HOURLY RATE OF GEOFFREY REMPEL

1.   My name is Dennis M. Gingold.  I am a member of the Bar of this Court and lead

counsel for    plaintiffs in this action.  I make this affidavit in support of the fees and

expenses of Geoffrey Rempel, a Certified Public Accountant who has acted as

chief operating officer of the Cobell litigation team for more than ten years.

2.    Mr. Rempel would have prepared and executed an affidavit; however, because

of unexpected health issues that preclude him from doing so, I do so based on my

actual knowledge of the time he has spent and work he as done in this case for

more than fourteen years, including three and one-half years as a litigation support

CPA at PriceWaterhouseCoopers L.L.P. In preparation for the drafting of this

affidavit, I reviewed the *Agreement on Attorneys' Fees, Expenses and Costs*,

executed by the parties on December 7, 2009. Paragraph 4.c. provides that

"Plaintiffs shall file statements regarding Class Counsel's billing rates, as well as contemporaneous, where available, and complete daily time, expense, and cost records supporting this motion."

### Record Keeping

3.    In discussions with Mr. Rempel, my review of his time entries, and my knowledge of his business practices, he maintains time records in an electronic spreadsheet file that is dedicated solely to recording and tracking his Cobell time.  His time is included in Class Counsel's Combined Time Records that are submitted to this Court in support of the Class Counsel fee petition.  The entries reflect the day a particular task or service was rendered; a description of that task or service and the amount of time incurred.  He maintains these records in tenths of an hour and no task covers time for more than one day.

4.    He has been precise and diligent in recording his time in this case and his records state the actual time he expended on a particular task. He did not include non-productive, wasteful or duplicative time.

5.    The time spent on telephone calls, telephone conference calls and meeting with other attorneys was not synchronized or orchestrated.  Differences in recorded time among team members may reflect differences in the time of participation on calls or meetings, time spent preparing for a meeting or call, or time spent compiling my notes or other information following a meeting or call.

6.    To the extent Mr. Rempel incurred time that may be considered clerical or administrative in nature, that time is either *de minimis* and immaterial to this fee application or incidental to his role as chief operating officer of the litigation team.

### Billing Rate

7.      His billing rate is $450.00 per hour.  This rate is consistent with the current market conditions in the Washington, D.C. area for litigation professionals with his experience who are involved in complex litigation, and his unique knowledge and skills that are brought to this case.  The rate does not reflect his importance and tangible value to the success of this litigation, which are far in excess of his hourly rate.  Mr. Rempel is irreplaceable.

8.      Litigation professionals with similar experience and qualifications in the Washington D.C. market, including but not limited to CRA International, Inc. ("CRA"), were engaged by plaintiffs at an hourly rate of $450.00 per hour in 2008. Attachment 1 (*see e.g.*, Breslin engaged at $450.00 per hour).

9.      PricewaterhouseCoopers, L.L.P., a major litigation consulting practice in the Washington D.C. area, expressly confirmed the reasonableness of Mr. Rempel's billing rate and explained to me that it is reasonable and consistent with the rate of similarly experienced PWC professionals who are engaged in its litigation support practice.

***Tasks***

10.    Mr. Rempel's "contemporaneous . . . and complete daily time" records, along with a summary schedule, are attached as Attachment 2.  In addition to his work as chief operating officer, the majority of his time in this case has consisted of the following tasks: drafting and editing papers that were filed in the docket; reviewing and analyzing papers filed by defendants in this case; reviewing and analyzing defendants' discovery; conducting financial and technical research; advising and consulting with Ms. Cobell and Class Counsel in all matters related to the

prosecution of this case.  His work is routinely first rate and through December 7,

2009, Mr. Rempel has recorded 20,399.72 hours on the case since he joined the

litigation team from PWC in early 2000.


I declare under penalty of perjury that the foregoing is true and correct.  Executed

on January 25, 2011.

*/s/ Dennis M. Gingold*

_____

DENNIS M. GINGOLD