IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL, et al.,                )
                                               )
            Plaintiffs,                        )
                                               )   Civil Action
v.                                             )   No. I:96 CV 01285 TFH
                                               )
KEN SALAZAR, et al.,                           )
                                               )
            Defendants.                        )
                                               )
                                               )
_____         )

## AFFIDAVIT OF JAMES LOUIS LAROSE

1. My name is James Louis LaRose. This affidavit is filed in support of plaintiffs' petition for incentive awards, including expenses and costs. I am an enrolled member of the Winnebago Tribe of Nebraska. I am also a named plaintiff in this case since it was filed on June 10, 1996.

2. I am a leader in the Winnebago Tribe and have served as tribal councilman and tribal chairman during various periods beginning in 1971. Beginning 1992, I had also served as the intergovernmental liaison specialist of the Winnebago Tribe of Nebraska. I was also the director of the Winnebago Bison Project, a tribal program to foster and restore a sustainable buffalo herd on the Winnebago Reservation.

3. I am also a recognized leader in Indian affairs. I am a past board member and chairman of the Nebraska Indian Inter-Tribal Development Corporation, a consortium of Nebraska Indian

tribes dedicated to facilitating individual and tribal economic self-sufficiency. I am also the former chairman of the Nebraska Indian Commission. Beginning in 1971, I served as a board member of Americans for Indian Opportunity, and continue in that role today. In the 1970s I led the organizational effort which culminated in the establishment of Nebraska Indian Community College and served as chief administrator in the formative years. I am also a past vice-chairman of the American Indian Higher Education Consortium, the national association of the twenty-eight tribal colleges in the United States.

4. I have been active at certain times during this litigation, including regular briefings with counsel at which time I participated in decisions on key litigation issues. I also attended several hearings in Washington, D.C. and settlement negotiations. Since the filing of this case, I have received periodic updates on litigation and settlement status from Class Counsel, as appropriate (major decisions or critical points in the case). I have also been deposed by the government.

5. I have worked with Class Counsel on discrete tasks, including attending meetings in Indian Country and reaching out to regional media to help outreach to beneficiaries.

6. Since settlement was announced and the political process started, I played an important role with members of the Nebraska congressional delegation, contacting the delegates and requesting their support. When each critical vote occurred, I contacted the Nebraska delegation and the Winnebago tribal offices to urge their support with our representatives.

7. As discussed, above, I have held various leadership positions with my tribe going back almost 40 years. I believe this is strong evidence that I am well regarded as a tribal leader by members of the Winnebago Tribe. I place significant value on my reputation as a tribal

leader and have an unblemished reputation serving my tribe. However, I have also recognized that my position as a named plaintiff and representative of over 500,000 individual Indian trust beneficiaries was paramount and that could lead members of my tribe to question my loyalty, or worse. Thus, I knew that I placed my reputation at risk by being a named plaintiff, which became apparent at the beginning of this case and when settlement was announced.

8. Shortly after this case was filed, the Winnebago Tribal Council had problems with the case and came out with various objections to a discovery order entered by the Court in this case, refusing to send the requested documents. I understand that Judge Lamberth expressed significant frustration with the tribe in open court and mentioned the possibility of sending federal marshals with "guns" if the tribe continued to refuse to produce the records. It was during this time that I played a vital role working with Class Counsel by negotiating a resolution with the Winnebago Tribal Council. I met with the Tribal Council and individual members of the Tribe to explain the role of the judge in this case and that the discovery order was from the district court in Washington, D.C., not the Bureau of Indian Affairs, an agency of the government the Tribe does not trust. I believe my actions directly led to a favorable outcome and prevented further escalation of a tense situation.

9. My leadership position with the tribe was important and helped resolve that situation, and I believe that my position as a named plaintiff and leader in the community is a significant reason why the Winnebago Tribe now supports this case. At first, the Tribe did not understand my role as a named plaintiff or what the case was about. I had to explain everything in detail and because of my Tribe's distrust of the government, particularly the

Bureau of Indian Affairs, my reputational interests were at risk and then-adverse to the tribe. I have no doubt that these interests could have been significantly and irreparably impaired if the Court had been compelled to take additional steps to enforce its order.

10. I have also been subjected to threats from Lakota elders regarding the settlement of this case. In April 2010, I received a certified letter, captioned a "National Treason Letter" suggesting that I am engaged in "seditious conspiracy" against the government, rejecting the settlement and threatening me that if I disclosed the letter that I would assume the "responsibilities and consequences of any and all actions, injury [or] damage . . . resulting from such disclosure." Exhibit 1. I live a relatively short driving distance from this group, and I take this threat seriously. This has resulted in significant stress for me and my family.

I declare under penalty of perjury that the foregoing is true and correct

Executed on January 18, 2011

_____
James Louis LaRose