IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>KEN SALAZAR, Secretary of the Interior, )<br>    et al., )<br>)<br>    Defendants. )<br>_____) | Case No. 1:96cv01285(TFH) |

## DEFENDANTS' OPPOSITION TO HARVEST INSTITUTE FREEDMEN'S MOTION TO INTERVENE

Defendants respectfully oppose the Motion to Intervene on Behalf of the Putative Class Represented by the Harvest Institute Freedmen Federation, LLC, Leatrice Tanner-Brown and William Warrior, et. al. (Feb. 3, 2011) [Docket No. 3684] ("Motion").[1] The movants (together "HIFF") state no grounds justifying permissive intervention, nor can they. Additionally, because HIFF seeks intervention to litigate issues and claims already decided adversely in other courts, the doctrines of collateral estoppel and res judicata bar it from re-litigating those same issues and claims before this Court.

    <u>HIFF Presents the Court With No Grounds Supporting Permissive Intervention</u>

HIFF seeks permissive intervention under FED. R. CIV. P. 24(b)(1)(B), which permits intervention by a putative party having "a claim or defense that shares with the main action a common question of law or fact." "At a minimum, the putative intervenor must present the Court with: '(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and

---

[1] Contrary to Local Civil Rule 7(m), counsel for HIFF did not confer with Defendants' counsel before filing HIFF's motion.

(3) a claim or defense that has a question of law or fact in common with the main action.'" Aristotle Int'l, Inc. v. NGP Software, Inc., 714 F.Supp.2d 1, 18 (D.D.C. 2010) (TFH) (quoting EEOC v. Nat'l Children's Cir., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998)).  Additionally, "the Court must 'consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" Id. (quoting FED. R. CIV. P. 24(b)(3)).  In exercising its discretion, "the Court may also consider such factors as the nature and extent of the applicant's interests, 'the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal question presented.'" Id. (citations omitted).

Nowhere in its scant, six-line Motion does HIFF acknowledge any of these factors, much less address them.  In its Objection, filed as its Exhibit 1, HIFF presents a long list of grievances and a short list of Cobell holdings, but never discusses why the law permits it to intervene.  Indeed, HIFF misunderstands the posture of this case, "seeking to prevent the United States from entering into a settlement;"[2] the United States has already executed and the Court has already approved preliminarily the settlement.  Nor does HIFF even allege any membership in the certified classes.

Even if it tried, HIFF could not establish grounds to intervene.  HIFF lacks the jurisdictional prerequisite of standing, as no relationship exists between the Cobell settlement and HIFF's claims.  The settlement in Cobell will resolve accounting claims related to IIM

---

[2] Objection of the Putative Class Represented by the Harvest Institute Freedmen Federation, LLC, Leatrice Tanner-Brown and William Warrior, et. al., to Settlement Agreement and Notice of Intention to Appear at Fairness Hearing (Feb. 3, 2011) [Docket No. 3684-1] ("Objection") at 10.  On February 14, 2011, HIFF again filed its Objection with this Court, in identical form with the identical exhibits.  Docket No. 3686.

accounts and allegations of asset mismanagement by Interior, whereas HIFF seeks redress because the government allegedly failed to enforce treaties. Objection at 2-5. With no standing, HIFF cannot demonstrate an independent ground required for subject matter jurisdiction. Aristotle Int'l., 714 F.Supp.2d at 18.

To be covered by the settlement, individual Indians are required to have had an active IIM account, or to have had a recorded or demonstrable ownership interest in land held in trust or restricted status, during prescribed periods of time. HIFF does not, and cannot, argue that it has either. Thus, the two groups do not share common questions of law and fact, FED. R. CIV. P. 24(b)(1)(B); Aristotle Int'l., 714 F.Supp.2d at 18.[3]

Nor is HIFF's motion timely. Aristotle Int'l., 714 F.Supp.2d at 18. Fourteen years into this litigation, HIFF just now raises its allegations - stemming from Civil War era actions - and seeks to derail the Cobell settlement as the case draws to a conclusion.

And HIFF's intervention would be futile in any event because, as explained below, previous court decisions bar HIFF's claims. See In re Fine Paper Antitrust Litig., 695 F.2d 494, 501 (3d Cir. 1982) ("[I]t would be futile to allow intervention in order to present grounds on appeal which we have already rejected."); Am. White Cross, Inc. v. Orentzel, 269 B.R. 555, 559; 560 (D.Del. 2001) (bankruptcy court correctly denied motion to intervene as futile); EEOC v. Century I, L.C., 142 F.R.D. 494, 496 (D.Kan. 1992) (allowing putative party to add claims via motion to intervene "would be futile, as those claims could not withstand a motion to dismiss . . . .")

---

[3] Moreover, the settlement agreement does not create any "rights in, or . . . grant remedies to . . . any third party as a beneficiary" of the agreement. Settlement Agreement at 52, para. 5.

Finally, given the thousands of docket entries and the contentious history of this fourteen year old litigation, it can only be that HIFF's intervention would "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); Aristotle Int'l., 714 F.Supp.2d at 18.

Collateral Estoppel Bars HIFF's Motion to Intervene

"Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). "Under collateral estoppel, or issue preclusion, '[w]hen a court determines an issue of fact or law that is actually litigated and necessary to its judgment, that conclusion binds the same parties in a subsequent action.'" Williams v. United States, 503 F.Supp.2d 309, 312 (D.D.C. 2007) (TFH) (quoting Sec. Indus. Ass'n v. Bd. Of Governors of Fed. Reserve Syst., 900 F.2d 360, 363 (D.C. Cir., 1990)).

On January 31, 2011, the U.S. District Court for the Southern District of Ohio, in dismissing HIFF's suit to enjoin the Cobell settlement agreement, rejected the very arguments HIFF again raises in its Motion and Objection here. Harvest Institute Freedmen Federation, LLC, et al. v. United States, No. 2:10-CV-1131 (Jan 31, 2011) [Docket No. 17] (copy attached as Exhibit 1), notice of appeal filed [Docket No. 19]. Though filed as a complaint in Ohio, HIFF, as it does here, "attempt[ed] to challenge this law [authorizing and funding the Cobell settlement agreement] and [sought] to prevent its implementation. [The HIFF] [p]laintiffs allege that the portion of the Act approving the *Cobell* settlement is unconstitutional because it perpetuates racial discrimination against the Freedmen." Id. at 3. Despite the Ohio court having explicitly

rejected its challenge to the Cobell settlement, id. at 5-6, HIFF filed its motion to intervene in this Court three days later, once again for the purpose of challenging the Cobell settlement. Motion at 1; Objection passim. With the Ohio court having already decided these same issues with regard to these parties, collateral estoppel bars HIFF from intervening in Cobell.

Res Judicata Bars HIFF's Motion to Intervene

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor, 553 U.S. at 892 (citation omitted).

> "'Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'"

Porter v. Shah, 606 F.3d 809, 813-814 (D.C. Cir. 2010) (citations omitted).

Res judicata bars HIFF's motion to intervene in Cobell because in 2008, in yet another and even earlier case in which HIFF raised its same arguments, the Court of Federal Claims entered a final judgment rejecting them. Harvest Institute Freedmen Federation v. United States, 80 Fed. Cl. 197, 201 (2008), aff'd, 324 Fed. App'x 923 (Fed. Cir. 2009), cert. denied, 130 S.Ct. 1147 (2010). Though not referencing Cobell, HIFF sought relief in that case for "an alleged breach of post-Civil War treaties between the United States and the Five Civilized Tribes," id. at 198, the identical issue it raises in its Objection attached to its motion to intervene. Even if this Court were to permit intervention, res judicata would compel a ruling against HIFF, because the Court of Federal Claims ruled on January 15, 2008 that HIFF's "claims are barred by the six-year statute of limitations" and because the "treaties in question do not provide a money-

mandating remedy for their alleged violation." Id.[4]

Conclusion

HIFF has not even addressed the standard for permissive intervention, much less attempted to meet it. Nor could it. Additionally, adverse judgments from other courts on the same issues and claims raise collateral estoppel and res judicata, which bar HIFF from intervening in this case.

Dated: February 15, 2011                  Respectfully submitted,

                                                     TONY WEST
                                                     Assistant Attorney General

                                                     MICHAEL F. HERTZ
                                                     Deputy Assistant Attorney General

                                                     J. CHRISTOPHER KOHN
                                                     Director

                                                     _/s/ Robert E. Kirschman, Jr._
                                                           ROBERT E. KIRSCHMAN, JR.
                                                     Deputy Director
                                                     (D.C. Bar No. 406635)
                                                     JOHN J. SIEMIETKOWSKI
                                                     Trial Attorney

---

[4] On May 25, 2010, the U.S. District Court for the Southern District of Ohio, in yet another, separate action, dismissed HIFF's complaint, which sought "a decision enjoining the United States Congress from enacting [the Cobell settlement legislation] and declaring the pending legislation unconstitutional." Harvest Institute Freedmen Federation, LLC, et al. v. United States, No. 2:10-CV-449 (May 25, 2010) [Docket No. 10] at 1 (copy attached as Exhibit 2). As in its Objection filed with this Court, HIFF told the Ohio court that the Cobell settlement "is racially discriminatory in violation of the United States Constitution." Id. The court dismissed HIFF's complaint, inter alia, so as to avoid "an impermissible encroachment of the judiciary on the legislative process." Id. at 2-3. In terms of preclusive effect of other judicial decisions, the Ohio court noted that the Court of Federal Claims had rejected "an essential premise of Plaintiffs' action against Defendants in previous litigation." Id. at 3 n.1. HIFF voluntarily dismissed its appeal of the Ohio court's decision. No. 2:10-CV-449 (Aug. 3, 2010) [Docket No. 13].

Commercial Litigation Branch
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 616-0328

CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2011 the foregoing pleading was served by Electronic Case Filing, and on the following who is not registered for Electronic Case Filing, by regular mail:

>Earl Old Person (*Pro se*)
>Blackfeet Tribe
>P.O. Box 850
>Browning, MT 59417
>Fax (406) 338-7530

>/s/ John J. Siemietkowski