IN THE UNITED STATES DISTRICT OF COLUMBIA
FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL, et al. on their :
own behalf of all persons similarly :
situated,                             :        Judge Hogan
                                      :
        PLAINTIFFS,                   :
                                      :
vs.                                   :        Civil Action No. 96-1285 (TH)
                                      :
KEN SALAZAR,                          :
Secretary of the Interior, et al.     :
                                      :
        DEFENDANTS.                   :

**REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO INTERVENE FILED BY PROPOSED INTERVENORS THE HARVEST INSTITUTE FREEDMEN FEDERATION, LLC, ET AL.**

The Opposition to the Motion of Harvest Institute Freedmen Federation, LLC, et al, (hereinafter, "HIFF" or the "Freedmen"), to Intervene entirely misses the point of the motion. The motion to intervene in this action was filed for the sole purpose of objecting to the settlement. The procedural device of a motion under Fed. R. Civ. P. 24 was utilized for the reason there was no other means known to the undersigned of registering an objection to the settlement without first attaining filer status within the Court's electronic filing system. Now that filer status has been attained, HIFF, et al. are in a position to comply with Paragraph 13 of the Order preliminarily approving the settlement which provides in pertinent part:

> 13. ORDERED that a Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or the amount of attorneys' fees and incentive payments for Class Representatives, costs, and expenses, shall file his or her objection(s) with the Court and serve such objection upon the parties within 120 days of the date of this Order. Such objection shall set forth specific reason(s), if any, for the objection, including legal authorities that the Class Member wishes to bring to the Court's attention, evidence that the Class Member wishes to introduce in support of the objection, grounds to support his or her status as a Class

> Member, and whether the Class Member intends to appear at the Fairness Hearing. Class Members may act and appear <u>pro se</u> or through counsel employed at their personal expense. Class Members may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of this Agreement or of the Settlement. It is further…

Docket No. 3667, December 21, 2010 Order.

Under Docket No. 3667, Class members who desire to object to the Settlement "may act and appear pro se or through counsel employed at their personal expense." HIFF, et al. represent class members who desire to object to the settlement. Accordingly, reliance on Fed. R. Civ. P. 24 was a mere procedural mechanism to enable these objectors to lodge their objection. Whether they qualify as intervenors under Rule 24 is secondary to the real underlying issue, the fact that approving this settlement will perpetuate past racial discrimination against the Freedmen and the Freedmen should be made members of the settlement class.

The Opposition's feigned inability to comprehend the basis for the Freedmen objections is both insulting and ironic given the plight of the Cobell Plaintiffs themselves with unlawful discrimination based on race or ethnicity. There is no mystery surrounding the grounds for the Freedmen claims or their entitlement to be made class members. Simply stated, the Individual Indian Money Accounts that are at issue in this action were, according to the United States Court of Appeals for the District of Columbia, Case No. 08-5500, p. 2, "<u>proceeds of various transactions in land allotted to individual Indians under the Dawes Act</u>." (Emphasis added.) The Freedmen here contend that by reason of racism and misfeasance by United States governmental officials and in some unfortunate cases, the Tribes themselves, the Freedmen either did not receive allotments or despite having received allotments, the land was taken from them in violation of the trust restrictions applicable to it. In point of fact, Exhibit C to the HIFF/Freedman objection,

Exhibit A here, is documentary proof related to George Curls, Sr., the grandfather of HIFF Objector Leatrice Tanner-Brown. These documents established that George Curls, Sr. is listed on the rolls of the Cherokee Freedmen. George Curls, Sr. received an allotment under the Dawes Act. Despite having received an allotment, Mr. Curls, an uneducated former slave, had his land taken in violation of restrictions against alienation and despite being on the Cherokee Freedmen rolls, never received an Individual Indian Money Account as was his right under the 1866 Treaty, given that he was to receive the same treatment as members of the Cherokee Tribe.

This entitlement to civic parity was recently reaffirmed by the District Court of the Cherokee Nation. See, Exhibit B.

The facts concerning Leatrice Tanner-Brown are representative of all individual Freedmen descendants who comprise the HIFF. These individuals object to the settlement here for the reason their ancestors, in many instances slaves, did not receive or were swindled out of allotments resulting in the failure to have Individual Indian Money Accounts established. To the extent that members of the Five Civilized Tribes, persons who took up arms against the United States, received allotments and proceeds from tribal lands which led to the creation of Individual Indian Money Accounts, are now the recipients of governmental efforts to correct historic injustices against them, it is inequitable as well as racially discriminatory to deny equal protection and treatment to the descendants of their slaves who were actually harmed worse than these former Confederate Individual Indian Money Account holders. The Freedmen have been discriminated against by both the Five Civilized Tribes and the United States. The settlement perpetuates this discrimination by only correcting the injustice to the Five Civilized Tribes.

The tone of the Opposition in light of this historic reality is quite disappointing. Anyone familiar with history of the Freedmen is aware of the despicable treatment they have received. Approving this settlement in its current form will once again constitute another betrayal by the United States of the interests of loyal Black Americans in order to satisfy the avarice of persons such as the drafters of the Opposition.

The claim that the Freedmen have received their day in court is absurd. Every court that has addressed the plight of the Freedmen has sidestepped the issue on threshold grounds, i.e. statute of limitations. No court has explained how the Five Civilized Tribes are entitled to trust beneficiary status, but not their slaves who were promised civic parity. The objection is nothing but another illogical racially suspect argument.

The HIFF respectfully objects to the Settlement and requests the opportunity to appear in opposition to the settlement at the Fairness Hearing.[1]

*s/Percy Squire, Esq.*
Percy Squire, Esq. (0022010)
PERCY SQUIRE CO., LLC
514 South High St.
Columbus, Ohio 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Attorney for Putative Class
Of Freedmen Objectors

---

[1] See, Angie Deboe "And Still Waters Run – Betrayal of the Five Civilized Tribes" (1972) Princeton University Press – also detailing how Freedmen were kept off of the Dawes Rolls and swindled out their right to allotments. – "A crushing analysis of the corruption moral depravity and criminal activity that underlay white administration and execution of the allotment policy." The Opposition takes up where the former administration left off.

4

## **CERTIFICATE OF SERVICE**

Plaintiff certifies that a copy of the foregoing was served upon counsel of record, February 15, 2011, via the Court's EFC system.

*s/Percy Squire, Esq.*
Percy Squire, Esq. (0022010)

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.