IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:96cv01285(TFH) |
| ) | |
| KEN SALAZAR, Secretary of the Interior, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' RESPONSE TO ATTORNEY MARK KESTER BROWN'S MOTION FOR ATTORNEY'S FEES AND HIS OBJECTION TO PLAINTIFFS' PETITION FOR CLASS COUNSEL'S FEES, EXPENSES, AND COSTS THROUGH SETTLEMENT**

**INTRODUCTION**

In his motion for attorney fees [Dkt. 3699], Mark Kester Brown asks the Court "for an order awarding him the sum of $5,517,431.37 in attorneys' fees and for an order subtracting $5,517,431.37 from any judgment entered against the Defendants as part of the parties' December 7, 2009, Settlement." Mot. at 1. His supporting memorandum, however, urges a materially different result. It "request[s] the Court award attorneys fees in the amount of $5,517,431.37 to *be deducted against any award made to Plaintiffs' counsel* through their Petition for Class Counsel's Fees, Expenses, and Costs Through Settlement." Mot. at 9 (emphasis added). Brown is not entitled to seek a share of the settlement funds. At most, he may be heard on whether he should receive a share of whatever attorney fees are awarded to class counsel. His claim, if considered by the Court, is necessarily limited to resolving whether class counsel should be ordered to divide the fee award with Brown, and if so, in what amount. To the

extent Brown's motion or objection asserts anything other than a derivative interest in an award of attorney fees granted to class counsel, his claim must fail.

Brown's motion is not a fee petition but a request to resolve an intramural dispute among plaintiffs' attorneys over the *division* of the fees that the Court will eventually award. Both the Settlement Agreement and controlling law preclude Brown from claiming a separate, individual share of the settlement funds payable to the classes. Rather, Brown's dispute is in the nature of a quantum meruit claim against the fees to be awarded to his co-counsel, for it does not affect any material issue relating to the proposed class action settlement.

To the extent the Court considers the merits of Brown's derivative claim, defendants note that Brown's fee request contains a number of errors. These errors are described in the second part of defendants' response.

**ARGUMENT**

**I.     To the Extent Brown's Motion and Objection Seek to Recover Any Fees Directly From Class Members, His Claims Are Improper and Untimely**

In his motion, Brown repeatedly acknowledges that Dennis Gingold serves as "lead counsel" for plaintiffs in this case. Mot. at 4, 8; Brown Decl. ¶¶ 2 & 51. Nowhere does Brown contend that the Settlement Agreement entered between plaintiffs and defendants, and signed by lead counsel Gingold, is unenforceable or not binding on the parties and their counsel. The terms of the Settlement Agreement foreclose any assertion by Brown that he is entitled to a separate award of attorney fees out of the settlement funds payable to class members, and in his memorandum at least, Brown recognizes this fact.

The settlement prescribes the manner in which attorney fees would be sought and litigated. Agreement on Attorneys' Fees, Expenses, and Costs (Dec. 7, 2009) (Ex. 1) (Fee Agreement). That agreement provides that, "[u]nless otherwise ordered by the Court, Plaintiffs' memorandum of points and authorities in support of such claim [for a fee award] shall not exceed 25 pages and shall be filed no later than thirty (30) days following Preliminary Approval." Fee Agreement § 4.a. The Court adopted this briefing schedule when it issued its order granting preliminary approval to the settlement. Order on Joint Motion for Preliminary Approval of Settlement Agreement at 2 (Dec. 21, 2010) (requiring the fee petition be filed "no later than 30 days after the date of this Order") [3667]. Thereafter, plaintiffs timely filed a full 25-page memorandum in support of their request for an award of attorney fees, expenses, and costs on January 25, 2011 (after obtaining a brief extension of the 30-day period). See Plaintiffs' Petition for Class Counsel Fees, Expenses and Costs Through Settlement (Jan. 25, 2011) [Dkt. 3678]. In Defendants' Response and Objections to Plaintiffs' Petition for Class Counsel Fees, Expenses and Costs Through Settlement (Feb. 24, 2011) [Dkt. 3694], which is incorporated by reference, the government demonstrated that an award of attorney fees, costs, and expenses of $50 million would be ample consideration, would comply with both controlling law and the settlement agreement, and would be fair and reasonable to class members. Brown's submission cannot and does not alter that conclusion.

The Fee Agreement authorizes no other award of fees, costs, or expenses. It expressly states, for example, that "[p]laintiffs shall file no further claim against Defendants for attorneys' fees or expenses pursuant to the Equal Access to Justice Act [EAJA], 28 U.S.C. § 2412 or costs

pursuant to 28 U.S.C. § 1920." Settlement Agreement § J.8. Brown's submission cannot, therefore, stand as an independent request for a fee award.

Brown acknowledges that Swedish Hospital Corp. v. Shalala, 1 F.3d 1261, 1271 (D.C. Cir. 1993), applies to the determination of the attorney fee award in this case, but his motion does not satisfy the standard set by that case. Mot. at 4. Swedish Hospital holds that the percentage-of-the-common-fund method is the mechanism for awarding attorneys' fees in common fund cases.[1] Moreover, Swedish Hospital expressly approves "basing the fee calculation only on that part of the fund for which counsel was responsible." Id. at 1272. Brown does not attempt to demonstrate that he is responsible for any specific funds secured for class members. Instead, he presents a log of hours that he allegedly spent on the case and seeks to be compensated for his time. Under Swedish Hospital, Brown's motion does not and cannot serve as a justification for an award of any attorney fees above whatever is demonstrated by plaintiffs' fee petition.

Brown's fee claim, therefore, is entirely derivative and subsidiary to whatever fee award the Court decides to grant to class counsel. The Court may only consider Brown's submission as an aid to determining what, if any, compensation Brown should receive from class counsel for Brown's work on the case. Brown does not appear to base his fee claim upon the retention letters that he submitted under seal, nor does he assert that a contract exists for fee sharing between any

---

[1] Brown's citation to cases that employed a lodestar (Mot. at 5) does not alter the analysis. His cited authority involved fees petitions made as part of discovery sanctions or pursuant to statute, where a lodestar is required. See, e.g., Covad Communs. Co. v. Revonet, Inc., 267 F.R.D. 14 (D.D.C. 2010) (motion to compel); Woodland v. Viacom, Incr, 255 F.R.D. 278, 280 (D.D.C. 2008) (same); Miller v. Holzmann, 575 F. Supp. 2d 2 (D.D.C. 2008) (*qui tam* recovery); Covington v. District of Columbia, 839 F. Supp. 894, 902 (D.D.C. 1993) (civil rights claim); Hirschey v. FERC, 777 F.2d 11 5 (D.C. Cir. 1985) (EAJA petition).

of plaintiffs' attorneys and him. Thus, it appears Brown's request is in the nature of a quantum meruit claim. See, e.g., Watkins v. Sedberry, 261 U.S. 571, 575-76 (1923) (allowing recovery of reasonable attorney fees on quantum meruit basis when engagement agreement held invalid). Courts in similar circumstances have used quantum meruit to compensate former co-counsel out of a fee award payable to class counsel. See Allapattah Servs., Inc. v. Exxon Corp., 454 F. Supp. 2d 1185, 1228, 1240 (S.D. Fla. 2006) (recognizing quantum meruit claim and deducting billable co-counsel time from class counsel percentage-of-the-fund award to pay former counsel).

The Court may consider whether Brown should receive some payment for his services from class counsel, but that analysis may not affect the size of the attorney fee award that class members must pay.

II.     **Brown's Fee Claim Contains Errors and Inconsistencies**

To the extent the Court desires to address how much money Brown should be paid for his work, it should be aware of some errors evident in his submission. First, Brown gives inconsistent figures for the total dollar amount he is owed. In his motion, he claims he should be paid $5,517,431.37. Mot. at 1. Brown's supporting declaration, however, does not appear to support such an award. At paragraph 30 of his declaration, Brown asserts that he has $5,455,702.75 in billed time, and he provides a fee table calculated by year, employing different hourly rates each year – some lower ($468) and others much higher (e.g., $645) than the $475 discussed in his motion. Brown Decl. ¶ 30. He tallies up his hours by year and applies his claimed hourly rates, but that calculation yields a smaller total of $5,312,088. Id. (Table, row 8). He then deducts $200,575 in fees that were previously paid by defendants, including $79,948

awarded by the Court as part of the EAJA fee award in connection with the first phase of the litigation. After this credit, his table shows a remaining unpaid balance of $5,111,513, which is nearly $406,000 less than what he claims in his motion. See id. (Table, row 14). He does not explain the difference between his claimed amount and the figures asserted in his declaration.

      Second, Brown's demand appears to include fees that defendants already paid to plaintiffs in 2007, in connection with two discovery sanctions motions from several years earlier. See Order (June 5, 2007) [Dkt. 3338]. Brown avers that he was told by class counsel that Elouise Cobell was holding his share of the 2007 fee award. See Brown Decl. ¶ 50. It does not appear that these paid fees have been deducted from Brown's claim here.[2] If he has not received those fees, his claim is against those who are withholding it. He should not be paid twice.

      Third, Brown calculates his fee request based on his time logs and an hourly fee using the Laffey Matrix. In his motion, he uses the same billable rate ($475 per hour) for all hours that he logged on the case; in his declaration, he uses a rising scale of rates by year. Compare Mot. at 6 with Brown Decl. ¶ 30. In his declaration, at least, Brown deducts previous fee awards that he received. So, his motion states figures that appear to ignore his previous compensation altogether, while the calculation in his declaration ignores the fact that in previous fee awards, this Court has determined and applied the appropriate billable rate. Brown is not at liberty to disregard his previous compensation; he must deduct those prior payments. But he cannot alter the Court's determination of the proper fee by merely applying a new rate to his hours and then

---

    [2]   Brown's motion does not identify the exact dollar amount of fees withheld from him, but the fee calculation table in his declaration makes no deduction for the 2007 fee award. Brown Decl. ¶ 30.

crediting back the earlier amount he was awarded. For example, in the EAJA fee petition decision, the Court awarded $79,947.77 for Brown's work, after adopting annual billable rates ranging from $315 to $390 per hour. <u>Cobell v. Norton</u>, 407 F. Supp. 2d 140, 171 (D.D.C. 2005). Brown may not re-bill that time at $475 per hour, or any different rate, than the Court approved.

Fourth, it is not clear that Brown has adjusted his time logs to remove billable hours that the Court previously rejected as excessive or otherwise improper. For example, in the Court's most recent fee award decision in June 2007, the Court stated, "the government specifically objects only to plaintiffs' inclusion of $11,376.88 for certain specified time entries by Messrs. Brown and Rempel. That objection is sustained. . . ." Order at 2 (June 5, 2007) [Dkt. 3338]. To the extent Brown continues to include any time that the Court has rejected – such as that denied in 2007 –  his time computation is overstated and must be reduced.

These apparent errors should be corrected before the Court decides whether Brown deserves any further compensation.

## **CONCLUSION**

For the foregoing reasons, Brown's motion should be denied to the extent it seeks to extract any payment from the settlement funds beyond what the Court concludes is a reasonable award to class counsel. Whatever that conclusion may be, Brown's compensation, if any, must come from a share of that fee award to class counsel, not from any class members or defendants.

Dated: March 31, 2011                       Respectfully submitted,

                                            TONY WEST
                                            Assistant Attorney General

                                            MICHAEL F. HERTZ
                                            Deputy Assistant Attorney General

                                            J. CHRISTOPHER KOHN
                                            Director

                                             */s/ Robert E. Kirschman, Jr.*
                                            ROBERT E. KIRSCHMAN, JR.
                                            Deputy Director
                                            (D.C. Bar No. 406635)
                                            JOHN T. STEMPLEWICZ
                                            Special Litigation Counsel
                                            GLENN D. GILLETT
                                            JOHN R. KRESSE
                                            MICHAEL J. QUINN
                                            PHILLIP SELIGMAN
                                            JOHN J. SIEMIETKOWSKI
                                            Trial Attorneys
                                            Commercial Litigation Branch
                                            Civil Division
                                            P.O. Box 875, Ben Franklin Station
                                            Washington, D.C. 20044-0875
                                            Telephone: (202) 616-0328

## CERTIFICATE OF SERVICE

I hereby certify that, on March 31, 2011 the foregoing *Defendants' Response to Attorney Mark Kester Brown's Motion for Attorney's Fees and His Objection to Plaintiffs' Petition for Class Counsel's Fees, Expenses, And Costs Through Settlement* was served by Electronic Case Filing, and on the following who is not registered for Electronic Case Filing, by facsimile on:

Earl Old Person (*Pro se*)
Blackfeet Tribe
P.O. Box 850
Browning, MT 59417
Fax (406) 338-7530

/s/ *Robert E. Kirschman*
Robert E. Kirschman