**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ELOUISE PEPION COBELL, et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | No. 1:96CV01285(TFH) |
| **KEN SALAZAR, Secretary of the Interior, et al.,** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**ORDER ON JOINT MOTION FOR FINAL APPROVAL OF
SETTLEMENT, MOTION FOR APPROVAL OF CLASS REPRESENTATIVES'
INCENTIVE AWARDS AND EXPENSES, AND PETITION FOR AN AWARD OF
ATTORNEYS' FEES AND EXPENSES OF CLASS COUNSEL**

WHEREAS, the Court entered an order preliminarily approving the Settlement Agreement on December 21, 2010, and held a Final Approval Hearing on June 20, 2011; and the Court having heard and considered all submissions in connection with the proposed Settlement and the files and record of these proceedings, including the objections submitted, responses thereto, the Parties' Joint Motion for Final Approval of Settlement, Plaintiffs' Motion for Approval of Class Representatives' Incentive Awards and Expenses, and Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses of Class Counsel, as well as the arguments of counsel;

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Settlement was agreed to only after extensive factual investigation of the Parties' respective positions and significant and protracted litigation for more than a decade. The

Settlement resulted from vigorous arms-length negotiations, undertaken in good faith by counsel with significant experience in complex litigation including class actions.

2.      Reasonable and adequate notice was provided to all class members pursuant to the parties' notice plan, which was approved by this Court by Order entered December 21, 2010.

3.      Congress, exercising plenary authority, regarding relations between the United States and Native Americans, passed legislation clearly intending to resolve this litigation via the Settlement reached by the Parties, currently before the Court.  Accordingly, the Settlement warrants final approval.

4.      The Settlement is fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure as modified by the Claims Resolution Act of 2010 and the Court has determined that the settlement satisfies all Constitutional due process requirements as it relates to absent class members.

5.      The Motion for Final Approval of Settlement is granted, and the Settlement Agreement is hereby approved.

6.      The persons listed in Attachment A to this order timely and validly requested exclusion from the Trust Administration Class in this Settlement. These individuals are hereby excluded from the Trust Administration Class, and are not otherwise bound by this Order.

7.      Plaintiffs' Motion for Approval of Class Representatives' Incentive Awards and Expenses is granted.

    a.      The incentive fee awards for the Class Representatives is approved in the following amounts:

    Elouise Cobell:                              _____

    James Louis LaRose:                    _____

    Penny Cleghorn:                                  _____

    Thomas Maulson:                              _____

    b.    The costs and expenses of the Class Representatives are approved. The costs and expenses shall be reimbursed in the amount of $ _____ and shall be paid to Blackfeet Reservation Development Fund.

8.    Plaintiffs' Motion for Award of Attorneys' Fees and Expenses of Class Counsel is granted. An award of attorneys' fees and expenses in the amount of $_____ shall be paid to Class Counsel in accordance with Section J of the Settlement Agreement.

    SO ORDERED.

_____

Thomas F. Hogan
United States District Judge