**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
**ELOUISE PEPION COBELL, et al.,**            )
                                                )
                              **Plaintiffs,**   )
            **v.**                             )          **No. 1:96CV01285(TFH)**
                                                )
**KEN SALAZAR, Secretary of**                  )
**the Interior, et al.,**                      )
                                                )
                              **Defendants.**   )
_____)


**PLAINTIFFS' RESPONSE TO ORDER REGARDING
ORGANIZATION OF FAIRNESS HEARING**

Pursuant to this Court's order of May 17, 2011, plaintiffs hereby submit their

recommendations for the organization of the Fairness Hearing, which is set for June 20, 2011.

Plaintiffs' suggestions are intended to achieve the dual objective of providing class members

who have standing a fair opportunity to be heard and providing this Court with the necessary

information to determine whether the proposed Settlement is fair, reasonable, and adequate.

Plaintiffs further believe that these recommendations would provide a smooth and efficient

process, avoid wasting precious resources of this Court, and ensure the proper decorum.

Plaintiffs respectfully urge the Court to detail to the extent feasible the schedule for the

Fairness Hearing in an order so that Class Members can be fully prepared for this proceeding.

Further, we respectfully suggest that it would be helpful to decide all pending interventions and

requests to be heard as soon as practicable.  That way, those who this Court determines may not

appear because they lack standing (*e.g.*, as plaintiffs suggest *infra* the Quapaw Tribe should not

be allowed to appear because it lacks standing) will not incur the expense of travelling to

Washington, D.C. for the hearing.  Parenthetically, we hereby advise the Court that Plaintiffs plan on posting on our settlement website the scheduling order this Court enters so that Class Members are fairly informed about the hearing and its procedures.

I.     **Suggested Order and Time Limitations for Arguments**

Plaintiffs propose the following schedule for the Fairness Hearing:

A.     Plaintiffs' Opening Statement in Support of Motion for Final Approval – up to 15 minutes

B.     Defendants' Opening Statement in Support of Motion for Final Approval – up to 15 minutes

C.     Statements of Objectors or their counsel (organized alphabetically by first name) – up to 5 minutes for each objector or counsel.  Objectors who have opted out of the Trust Administration Class and are therefore not entitled to lodge objections regarding that part of the settlement are shown with an asterisk:

1.     Objector 1 - (Aldine Farrier)

2.     Objector 7  - (Ben Carnes)

3.     Objectors 9 and 22 -  (Carol and Darwin Good Bear)*[1]

4.     Objector 12  - (Celestia Fast Horse Two Eagles)*

5.     Objector  14 - (Charles Colombe)*

6.     Objectors 20, 26, and 82  - (Darlene Pipeboy, Dorothea Wilson and Solomon Quinn)*[2]

7.     Objector 28  - (Eddie Jacobs)*

8.     Objectors 37, 54 and 58  - (Feron J. Thunder Hawk, Laura Begay and Louise Joe Marie Murphy, all represented by Alan H. Yamamoto)

9.     Objector 42  - (Jason Nathanael Corwin)

---

[1] Plaintiffs have treated this as one objection as the objections are identical.
[2] Plaintiffs have consolidated these three objectors. They identify themselves as residents of the Lake Traverse Reservation and make identical objections.

10.      Objector 49  - (Judith A. (Heart Warrior) Chosa)

11.      Objector 52  - (Kimberly Craven, represented by Theodore Frank)

12.      Objector 57  -  (Loren W. Zephier)

13.      Objector 62  - (Margie J. Eder)

14.      Objector 67 - (Mary Aurelia Johns)

15.      Objector 78 (Richard A. Monette, purportedly on behalf of himself and Objector 2, Alfred Collin Monette, Objector 16, Cleo Belle Monette, Objector 23, Donald Joseph Monette, Objector 38, Gerald Elmer Monette, Objector 44, Jerilyn Anne (Monette) DeCoteau, and Objector 56, Linda Marie Peltier)*[3]

16.      Objector 90 (Verlita Sugar)

D.      Plaintiffs' and Defendants' Rebuttal to Objectors (up to 30 minutes for each side)

E.      Closing Statements (up to 15 minutes each side, with defendants going first).

## II.    Specific Issues Relating to Certain Objectors

### A.    The Quapaw Tribe of Oklahoma

The Quapaw Tribe of Oklahoma ("Quapaw Tribe") has filed an objection to the

settlement and indicated its intent to make an appearance at the Fairness Hearing. [Dkt. No.

---

[3] Plaintiffs object to Richard Monette appearing on behalf of any other beneficiary.  Monette is a member of the Historical Accounting Class and may appear on his own behalf.  He does not have standing to object to the Trust Administration Class as he has opted out of said class. Critically, while he is an attorney in North Dakota, he is not licensed to practice law in this jurisdiction or before this Court and, as set forth below, his misconduct makes clear that he should not be entitled to represent any other individuals before this Court. Moreover, his purported representation of others and filing of objections for them in writing is, itself, the unauthorized practice of law under D.C. Bar Rule 5.5.   Under this Court's Local Rule, "[a]n attorney who is a member in good standing of the bar of any United States Court or of the highest court of any State, but who is not a member of the Bar of this Court, may file papers in this Court <u>only if such attorney joins of record a member in good standing of the Bar of this Court</u>."  LCvR 83.2(c)(1) (emphasis added).  As the record indicates, Monette filed objections without the requisite joining of a "member in good standing" and, hence, he plainly has violated local rules.

3737].  However, the Quapaw Tribe has no standing to object to the settlement.  This Court's

December 21, 2010 *Order On Joint Motion for Preliminary Approval Of Settlement Agreement*

("Order on Preliminary Approval") [Dkt. No. 3667] appropriately limits those persons entitled to

object to the Settlement Agreement to "Class Member[s]."  *Id.* at ¶ 13.  This limitation conforms

to Fed. R. Civ. P. 23(e)(5) which, likewise, limits those persons entitled to object to a settlement

to members of the class.  *See*, *e.g.*, *Braud v. Transp. Serv. Co.,* 2010 WL 3283398 *1 at *5 (E.D.

La. August 17, 2010) (holding those who are not members of the affected class have no standing

to object to a class action settlement).  *See also Mayfield v. Barr*, 985 F.2d 1090 (D.C. Cir. 1993)

(non-parties including class members who opt out cannot object to the settlement); *Gould v.

Alleco, Inc.,* 883 F.2d 281, 284 (4th Cir. 1989) (same), *cert. denied,* 493 U.S. 1058 (1990).

The Quapaw Tribe is not a member of either the Historical Accounting Class or the Trust

Administration Class and, thus, lacks standing to object to this settlement or appear at the

Fairness Hearing.

### B.     Richard Monette

Plaintiffs object to the appearance of Mr**.** Monette because he is not a member of the Bar

of this Court.  Accordingly, his purported representation of others and filing of objections for

them in writing constitutes the unauthorized practice of law under D.C. Bar Rule 5.5 and a

violation of this Court's local rules.  Under Local Rule 83.2, "[a]n attorney who is a member in

good standing of the bar of any United States Court or of the highest court of any State, but who

is not a member of the Bar of this Court, may file papers in this Court <u>only if such attorney joins

of record a member in good standing of the Bar of this Court</u>."  LCvR 83.2(c)(1) (emphasis

added).  As the record indicates, Mr. Monette is not a member of the Bar of this Court and he has

filed objections without the requisite joining of a "member in good standing" in plain violation

of local rules.  Accordingly, papers that he has filed with this Court should be stricken from the record.

Moreover, Mr. Monette should not be permitted to make an appearance at the Fairness Hearing as counsel because he has failed to comply with LCvR 83.2(d).  Pursuant to LCvR 83.2(d), an attorney who is not a member of this Court's Bar "may be heard in open court only by permission of the judge to whom the case is assigned."  This same provision of the local rules requires counsel who would like to appear to be admitted *pro hac vice* by written motion.  *Id.* Such a motion must be:

> accompanied by a declaration by the non-member that sets forth: (1) the full name of the attorney; (2) the attorney's office address and telephone number; (3) a list of all bars to which the attorney has been admitted; (4) a certification that the attorney either has or has not been disciplined by any bar, and if the attorney has been disciplined by any bar, the circumstances and details of the discipline; (5) the number of times the attorney has been admitted *pro hac vice* in this Court within the last two years; and (6) whether the attorney, if the attorney engages in the practice of law from an office located in the District of Columbia, is a member of the District of Columbia Bar or has an application for membership pending.

*Id.*  Mr. Monette has not filed this mandatory motion that must be accompanied with a declaration setting forth the requisite information in order to permit this Court to determine if he is fit to be admitted *pro hac vice*.

If and when Mr. Monette does file an appropriate motion and declaration, plaintiffs will oppose his admission *pro hac vice*.  Mr. Monette, under oath, has made baseless, unprofessional criticisms and material misrepresentations regarding the integrity of the Honorable James Robertson while Judge Robertson presided over this litigation.  On March 10, 2010, Mr. Monette, at the urging of opponents of this settlement, testified under oath before the Committee on Natural Resources of the House of Representatives, regarding the proposed Settlement Agreement.  During his testimony he claimed that this settlement is the result of "collusion,"

with the assistance and "inappropriate participation in settlement negotiations by the presiding judge."  *See Transcript of Testimony of Richard Monette*, Oversight Hearing before the Committee on Natural Resources, U.S. House of Representatives, 111th Congress, second session (March 10, 2010) (Exhibit 1) at 18-19.

"Collusion" is defined in Black's Law Dictionary (9th ed. 2009) as "[a]n agreement to defraud another or to do or obtain something forbidden by law."  Accordingly, under oath, Mr. Monette accused the parties and, most critically, a highly respected judge, who was then sitting on this Court, of engaging in fraudulent and illegal conduct.  Of course, he has no evidence to substantiate those outrageous, scandalous allegations and he has cited none.

Simply put, Mr. Monette has not conducted himself in accordance with rules to which members of the Bar of this Court are expected to adhere.  Among others, Mr. Monette's actions implicate D.C. Bar Rule 8.4, which states that "[i]t is professional misconduct for a lawyer to…[e]ngage in conduct involving …misrepresentation …."  D.C. R. Prof'l Conduct 8.4(c).  It is clear that Mr. Monette's statement involves a misrepresentation that then sitting Judge James Robertson colluded with the parties and improperly participated in settlement negotiations between the parties.  In light of his material misrepresentations, which directly call into question the integrity of this Court, plaintiffs do not believe that he should be permitted to appear or be admitted *pro hac vice* in these proceedings.

In addition, the lone jurisdiction where Monette is allowed to practice law—North Dakota—states that a lawyer "shall not knowingly, or with reckless disregard as to its truth or falsity, make a false statement concerning the qualifications or integrity of a judge … ."  N.D. R. Prof'l Conduct 8.2(a).  The North Dakota Rule of Professional Conduct explains that "false statements by a lawyer can unfairly undermine public confidence in the administration of

justice."  N.D. R. Prof'l Conduct 8.2, cmt. 1.  Monette's false allegation of collusion undermines the proceedings in which he asks to participate.  In addition, his comments implicate grave ethical issues bearing on his fitness to practice law in North Dakota, which are actionable by the North Dakota Bar.  Finally, by recklessly making such misrepresentations concerning the integrity and fitness of this Court, he has expressed a total disregard of his fiduciary obligations as a lawyer—regardless of jurisdiction.

In sum, Mr. Monette has yet to comply with LCvR 83.2(d) and, therefore, is not presently eligible to appear except on his own behalf.  If he does file the requisite motion and declaration, plaintiffs respectfully submit that such motion should be denied because Monette is unfit to practice before this Court in light of his unethical conduct.

## C.    Lay Individuals Requesting to Appear on Behalf of Others

Two individuals, Gerald Legarde Warner and Cheryl Oxman, Exhibits 2 and 3, respectively, are not Class Members and are not counsel for Class Members, but have indicated an intent to appear at the Fairness Hearing and speak on behalf of class members. They give no indication they are legal guardians of these individuals or otherwise are legally entitled and authorized to speak on their behalf.  This Court's Order limits those presenting objections at the Fairness Hearing to "Class Members" or "counsel employed at their personal expense."  Order on Preliminary Approval at ¶ 13.  Warner and Oxman should not be permitted to present objections at the Fairness Hearing.

## E.    Motions of Mark Brown ("Brown") and the Native American Rights Fund ("NARF").

Brown and NARF, neither of whom is Class Counsel or otherwise is representing plaintiffs in these proceedings, have made untimely and otherwise inappropriate requests for

attorneys' fees and expenses out of plaintiffs' recovery.  *See Motion of Attorney Mark Kester Brown for Attorneys' Fees* [Dkt No. 3699]; *Native American Rights Fund's Motion for Attorneys' Fees and Costs* dated May 9, 2011 [Dkt. No. 3752].  They are representing their own interests, which are in direct conflict with positions taken by, and interests of, plaintiffs.

     The Fairness Hearing is to address the fairness of the settlement for the classes. These issues are collateral.  Accordingly, plaintiffs believe that it is appropriate for this Court to decide the fee requests of NARF and Mr. Brown based on the written submissions because the issues have been fully briefed and fee issues of this sort ought not cause collateral litigation.  *In re Vitamins Antitrust Litigation*, 2001 WL 34312839 *1 at *6 (D.D.C. 2001) (explaining a petition for fees should not evolve into a "second major litigation" (quotation omitted)).  To the extent this Court would like to hear oral argument prior to its disposition of these matters, plaintiffs respectfully suggest that such argument be made during a brief status call before and independent of the Fairness Hearing.  Plaintiffs oppose protracted proceedings on attorneys fees and oppose mediation or referral to a Special Master, as suggested by Mr. Brown.

     Respectfully submitted this 25th day of May 2011.

 

/s/ Dennis M. Gingold
DENNIS M. GINGOLD
D.C. Bar No. 417748
607 14th Street, N.W.
9th Floor
Washington, D.C. 20005
(202) 824-1448

/s/ Keith M. Harper
KEITH M. HARPER
D.C. Bar No. 451956
MICHAEL ALEXANDER PEARL
D.C. Bar No. 987974
KILPATRICK TOWNSEND
STOCKTON, LLP

607 14th Street, N.W.
Washington, D.C. 20005
(202) 508-5844

WILLIAM E. DORRIS
Georgia Bar No. 225987
Admitted Pro Hac Vice
ELLIOTT LEVITAS
D.C. Bar No. 384758
KILPATRICK TOWNSEND
STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
404-815-6104

DAVID COVENTRY SMITH
N.C. Bar No. 12558
Admitted *Pro Hac Vice*
KILPATRICK TOWNSEND LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7392

<u>Attorneys for Plaintiffs</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing PLAINTIFFS' RESPONSE TO ORDER REGARDING ORGANIZATION OF FAIRNESS HEARING was served on the following via facsimile, pursuant to agreement, on this day, May 25, 2011.

Earl Old Person (Pro se)
Blackfeet Tribe
P.O. Box 850
Browning, MT 59417
406.338.7530 (fax)


/s/ Shawn Chick