IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL et al., on their own behalf and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KEN SALAZAR, Secretary of the Interior, et al., <br><br> Defendants. | Civil Action <br> No. 96-1285 (TFH) |

**UNOPPOSED MOTION TO STRIKE OPPOSITION OF NON-PARTY KIMBERLY CRAVEN TO PARTIES' JOINT MOTION FOR FINAL APPROVAL**

Non-party, absentee plaintiff Kimberly Craven ("Craven") has filed what she characterizes as an opposition to the parties' *Joint Motion for Final Approval of Settlement and Entry of Final Judgment* on May 31, 2011 (hereafter "Opposition").[1] Dkt. No. 3782. Craven did not move to intervene to make her filing. Nor did she seek leave to file an objection after April 20, 2011, the deadline set forth by this Court. As such, her filing is impermissible as an opposition brief under Local and Federal Rules and, if construed as an objection, it is untimely pursuant to this Court's order. Dkt. No. 3667. Simply put, as an opposition brief, it is procedurally defective and as an objection, it is grossly untimely.

Further, there is nothing in Craven's putative opposition that would aid this Court in determining the fairness or propriety of this historic settlement. Instead, it is replete with

---

[1] The parties met and conferred in accordance with Local Rules and defendants raise no objection to this motion.

restatements of previously made arguments or hopelessly disingenuous misstatements of the record and the law. Accordingly, plaintiffs respectfully request that this Court strike Craven's filing as "redundant, immaterial, impertinent or scandalous" under Fed. R. Civ. P. 12(f), as otherwise impermissible under Local Rules, or as untimely.

Craven is no more – no less – important than any of the other handful of objectors and she is entitled to precisely the same consideration that is afforded the other 500,000 class members, 99.98% of whom support this settlement. Certainly, she does not warrant special or more favorable treatment than other class members.

In that regard, Craven's papers recycle objections that she had filed previously and they suffer from similar material misunderstandings and distortions of fact and law. Dkt. No. 3740 (hereafter "Objections"); and, Dkt. No. 3763 (plaintiffs' response to objectors).[2]   She presents no new information.   Nor does she present information that was not available to her on or before April 20.

However, she does distort the facts in new and novel ways.   For example, in her timely objection, Craven claims that plaintiffs had rejected a $7 billion offer, citing a bill proposed by Senator John McCain, which was never marked up and made no specific or firm offer to anyone. Objector No. 52, Objection at 21.   In response, plaintiffs painstakingly demonstrated that Congress never offered to settle *Cobell*.   Plaintiffs' Response to Objections to Settlement at 47-52.   We further pointed out that the Bush Administration's so-called "offer" was no offer at all, as it mandated in any such resolution that the settlement of tribal trust claims, Individual

---

[2]*Cf.*, Opposition at 2; and, Objections at 2 (comparing virtually identical tables of contents).

Indian Trust claims, the cost of trust reform, the cost of Interior Department's IT Security improvements, the cost of land consolidation, all future trust claims be paid out of the aggregate settlement amount, as well as immunizing the United States from further liability and terminating the IIM Trust.   Further, no settlement funds were designated to, or allocated and proposed for, *Cobell*. *Id.* at 50-52.   Faced with record citations that dispositively refute her initial contention, one would have thought, or at least hoped, that Craven would have withdrawn her patently untrue representations.   Instead, she restates her false claim that plaintiffs rejected a $7 billion offer to settle the matters here involved. Craven Opposition to Motion for Final Approval at 27-28.   And, that is but one example in her filing that obfuscates and distorts the factual record of these proceedings and governing law.

More importantly, to the extent this Court construes Craven's filing as a supplemental objection, it is grossly untimely and should be stricken for that reason alone. *See, e.g., Schaffer v. County of Almeda*, 2008 WL 53152 at *1 (N.D. Cal. Jan 2, 2008) (striking objections filed after Court-imposed deadline for objections); *In re American Family Enterprises*, 256 B.R. 377, 422 n.2 (D.N.J. 2000) (striking objections filed after objection deadline as untimely). This Court set forth procedures and timeframes for the orderly disposition of this case and to ensure the efficient use of precious judicial resources.   All objections had to be filed by April 20, 2011. Craven's new objection is more than a month late, well after the parties filed their responses to objections.   To allow this filing would send out the clarion call for many more like it.[3] *See, e.g.,*

---

[3]To the extent Craven actually intended to file a reply to the parties' responses to objections, she missed that filing deadline too.   Therefore, she is also not in compliance with LCvR 7(d), which requires that "[w]ithin seven days after service of the memorandum in opposition the moving party may serve and file a reply memorandum."

the untimely and otherwise materially defective filing that the Quapaw Tribe of Oklahoma made on June 2, 2011 "to supplement their [sic] objections." [Dkt. No. 3788].

In the alternative, if this Court construes this filing as an opposition to a motion for final approval, Craven as a non-party cannot make such a filing. The proper course would be for Craven to have timely intervened if, and only if, she could meet the four mandatory criteria for such intervention. *See, e.g., In re Pet Foods Prods. Liability Litig.*, 629 F.3d 333, 349 n.26 (3d Cir. 2009) (Class member seeking intervention "must establish 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." (internal quotations and citations omitted)).

Here, however, Craven is too late to make such an intervention request as it is well past the time that the notice campaign began and more than a month after objections were due. *See, e.g., Thompson v. Met. Life Ins. Co.*, 216 F.R.D. 55, 69 (S.D.N.Y. 2003) (rejecting intervention as untimely when made "three months after the settlement notice campaign began, and only days before the time to object closed").

Oddly, Craven suggests that she has filed these materially impermissible papers as an "aid" to this Court; however, instead of aiding or clarifying points or issues, she obfuscates further. Craven plainly argues that this "Court should reject this settlement" and, in the alternative, "preserve [her] argument for appeal." Opposition at 40, 28. Confessing her mission to terminate the settlement, but failing to find sound support for her mission, her filing is a desperate second bite at the objection-apple to bootstrap an appeal in order to delay justice that is

long overdue to 500,000 class members. Such gamesmanship should not be countenanced in this Court, particularly where, as here, she is in disregard of governing rules. Indisputably, neither Craven nor anyone else should be permitted to "preserve" appellate issues through untimely and otherwise impermissible filings.[4]

For good and sound reasons, this Court has stricken similar papers. *See e.g*., Dkt. Nos. 1738, 1744, 1846, 2284, 2468, and 3308. In that regard, on March 3, 2003, this Court struck papers because "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules."[5] The same principle applies with equal force to Craven.

At no other point in the history of this case is the need to bring about an orderly and fair conclusion more important. That is fundamental to fairness and due process to the class members in this case. Most importantly, justice to 500,000 class members should not be delayed by the selfishness of one disgruntled class member whose stated mission is to thwart this settlement any way possible, including the willful disregard of governing rules. Accordingly, plaintiffs urge this Court to strike with prejudice Craven's putative Opposition.

---

[4] To preserve any objection for appeal, Craven had to raise it in a timely objection. *See In re United Health Group, Inc.,* 631 F.3d 913 (8th Cir. 2011) ("A shareholder—or an unnamed class member for that matter—must file a timely objection pursuant to district court procedure, or else he loses any right he would have otherwise had to appeal a settlement agreement. …The district court properly determined Scheeringa's objection was untimely.").

[5] March 3, 2003 Order at 2. Dkt. no. 1846.

Respectfully submitted this 3rd day of June 2011.

/s/ Dennis M. Gingold
DENNIS M. GINGOLD
D.C. Bar No. 417748
607 14th Street, N.W.
9th Floor
Washington, D.C. 20005
(202) 824-1448

/s/ Keith M. Harper
KEITH M. HARPER
D.C. Bar No. 451956
MICHAEL ALEXANDER PEARL
D.C. Bar No. 987974
KILPATRICK TOWNSEND STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
(202) 508-5844

WILLIAM E. DORRIS
Georgia Bar No. 225987
Admitted Pro Hac Vice
ELLIOTT LEVITAS
D.C. Bar No. 384758
KILPATRICK TOWNSEND STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
404-815-6104

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing UNOPPOSED MOTION TO STRIKE OPPOSITION OF NON-PARTY KIMBERLY CRAVEN TO PARTIES' JOINT MOTION FOR FINAL APPROVAL was served on the following via facsimile, pursuant to agreement, on this day, June 3, 2011.

      Earl Old Person (Pro se)
      Blackfeet Tribe
      P.O. Box 850
      Browning, MT 59417
      406.338.7530 (fax)

      /s/ Geoffrey Rempel