IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL et al., on their own behalf and on behalf of all persons similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>KEN SALAZAR, Secretary of the Interior, et al., )<br>)<br>Defendants. )<br>)<br>) | Civil Action<br>No. 96-1285 (TFH) |

**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE CORRECTED OBJECTIONS CONCERNING PROPOSED SETTLEMENT ON BEHALF OF THE QUAPAW TRIBE OF OKLAHOMA AND TRIBAL MEMBERS**

The Quapaw Tribe is not a class member and it has no standing in this litigation. *See* Fairness Hearing Organization Order, dated June 6, 2011, [Dkt. No. 3794] at 2, n 3 (noting that the right to make statements at the fairness hearing "excludes, for example, organizations that are not class members (*e.g*., the Quapaw Tribe of Oklahoma)"). Nor is the tribe "a party in any way to this case." Order, dated June 8, 2011, [Dkt. No. 3798] at 2. It has no standing to file the objections that it filed improperly on April 20, 2011[1] and it has no standing to file so-called "corrections" to its improper objections,[2] which are the subject of this opposition brief.

---

[1] *Objections of the Quapaw Tribe of Oklahoma (O-Gah-Pay) Concerning Proposed Settlement and Notice of Intent to Appear at the Fairness Hearing*, dated April 20, 2011 [Dkt. No. 3737] (hereafter "Tribal Objections").

[2] *See, e.g., Plaintiffs' Response to Objections to Settlement,* dated May 16, 2011 at 2, n. 6 [Dkt. No. 3763].

Accordingly, plaintiffs respectfully request that this Court deny with prejudice the *Motion for Leave to File Corrected Objections Concerning Proposed Settlement on Behalf of the Quapaw Tribe of Oklahoma (O-Gah-Pah) and Tribal Members*, dated June 13, 2011 ("Motion for Leave"), [Dkt. No. 3808].

Furthermore, the Quapaw Tribe and its counsel admit in their Motion for Leave that no individual Quapaw Indian filed a timely objection to this settlement.[3]  Nonetheless, the tribe and its counsel, in disregard of this Court's orders and deadlines, now ask this Court to construe its Tribal Objections as proper and to permit the tribe to amend its improper filing to include as objectors unnamed individual Indians.  However, the deadline for filing objections expired almost two months ago and they fail to cite any authority that justifies this Court's approval of their request.  There is none.  Accordingly, the Motion for Leave is untimely and improper and should be stricken from the record of these proceedings as immaterial and irrelevant under Fed. R. Civ. P. 12(f).

Out of whole cloth, they now ask this Court to suspend reason and accept their claim that they did not intend to file objections solely on behalf of the tribe;[4] that, until now, they did not understand the impact of their own language or the implications of the parties' opposition to their improper objections.[5]  Conspicuously, they fail to explain why they did nothing until now to "correct" their patently improper Tribal Objections.  There is a very good reason for that; the

---

[3] *Id.* at 1 (admitting that they "omitted … tribal members" in the tribe's improper April 20, 2011 objections).

[4] *Objections of the Quapaw Tribe of Oklahoma (O-Gah-Pay) Concerning Proposed Settlement and Notice of Intent to Appear at the Fairness Hearing* (hereafter "Tribal Objections"), dated April 20, 2011 [Dkt. No. 3737].

[5] On June 14, 2011, a motion was filed by the tribe's counsel on behalf of "Quapaw Tribal Members" [Dkt. No. 3812], which will be responded to in due course.  That they know how to clearly denominate a filing on behalf of the members of the tribe, as opposed to the tribe itself, eviscerates their suggestion that the Tribal Objections were intended to be filed on behalf of tribal members.

Quapaw Tribe and its counsel intended to do precisely what they had done – file objections on behalf of the tribe, not its individual members.

Below, plaintiffs demonstrate that the true "intention" of the Quapaw Tribe and its counsel has been singularly focused, *i.e.,* to convince tribal members to opt out of this settlement and opt in to the tribe's ill-advised action in the U.S. Court of Federal Claims.  They did not, nor did they ever intend to, file individual Indian objections to the *Cobell* settlement.  In their own words in the Tribal Objections, the tribe and its counsel focused on opt outs in the hope of increasing the size of their damages claim against the government in the Court of Federal Claims:

> "**[T]he Quapaw Tribe asks this Court**—as a matter of fairness—to allow the members of the Tribe who have indicated a desire to fully **opt out** of the settlement to do so." Tribal Objections at 2 (emphasis added).
>
> "**[T]he Quapaw Tribe asks for** an additional 90 days so that the Tribe can complete the consultation with its members." *Id*. (emphasis added).
>
> "**[T]he Quapaw Tribe requests** that the **opt-out** deadline for its members be extended for an additional 90 days to allow adequate time in which to complete the process of advising its members regarding their rights and options under this settlement and the pending *Goodeagle* class action." *Id*. at 12 (emphasis added).
>
> "**[T]he Tribe believes it would be helpful** if the settlement administrator would assign an individual able to answer Quapaw-specific questions to work directly with the **Tribe and its attorneys** so that members of the Tribe can make informed decisions with respect to whether or not to **opt out** of this case." *Id*. (emphasis added).
>
> "**[T]he Quapaw Tribe therefore requests** that this Court clarify the nature and extent of the claims being released by Quapaw class members who **opt out**." *Id*. (emphasis added).
>
> "As the **Quapaw Tribe reads this settlement**, the Historical Accounting Claims in this case are limited solely to accountings for IIM accounts, while a valid **opt-out** preserves claims related to trust funds, trust assets, and trust lands, regardless of IIM accounts." *Id*. at 12-13 (emphasis added).

The foregoing makes it clear that it was not an unintentional oversight that Tribal Objections were filed exclusively on behalf of the tribe and undersigned counsel for the tribe point to no part of the Tribal Objections which remotely suggest that it was being filed on behalf of individual Indians. There is none. Tellingly, the Motion for Leave is silent as to how undersigned counsel for the tribe allowed this to remain "uncorrected" for almost two months despite its avowed "intention" to have filed objections on behalf of individual tribal members. At this late date, it should be presumed that the Tribal Objections were filed as intended – on behalf of the tribe, not individual Indians.[6]

Simply put, the tribe has no colorable basis to now claim that it intended to file timely objections on behalf of its members. Its filings and conduct refute that claim. Is it plausible that counsel for the Quapaw Tribe for two months forgot to mention objections of individual class members where, as here, they say that over 1,000 individual Indians have opted out of the Settlement? That claim would be farcical if is not so absurd.

Accordingly, plaintiffs oppose the Motion for Leave and respectfully urge this Court to strike it *sua sponte* from the record of these proceedings.

---

[6] Indeed, there is substantial doubt as to whether the tribe may even file objections on behalf of allottees and there is additional doubt about whether the tribe's attorneys may represent both class members and the tribe in trust litigation given actual and potential conflicts that inherently exist in Indian trust litigation. *See, e.g., Plaintiffs Opposition to NARF's Petition and Motion for Attorneys' Fees and Costs,* dated May 26, 2011 at 9-14 [Dkt. No. 3779].

Respectfully submitted this 15th day of June 2011.

/s/ Dennis M. Gingold
DENNIS M. GINGOLD
D.C. Bar No. 417748
607 14th Street, N.W.
9th Floor
Washington, D.C. 20005
(202) 824-1448

/s/ Keith M. Harper
KEITH M. HARPER
D.C. Bar No. 451956
MICHAEL ALEXANDER PEARL
D.C. Bar No. 987974
KILPATRICK TOWNSEND
STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
(202) 508-5844

WILLIAM E. DORRIS
Georgia Bar No. 225987
Admitted Pro Hac Vice
ELLIOTT LEVITAS
D.C. Bar No. 384758
KILPATRICK TOWNSEND
STOCKTON
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
404-815-6104

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE CORRECTED OBJECTIONS CONCERNING PROPOSED SETTLEMENT ON BEHALF OF THE QUAPAW TRIBE OF OKLAHOMA AND TRIBAL MEMBERS was served on the following via facsimile, pursuant to agreement, on this day, June 15, 2011.

                Earl Old Person (Pro se)
                Blackfeet Tribe
                P.O. Box 850
                Browning, MT 59417
                406.338.7530 (fax)

                                            /s/ Geoffrey Rempel