IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., ) | |
| ) | No. 1:96CV01285 |
| Plaintiffs, ) | (Judge Hogan) |
| v. ) | |
| ) | |
| KEN SALAZAR, Secretary of ) | |
| the Interior, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO THE QUAPAW TRIBE OF OKLAHOMA'S MOTION TO INTERVENE AS A PLAINTIFF**

The Quapaw Tribe's motion to intervene [Dkt. 3834], filed on June 17, 2011, is untimely, improper and moot. It should be denied.

The Motion was filed on the eve of the final approval hearing. The Quapaw Tribe waited too long to seek to intervene. It had no standing to file objections to the Settlement – but filed objections anyway on April 20, 2011 [Dkt. 3737]. At least as early as May 16, 2011, it was on notice that its objections were improper because tribes are not class members and do not have standing to file objections. *See* Defendants' Memorandum in Support of Final Approval of Settlement and Response to Objections at 44 n.71 (May 16, 2011) [Dkt. 3764]. Indeed, the Court excluded the Quapaw Tribe from participating in the fairness hearing because the Tribe is an "organization[]" and not among the "class members," Fairness Hearing Organization Order at 2 n.3 (June 7, 2011) [Dkt. 3794], and denied the Tribe leave to supplement its objections because it "is neither a party in any way to this case nor a class member." Order of June 8, 2011, at 1 [Dkt. 3798].

And yet the Tribe still waited until June 17 – the last business day before the final approval hearing – to seek to intervene to raise its objections to the Settlement. Its Motion was too late.

The Motion is also improper because a tribe is an inappropriate plaintiff in this case. Only a person with an Individual Indian Money account or a demonstrable ownership interest in land held in trust or restricted status may be a class member. Tribes are not class members here and have no stake in this litigation. Moreover, no grounds exist to authorize the Tribe to represent individual tribal members in this case, where the claims are not collective but belong to individual Native Americans. The Quapaw Tribe's motion to intervene is thus improper.

Finally, the Motion is moot. The only reason the Tribe wants to intervene as a plaintiff is to request that certain of its members be permitted to opt out of the Historical Accounting Class. The Court has already denied this relief. The Court directly considered, and already twice rejected, the Tribe's arguments for permitting opt outs from the Historical Accounting Class. The Court so ruled when it denied both the Quapaw motion to amend its objections and its motion to opt out of the Historical Accounting Class. *See* Order of June 17, 2011 [Dkt. 3828]. The Court also considered, and again rejected, the Quapaw's opt-out request at the final approval hearing on June 20, 2011. *See* Transcript of Fairness Hearing, June 20, 2011, at 230-232 (attached as Exhibit A). The Court has considered and denied the claims that the Quapaw wish to present, leaving no purpose to intervention. The Motion should be denied.

Dated: July 5, 2011                    Respectfully submitted,

                                                                TONY WEST
                                                                Assistant Attorney General
                                                                MICHAEL F. HERTZ

Deputy Assistant Attorney General
J. CHRISTOPHER KOHN
Director

/s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Deputy Director
D.C. Bar No. 406635
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202) 616-0328

CERTIFICATE OF SERVICE

    I certify that on July 5, 2011, *Defendants' Opposition to the Quapaw Tribe of Oklahoma's Motion To Intervene as Plaintiff* was served by Electronic Case Filing, and on the following who is not registered for Electronic Case Filing, by facsimile:

        Earl Old Person (Pro se)
        Blackfeet Tribe
        P.O. Box 850
        Browning, MT 59417
        Fax (406) 338-7530

                              /s/ Robert E. Kirschman, Jr.
                              Robert E. Kirschman, Jr.