IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL et al., on their own behalf and on behalf of all persons similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>KEN SALAZAR, Secretary of the Interior, et al., )<br>)<br>Defendants. )<br>) | Civil Action<br>No. 96-1285 (TH) |

**JOINT MOTION FOR FINAL APPROVAL OF
SETTLEMENT AND ENTRY OF FINAL JUDGMENT**

Plaintiffs Elouise Pepion Cobell, James Louis LaRose, Thomas Maulson, and Penny Cleghorn, on behalf of themselves (Named Plaintiffs), and the two certified classes of plaintiffs (collectively, Plaintiffs), and joined in this motion by Defendants, respectfully move this Court to grant final approval of the pending settlement in this case and to enter final judgment giving effect to its terms. This motion is supported by the separate memoranda (and exhibits thereto) filed, respectively, by Plaintiffs and Defendants, namely, Plaintiffs' Memorandum in Support of Joint Motion for Final Approval of Settlement and Entry of Final Judgment and Defendants' Memorandum in Support of Final Approval of Settlement and Response to Objections, and by the Declarations also filed today by the Notice Administrator and Claims Administrator.

In accordance with, and as intended by, the Claims Resolution Act of 2010, Pub. Law No. 111-291, 124 Stat. 3064 (2010) (2010 Act), and pursuant to Federal Rule of Civil Procedure

23(e), the Parties jointly move for final approval of the proposed settlement that is the subject of the Court's Order on Joint Motion for Preliminary Approval, entered December 21, 2010. [Dkt. 3667]. A true and correct copy of the Settlement Agreement (with amendments) is attached as Exhibit A. In support of this Motion, the Parties offer as follows:

1. On February 4, 1997, this Court certified a plaintiff class, pursuant to Federal Rule of Civil Procedure 23(b)(1)(A) and 23(b)(2); approved the Named Plaintiffs as representatives of the class; and approved class counsel. See Order Certifying Class Action [Dkt. 27].[1]

2. Following nearly fourteen years of litigation, numerous trials, and multiple appeals, the Parties negotiated over four months in 2009 to reach an arms-length, comprehensive Settlement Agreement on December 7, 2009. The settlement then underwent nearly a year of consideration, hearings, and deliberation in Congress before passage of the 2010 Act, which expressly "authorized, ratified, and confirmed" the settlement, and which the President signed into law on December 8, 2010.

3. The Parties thereupon filed their Joint Motion for Preliminary Approval of Settlement [Dkt. 3660] on December 10, 2010. Upon consideration of the joint motion and following a hearing on December 21, 2010, this Court granted the motion and entered the referenced Preliminary Approval Order, which included the following actions:

a. Approval of Plaintiffs' retention of Kinsella Media, LLC (Kinsella) as the Notice Administrator, and Garden City Group, Inc. (GCG) as the Claims Administrator, to perform the duties stated in the Settlement Agreement.

---

[1] Mildred Cleghorn, an original named plaintiff, passed away in 1998 and is now represented by her daughter Penny Cleghorn. Earl Old Person, another named plaintiff in the original complaint, was removed by order on March 5, 2003 [Dkt. No. 1864].)

b.  Authorization of the Notice Plan, approval of the forms of notice to be used, and a specification that the notice period commence thirty days after the date of the Preliminary Approval Order.

c.  Establishment of a postmark deadline for class members to object to the settlement and for members of the Trust Administration Class to exercise their right to exclude themselves from that class. The Court ordered that the deadline be "120 days after the date of this Order," effectively affording class members ninety days from issuance of class notice to object, and for Trust Administration Class members to opt out.

d.  Approval of a briefing schedule for requests for attorney fees, litigation expenses, and incentive awards.

e.  Establishment of a deadline for briefing on a motion for final approval of the settlement, after completion of notice to the classes and expiration of the objection and opt-out periods.

4.  In furtherance of the Order of Preliminary Approval, the Court also granted Plaintiffs' motion to amend the original complaint in order to assert the Trust Administration Claims [Dkt. 3669], as described in the Settlement Agreement and as expressly authorized by the 2010 Act.  The Court also, by separate order of the same date [Dkt. 3670], certified the Trust Administration Class for settlement purposes as a class under Federal Rule of Civil Procedure 23(b)(3).  It also approved Class Counsel and the Named Plaintiffs as adequate representatives of the new Trust Administration Class, in addition to their existing representation of the Historical Accounting Class.  *Id.*

5.  The Notice Plan has been executed and completed, in substantial compliance with the Court's Order.  GCG has submitted a report on exclusions from the Trust Administration

Class [Dkt. 3748]. The Court and the Parties have logged approximately 90 objections received regarding the settlement. With these tasks completed, the Parties now move the Court for final approval of the settlement and for entry of a final judgment giving effect to its terms.

6. Congress exercises plenary power over Indian affairs, including litigation between the United States and Native Americans. Upon passage of the 2010 Act, Congress intended to resolve this litigation via the agreement entered into between the Parties on December 7, 2009. Final approval of the Settlement is warranted in order to effectuate the intent of Congress.

7. Rule 23(e) requires the Court to approve the settlement if, after a hearing, it concludes that the requirements for settlement under the rule are satisfied, including a determination that the terms of the settlement are "fair, reasonable and adequate" in accordance with Federal Rule of Civil Procedure 23(e)(2) from the perspective of absent class members. *See generally* Manual for Complex Litigation (Fourth) § 21.634-635 (2004).

8. Based on the submitted declarations and for the reasons set forth in the Parties' respective memoranda, Plaintiffs and Defendants believe the settlement is "fair, reasonable and adequate" and should be finally approved. Moreover, as Plaintiffs and Defendants both assert, no comment or objection timely received during the notice period identifies any reason to disapprove the settlement.

WHEREFORE, the settling Parties jointly move that the Court, after conducting the hearing required by Rule 23(e)(2), enter its findings and conclusions supporting approval of the proposed settlement and grant its approval.

This 16th day of May 2011.

Respectfully submitted,

| | |
|---|---|
| /s/ Dennis M. Gingold<br>DENNIS M. GINGOLD<br>D.C. Bar No. 417748<br>607 14th Street, N.W.<br>9th Floor<br>Washington, D.C. 20005<br>(202) 824-1448 | TONY WEST<br>Assistant Attorney General<br>MICHAEL F. HERTZ<br>Deputy Assistant Attorney General<br>J. CHRISTOPHER KOHN<br>Director |
| /s/ Keith M. Harper<br>KEITH M. HARPER<br>D.C. Bar No. 451956<br>KILPATRICK Townsend & Stockton, LLP<br>607 14th Street, N.W., Suite 900<br>Washington, D.C. 20005<br>(202) 508-5844 | /s/ Robert E. Kirschman, Jr.<br>ROBERT E. KIRSCHMAN, JR.<br>Deputy Director<br>D.C. Bar No. 406635<br>Commercial Litigation Branch<br>Civil Division<br>P.O. Box 875<br>Ben Franklin Station<br>Washington, D.C. 20044-0875<br>(202) 616-0328 |