## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL, et al.,            )
                                          )
          Plaintiffs,                     )
    v.                                    )            No. 1:96CV01285(TFH)
                                          )
KEN SALAZAR, Secretary of                 )            **FILED**
the Interior, et al.,                     )
                                          )            JUL 2 7 2011
          Defendants.                     )
                                          )            Clerk, U.S. District & Bankruptcy
                                          )            Courts for the District of Columbia

## ORDER GRANTING FINAL APPROVAL TO SETTLEMENT

### Background

On June 10, 1996, plaintiffs brought this class action seeking to enforce trust duties owed by the United States to individual Indian trust beneficiaries and redress breaches of trust by the United States and its trustee-delegates, the Secretary of the Interior, the Assistant Secretary of Interior-Indian Affairs, and the Secretary of the Treasury, regarding their management of Individual Indian Money (IIM) accounts. The complaint sought, among other things, declaratory and injunctive relief construing the trust obligations of the defendants to members of the plaintiff class, and declaring that the defendants had breached, and were in continuing breach of, their trust duties to the plaintiff class members, an order compelling defendants to perform those legally mandated obligations, an accounting, and the correction and restatement of their IIM accounts. On February 4, 1997, this Court certified the then plaintiff class pursuant to F.R.C.P. 23(b)(1)(A) and (b)(2).

On December 21, 1999, this Court held, among other things, that defendants were in breach of certain of their respective trust duties and ordered defendants to provide plaintiffs with an accounting of their IIM accounts. *Cobell v. Babbitt ("Cobell V")*, 91 F. Supp. 2d 1 (D.D.C. 1999). The United States Court of Appeals for the District of Columbia Circuit affirmed in part and reversed in part, upholding the Court's determination that defendants were in breach of their trust duties and affirmed the government's duty to provide a historical accounting. *Cobell v. Norton ("Cobell VI")*, 240 F.3d 1081 (D.C. Cir. 2001).

The Court retained jurisdiction to ensure that the defendants discharged their trust duties and many more years of litigation ensued, including numerous trials and appeals. On July 24, 2009, the Court of Appeals reversed this Court's award of $455.6 million in restitution to plaintiffs and remanded the case to this Court while acknowledging that its "precedents do not clearly point to any exit from this complicated legal morass." *Cobell v. Salazar ("Cobell XXII")*, 573 F.3d 808, 812 (D.C. Cir. 2009).

With the prospect of many more years of costly litigation and without any assurance to either party of a satisfactory result, the parties negotiated at arms length over the course of several months a comprehensive Class Action Settlement Agreement dated December 7, 2009 ("Settlement Agreement"). The parties also executed an Agreement on Attorneys' Fees, Expenses and Costs dated December 7, 2009 ("Agreement on Attorneys' Fees"). The parties have subsequently executed eight modifications to the Settlement Agreement and one modification to the Agreement on Attorneys' Fees. References to those agreements in this Order shall be deemed to the agreements, as modified in writing by the parties.

The Settlement Agreement required enactment of legislation. Over the course of the ensuing year Congress held hearings, vetted the terms of the settlement, and caused the parties to agree to certain additional modifications. Congress then "authorized, ratified and confirmed" the Settlement, as modified by agreement of the parties, pursuant to the Claims Resolution Act of 2010, Public Law 111-291 (Dec. 8, 2010; 124 Stat. 3064) ("Claims Resolution Act"), which the President signed into law on December 8, 2010.

Upon joint motion by the parties, this Court entered an order preliminarily approving the Settlement Agreement on December 21, 2010, providing for, among other things, notice to the plaintiff classes in addition to procedures for objections to the Settlement Agreement and for members of the Trust Administration Class to exclude themselves from that class. At the same time, the Court (a) permitted plaintiffs to amend the complaint to add the Trust Administration Claims, which amendment was filed on December 21, 2010, (b) modified the certification of the Historical Accounting Class, (c) certified the Trust Administration Class, (d) approved the Class Representatives for the Trust Administration Class and (e) appointed Class Counsel for the Trust Administration Class.

On June 20, 2011, this Court held a Fairness Hearing during which the Court heard argument from counsel for the parties and objections from members of the plaintiff classes or their counsel. The Court has heard and considered all submissions in connection with the proposed settlement and the files and record of these proceedings, including the objections submitted, responses to them, the Joint Motion for Final Approval of Settlement [Dkt. No. 3761], Plaintiffs' Motion for Approval of Class Representatives' Incentive Awards and Expenses [Dkt. No. 3679], Defendants'

Objections to Class Representatives Petition for Incentive Awards and Expenses (Feb. 24, 2011) [Dkt. No. 3697], and Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses of Class Counsel [Dkt. No. 3678], Defendants' Response and Objections to Plaintiffs' Petition for Class Counsel Fees, Expenses and Costs Through Settlement (Feb. 24, 2011) [Dkt. No. 3694] as well as all supporting and opposing memoranda and the arguments of counsel for the parties, counsel for party-intervenors, counsel for any objector, and all individual objectors.  All findings and decisions issued by the Court during the June 20, 2011, Fairness Hearing are incorporated herein by reference.

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      All capitalized terms, which are not defined in this Order, shall have the meaning set forth in the Settlement Agreement.

2.      The Court, having conducted the hearing required by F.R.C.P. 23(e)(2), hereby concludes that the requirements for settlement under Rule 23(e) are satisfied, and that the terms of the settlement are "fair, reasonable and adequate" from the perspective of absent class members.  The Court further concludes that the process carried out in connection with the consideration of the proposed settlement satisfied due process by affording adequate notice to class members, a meaningful opportunity for class members to participate and be heard, a reasonable opportunity for members of the Trust Administration Class to exclude themselves from the settlement, and adequate representation of the classes by the class representatives and class counsel.

3.      The Court finds that both the Historical Accounting Class and the Trust Administration Class satisfy the requirements of F.R.C.P. 23(a).   Numerosity, commonality, typicality, and adequacy of the representatives have been established for

4

both classes. In any event, the Claims Resolution Act suspends these requirements as to the Trust Administration Class.

4.    Regarding the Historical Accounting Class, the Court concludes that the requirements of both F.R.C.P. 23(b)(1)(A) and 23(b)(2) are satisfied and pursuant to F.R.C.P. 23(c)(3), it hereby grants final certification of the Historical Accounting Class as follows:

> Those individual Indian beneficiaries (exclusive of those who prior to the filing of the Complaint on June 10, 1996 had filed actions on their own behalf stating a claim for a historical accounting) alive on the Record Date(defined as September 30, 2009) and who had an IIM Account open during any period between October 25, 1994 and the Record Date, which IIM Account had at least one cash transaction credited to it at any time as long as such credits were not later reversed. Beneficiaries deceased as of the Record Date, are included in the Historical Accounting Class only if they had an IIM Account that was open as of the Record Date. The estate of any Historical Accounting Class Member who dies after the Record Date but before distribution is in the Historical Accounting Class.

5.    On December 21, 2010, this Court certified the Trust Administration Class pursuant to F.R.C.P 23(b)(3) and § 101(d)(2) and the Claims Resolution Act. Having fully considered the parties' arguments and all objections, the Court hereby confirms that the Trust Administration Class is properly certified pursuant to the Claims Resolution Act, and in the alternative, pursuant to F.R.C.P. 23(b)(3). This class shall be treated as a class certified under F.R.C.P. 23(b)(3) for all purposes, and pursuant to F.R.C.P. 23(c)(3) the Court hereby grants final certification of the Trust Administration Class as follows:

> Those individual Indian beneficiaries (exclusive of persons who filed actions on their own behalf, or a group of individuals who were certified as a class in a class action, stating a Funds Administration Claim or a Land Administration Claim, as defined by the Settlement Agreement of December 7, 2009, prior to the filing of the Amended Complaint on December 21, 2011) alive as of the Record Date (defined as September 30, 2009) and who have or had IIM Accounts in the "Electronic Ledger Era" (currently available electronic data in systems of the Department of the

Interior dating from approximately 1985 to the present), as well as individual Indians who, as of the Record Date, had a recorded or other demonstrable ownership interest in land held in trust or restricted status, regardless of the existence of an IIM Account and regardless of the proceeds, if any, generated from the Land.  The Trust Administration Class does not include beneficiaries deceased as of the Record Date, but does include the estate of any deceased beneficiary whose IIM Account or other trust assets had been open in probate as of the Record Date.  The estate of any Trust Administration Class Member who dies after the Record Date but before distribution is included in the Trust Administration Class.[1]

6.      The Court hereby concludes that adequate notice of the Settlement has been provided to members of the Historical Accounting Class and to members of the Trust Administration Class, pursuant to F.R.C.P. 23(e)(1).  Notice met and in many cases exceeded the requirements of F.R.C.P. 23(c)(2) for classes certified under F.R.C.P. 23(b)(1), (b)(2) and (b)(3).  The best notice practicable has been provided class members, including individual notice where members could be identified through reasonable effort. The contents of that notice are stated in plain, easily understood language and satisfy all requirements of F.R.C.P. 23(c)(2)(B).

7.      The Notice properly provided members of the Trust Administration Class an opportunity for exclusion from the Trust Administration Class.  As reflected on Exhibits A (timely exclusions who have been confirmed to be in Interior's records as Trust Administration Class Members) and B (timely exclusions who have not been confirmed to be Trust Administration Class Members) attached to this Order, 1,824 individuals timely requested exclusion from the Trust Administration Class and each

---

[1] As noted in a Notice of Errata dated June 2, 2011 [Dkt. No. 3787], the earlier definition of the Trust Administration Class inadvertently referred to Land Mismanagement Claims and Funds Mismanagement Claims, in lieu of Land Administration Claims and Funds Administration Claims, respectively.  This has been corrected in the definition set forth above.

such person listed on those exhibits is (a) excluded from the Trust Administration Class, (b) deemed to preserve and not release or waive by either the Settlement Agreement or this Order any Funds Administration Claims or Land Administration Claims they may have had as of the Record Date, (c) not deemed to have agreed to the stated balance of their IIM Account(s) as of the Record Date, and (d) excluded from terms of this Order relating to the Trust Administration Class.

8.      All Class Members who raised timely objections to the Settlement Agreement have been given an opportunity to be heard at the Fairness Hearing. The Court has considered all written and oral objections, and finds that the Settlement Agreement is fair, reasonable, and adequate. Accordingly, the Joint Motion for Final Approval of the Settlement Agreement [Dkt. No. 3768] is hereby **GRANTED** and Judgment is hereby entered in accordance with the terms of the Settlement Agreement. The Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

9.      The Settlement Agreement and this Judgment are binding on all members of the Historical Accounting Class. All members of the Historical Accounting Class and their heirs, administrators, successors or assigns shall be deemed to have released, waived and forever discharged the United States, defendants, any department, agency, or establishment of the defendants, and any officers, employees, or successors of defendants, as well as any contractor, including any tribal contractor (collectively, the "Releasees") as set forth in Section I of the Settlement Agreement, except for those provisions of Section I relating solely to the Trust Administration Class.

10.    The Settlement Agreement and this Order and Judgment are binding on all members of the Trust Administration Class who are not identified among the excluded class members in Exhibits A or B hereto.  Such members of the Trust Administration Class and their heirs, administrators, successors or assigns shall be deemed to have released, waived and forever discharged the Releasees as set forth in Section I of the Settlement Agreement (except for those provisions of Section I relating solely to the Historical Accounting Class) and to have agreed to the stated balances in their IIM Accounts as provided for in Paragraph I.8 of the Settlement Agreement.

11.    Pursuant to the Settlement Agreement, defendants are to pay a total of $1,512,000,000.00 into the Accounting/Trust Administration Fund upon Final Approval as defined by section A. 13 of the Settlement Agreement, less a deduction for payments that will not be made to members of the Trust Administration Class identified in Paragraph 5 above who have been excluded from the class. Defendants are ordered to file a statement reflecting the calculation of the opt-out fund adjustment within 45 days of this Order. By prior Order of this Court, defendants have previously paid $20,000,000.00 of that total into the Accounting/Trust Administration Fund.  Defendants are hereby ordered to pay the remaining $1,492,000,000.00, less the deduction for excluded class members described above, into the Accounting/Trust Administration Fund upon Final Approval.

12.    The Claims Administrator is hereby ordered to pay all valid Claims from the Accounting/Trust Administration Fund in accordance with the terms of the Settlement Agreement.

13.    Having considered controlling law and giving due consideration to the special status of plaintiffs as beneficiaries of a federally created and administered trust, the Court hereby finds that incentive awards to the Class Representatives in the following amounts are fair and reasonable:

| | |
|---|---|
| Elouise Cobell: | $2,000,000.00 |
| James Louis LaRose: | $   200,000.00 |
| Penny Cleghorn: | $   150,000.00 |
| Thomas Maulson: | $   150,000.00 |

These amounts shall be paid out of the Settlement Account holding plaintiffs' funds immediately upon deposit of the funds in the Accounting/Trust Administration Fund pursuant to ¶ 11 of this Order.  Plaintiffs' request for expenses of Class Representatives in the amount of approximately $10.5 million is hereby denied because plaintiffs have not shown that theses are expenses or liabilities of the Class Representatives.   Class Representatives' expenses and costs incurred subsequent to December 7, 2009 shall be the subject of further motions as provided in Paragraph K.4 of the Settlement Agreement.[2]

14.    The request of Earl Old Person for an incentive award [Dkt. No. 3734] is hereby **DENIED**.

15.    Based on controlling law, the Claims Resolution Act, the Settlement Agreement, the Agreement on Attorneys' Fees, the submissions of the parties, and the record in this case, the Court, giving due consideration to the special status of plaintiffs as beneficiaries of a federally created and administered trust, hereby awards to plaintiffs' attorneys $99,000,000.00 as fair and reasonable fees, expenses and costs for work

---

[2] This Order does not dispose of Plaintiffs' Motion for Reconsideration of Class Representatives' Expense Application [Dkt. No. 3839] and it will be the subject of a further order.

through December 7, 2009 (the date of the Settlement Agreement). Of that amount, a total of $13,616,250.84 will be withheld in the Settlement Account until the resolution by further Order of this Court of claims for attorneys' fees and expenses by the Native American Rights Fund and Mark Kester Brown. The remaining amount of $85,383,749.16 shall be paid jointly to Dennis Gingold, Thaddeus Holt, and Kilpatrick Townsend & Stockton LLP out of the Settlement Account holding plaintiffs' funds immediately upon deposit of the funds in the Accounting/Trust Administration Fund pursuant to ¶ 11 of this Order. Class Counsel's fees, expenses and costs after December 7, 2009 shall be the subject of subsequent requests by plaintiffs as provided in the Settlement Agreement and the Agreement on Attorneys' Fees.

16.    Plaintiffs shall direct the Notice Contractor to undertake a supplementary notice campaign as soon as practicable following distribution of funds to the Historical Accounting Class. The purpose of this notice is to target potential claimants and provide information related to the Trust Administration Class distribution.

17.    Membership in the Trust Administration Class will be determined solely according to the process set forth in the Settlement Agreement. All individuals who believe they are entitled to participate in the settlement as a member of the Trust Administration Class and who are required under the terms of the Settlement Agreement to submit a Claim Form must do so by mailing a properly completed and signed form to the Claims Administrator[3] postmarked no later than **September 16, 2011**. The Claims

---

[3] The address for mailing Claim Forms to the Administrator is: Indian Trust Settlement, P.O. Box 9577, Dublin, OH 43017-4877.

Administrator shall make an initial determination of eligibility for members of the Trust Administration Class no later than **November 4, 2011**.

18.     All individuals who request reconsideration of the Claims Administrator's determination of eligibility must do so in writing by a signed letter mailed to the Claims Administrator and postmarked no later than **December 5, 2011**. Based on requests for reconsideration, the Claims Administrator must make a second determination of eligibility for members of the Trust Administration Class no later than **January 6, 2012**.

19.     Any appeals made from the second determination of eligibility by the Claims Administrator must be made in writing by a signed letter delivered to the Claims Administrator and postmarked no later than **February 6, 2012**.

20.     Upon Final Approval as defined by Section A.13 of the Settlement Agreement, defendants are hereby ordered to pay $1,900,000,000.00 to the Trust Land Consolidation Fund, which is to be held in a separate account in the Treasury Department and distributed in accordance with the Settlement Agreement and Claims Resolution Act.

21.     Upon Final Approval, defendants shall establish the Indian Scholarship Holding Fund in accordance with the Settlement Agreement and the Claims Resolution Act, and shall thereafter make payments from it to the Indian Education Scholarship Fund as provided in the Settlement Agreement. The parties shall take all other steps required by the Settlement Agreement and the Claims Resolution Act in connection with the establishment and operation of the Indian Scholarship Education Fund.

22..     It is further ordered that defendants are released from their obligations to file reports required by the Order of December 21, 1999 [Dkt. No. 412] (Interior and

Treasury quarterly status reports) and the Order of September 9, 2004 [Dkt. No. 2681] (Interior Office of Trust Records monthly report of activities).

23.　　It is further ordered that such other duties of plaintiffs to disburse settlement funds to class members shall be performed in accordance with the terms of the Settlement Agreement and any order of this Court. Plaintiffs shall report to the Court before any payments for administration and expenses are made and shall obtain advance approval from the Court therefor.

24.　　Pursuant to § 101(f)(1) of the Claims Resolution Act of 2011, for purposes of the Internal Revenue Code of 1986, amounts received by an individual Indian pursuant to this Settlement shall not be included in gross income and shall not be taken into consideration for purposes of applying any provision of the Internal Revenue Code that takes into account excludable income in computing adjusted gross income or modified adjusted gross income, including section 86 of that Code (relating to Social Security and tier 1 railroad retirement benefits).

25.　　Pursuant to § 101(f)(2) of the Claims Resolution Act of 2011, for purposes of determining initial eligibility, ongoing eligibility, or level of benefits under any Federal or federally assisted program, amounts received by an individual Indian pursuant to this Settlement shall not be treated for any household member, during the 1-year period beginning on the date of receipt as income for the month during which the amounts were received, and shall not treated as a resource.

26.　　This Court shall retain jurisdiction for the purpose of accomplishing the terms of the Settlement Agreement and its administration, and resolving any disputes in connection therewith.

27.    The Clerk shall enter Final Judgment in accordance with this Order.

SO ORDERED this the 27TH of July 2011.

Thomas F. Hogan
United States District Judge