# Pearl, Alex

**From:** dennismgingold@aol.com
**Sent:** Friday, June 03, 2011 6:00 PM
**To:** Harper, Keith; Dorris, Bill; Geoffrey Rempel; Levitas, Elliott; Loving, John; Smith, David; Pearl, Alex
**Subject:** Fwd: Cobell v. Salazar - request to confer

fyi


-----Original Message-----
From: Ted Frank <tfrank@gmail.com>
To: Dennis Gingold <dennismgingold@aol.com>
Cc: Daniel Greenberg <DnGrnbrg@gmail.com>; Adam Schulman <shuyande24@gmail.com>
Sent: Fri, Jun 3, 2011 5:49 pm
Subject: Cobell v. Salazar - request to confer

Dear Mr. Gingold,

Ms. Craven will be filing a motion to strike your motion to strike filed today, which on its face fails to comply with the Local Rules. In addition, we will file a motion for sanctions under 28 U.S.C. §1927 if you do not withdraw the motion by close of business Monday. Please advise by close of business Monday whether you will oppose these motions or whether these motions can be mooted by the withdrawal of your non-compliant motion. If you will oppose these motions please advise when you are available to confer over the telephone regarding this issue. I am available Wednesday afternoon and Friday of next week.

I further note that your brief violates Fed. R. Civ. Proc. 11 by falsely representing to the court that the motion is unopposed, and by failing to draw the court's attention to the binding Supreme Court precedent of *Devlin v. Scardelletti,* 536 U.S. 1 (2002). The Rule 11 violation can be corrected by withdrawing the motion, which should happen in any event because of its failure to comply with the Local Rules.

Even without these problems, the motion to strike is meritless. Ms. Craven is entitled (and, indeed, arguably required) to oppose a motion relating to the fairness hearing. Local Rule 7(b). The alternative is to violate Rule 23(e) and the requirements of constitutional due process by requiring class members to file their papers opposing settlement approval before they know the grounds for approval. *E.g.*, *In re Mercury Interactive Securities Lit.*, 618 F.3d 988 (9th Cir. 2010). If you wanted Ms. Craven to be permitted to file only one set of papers with the Court, you could have asked the Court to set a schedule where the objections were due a reasonable time after the motion for final approval of the settlement was due. It was your own proposed order that multiplied Ms. Craven's costs by forcing her to file an objection April 20 to preserve her rights and then file a separate opposition to the motion for final approval of the settlement that resulted in the second filing. Please do not compound that with further unnecessary multiplication of filings as in your abusive motion to strike.

Have a good weekend.

Very truly yours,

Theodore H. Frank