Theodore H. Frank
Center for Class Action Fairness LLC
1718 M Street NW, No. 236
Washington, DC 20036
(703) 203-3848
tfrank@gmail.com

September 6, 2011

Dennis M. Gingold
607 14th Street, NW
9th Floor
Washington, DC 20005

Keith M. Harper
Kirkpatrick Townsend Stockton LLP
607 14th Street, NW
Washington, DC 20005

R. Craig Lawrence
Robert E. Kirschman, Jr.
Commercial Litigation Branch
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

**VIA EMAIL**

Re:   <u>Cobell v. Salazar</u>, Appeal No. 11-5205 (D.C. Cir.)

Colleagues:

   Pursuant to Fed. R. App. Proc. 30(b)(1), Ms. Craven submits a designation of the parts of the record she intends to include in the appendix.

|  |  |
|---|---|
| 3655-1. | Amended complaint. |
| 3655-2. | Original complaint. |
| 3660-2. | Settlement Agreement and exhibits. |
| 3660-3. | Claims Resolution Act of 2010 (Title I (pages 1-7) only). |
| 3660-6. | February 26, 2010 Modification of Settlement Agreement. |

Gingold, Harper, Lawrence, Kirschman, page 2                    September 6, 2011

| | |
|---|---|
| 3660-12. | November 17, 2010 Modification of Settlement Agreement. |
| 3660-16. | Fee Agreement (Exhibit 14). |
| 3660-17. | Modification of December 7, 2009 Agreement on Fees (Exhibit 15). |
| 3667. | Order on Joint Motion for Prelim. Approval of Settlement Agreement (Dec. 21, 2010). |
| 3670. | ORDER granting 3659 Motion for Order Certifying Trust Administration Class, Appointing Class Counsel, Approving Class Representatives for the Trust Administration Class and Modifying the 2/4/97 Class Certification Order. (December 21, 2010). |
| 3740. | Objection of Kimberly Craven. |
| 3782. | Craven Memorandum in Opposition. |
| 3782-1. | Testimony of Elouise Cobell (Mar. 29, 2007). |
| 3799. | Order granting motion to strike. |
| 3842-1. | June 20 transcript, pages 1-5, 45-52, 70-82, 89-94, 137-41, 151-53, 178-85, and 209-54. |
| 3850. | Order granting Joint Motion for Final Approval of Settlement (with exhibits). |
| 3853. | Final judgment (with exhibits). |
| 3854. | Notice of Appeal. |
| 3862-4. | Declaration of Theodore Frank. |

Ms. Craven's Amended Statement of Issues was previously electronically filed September 2, 2011, but I provide another copy of it to you attached with this letter.

Pursuant to Fed. R. App. Proc. 30(b), please, by Tuesday, September 20, 2011, provide a list of additional parts of the record you wish to designate in the appendix. For each such document, please provide (a) an OCR-readable electronic copy of the document; (b) the docket number associated with the document; (c) the number of pages in the document; and (d) a list of reasons why it is necessary to include this document in the record under FRAP 30 and Circuit Rule 30. If the proposed document is currently under seal, please also provide (e) properly redacted and unredacted OCR-readable electronic copies of the document, appropriately identified as such; (f) whether you will agree to a motion to unseal the proposed document; and (g) if you will not agree to a motion to unseal the document, the reasons why you believe it is appropriate, under existing precedent, to keep the document under seal.

I remind the parties of their obligations under Fed. R. App. Proc. 30(b)(2) and Cir. R. 30 not to designate material in the appendix that is "unnecessary," "of excessive

length," or that does "not bear directly on the issues raised on the appeal." This is a narrowly-drawn appeal on legal issues. It is possible that the list in this letter has overlooked a document or two relevant to the appeal, and Ms. Craven will be happy to modify this list in response to reasonable and reasoned designations. But the suggestion of the plaintiffs to the district court that the record on appeal will need over 10,000 pages is simply unsupportable, and we shall seek appropriate relief and sanctions under Cir. R. 30(b) if either party violates it.

In their motion for appeal bond, plaintiffs expressed concern about the delays caused by this appeal. Please note that Ms. Craven has repeatedly acted to minimize delays: she filed her notice of appeal on August 6 rather than waiting until October; she filed her required paperwork with the D.C. Circuit September 2, ten days before the September 12 deadline; she is providing this Rule 30 notice to you now several weeks before it is required. The appellees can also act to minimize delay if they so choose: they can file their paperwork with the D.C. Circuit ahead of the September 12 deadline; plaintiffs could choose to voluntarily withdraw their frivolous motion for an appeal bond so that there is no risk of an erroneous ruling from the district court that will force delaying collateral litigation in the D.C. Circuit; the appellees can choose to foreswear abusive appendix designations that will force my small office to devote unnecessary time to dealing with the violation of Cir. R. 30. If the appellees can agree to reasonable appendix designations, and make those designations in advance of the September 20 deadline, it will be possible to stipulate to a briefing schedule considerably more expedited than the typical D.C. Circuit schedule. If, however, plaintiffs persist in forcing Ms. Craven to engage in collateral litigation unrelated to the merits of the appeal, that will be impossible. So the question is: are plaintiffs really concerned about delay and interested in minimizing delay, or are they more interested in churning attorneys' fees in the hopes of submitting a larger lodestar request later?

If there is additional appellate counsel to whom I should be addressing correspondence such as this, I trust you will let me know.

Very truly yours,

*/s/ Theodore H. Frank*
Theodore H. Frank

Attachment
cc:   Daniel Greenberg (via email)
      Adam Schulman (via email)
      Kimberly Craven (via email)