Below is a compendium of information about Ted Frank and his Center for Class Action Fairness (CCAF) and his status as a professional objector. First, is a list of cases that he and CCAF promotes as well as settlements that he and CCAF objected to, or appealed, with a parenthetical on the nature of the objections. Second, is a list of the cases where Frank has employed his website to solicit non-party objector clients.

## Cases in which Ted Frank or CCAF has Objected

*Trombley v. National City Bank*, No: 10-cv-232 (JDB) (D.D.C. 2011) (objected to settlement including 25% of common fund in attorney's fees where settlement was agreed to immediately upon filing a complaint).

*Blessing v. Sirius XM Radio Inc.*, No. 09-cv-10035 (S.D.N.Y. 2011) (objected to settlement of injunctive relief to class and $13 million attorneys' fees).

*Stetson v. West Publishing Corp.*, No. CV-08-00810-R (C.D. Cal. 2011) (objected to BarBri coupon settlement and attorneys' fees from the gross settlement fund of $5.285 MM, based on coupon valuation).

*Sobel v. Hertz Corp.*, No. 06-cv-545 (D. Nev. 2011) (objected to coupon-based settlement).

*McDonough v. Toys "R" Us*, No. 2:06-cv-0242-AB (E.D. Pa. 2011) (objected to $35.24MM settlement where attorneys reserved the right to ask for 1/3 plus expenses plus fees for administering the settlement out of the common fund).

*Nachshin v. AOL, LLC*, No. 10-155129 (9th Cir. 2010) (objected to *cy pres* distribution in settlement to local charities affiliated with class counsel instead).

*Bachman v. A.G. Edwards Inc.*, No. ED95074 (Mo. Ct. App. 2010) (objected to purported $60 MM settlement, with $34 MM in time-restricted coupons, and $21 MM in "quick-pay" attorneys feess plus expenses; also appealed class action against Edward D. Jones & Co. with $127.5 MM coupon settlement and $27MM in attorneys fees)

*In re Apple Inc. Securities Litigation,* No. C-06-5208-JF (N.D. Cal.) (objected to $2.5MM diversion in *cy pres* to third parties out of $16.5MM settlement and demanded a share of $2MM in attorneys' fees).

*In re Classmates.com Consolidated Litigation*, No. 09-cv-0045-RAJ (W.D. Wash. 2011) (objected to settlement involving $117,000 cash and coupons + $1.05MM in attorney's fees).

*In re New Motor Vehicles Canadian Export Antitrust Litigation*, No. MDL 03-1532 (D. Me. 2011) (objected to $500,000 in *cy pres* distributions to unrelated third parties and attorneys' fees).

*In re HP Inkjet Printer Litigation*, No. 05-3580, 2011 WL 1158635 (N.D. Cal. Mar. 29, 2011) (objected to attorneys' fees and settlement with $5 MM valuation of coupons to class ($2 to $7 coupons only redeemable on HP.com).

*In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840 (D. Kan. 2011) (objected to settlement in Costco case, challenging class notice as improper and $10MM in attorneys' fees when class received injunctive relief).

*In re NVIDIA GPU Litig.*, No. C 08-04312 JW, (N.D. Cal. 2011) (lost motion to enforce the settlement agreement and cure the breach of the settlement agreement on behalf of 5 class members where preliminary claims amounted to $10MM versus $13MM in attorneys' fees and NVIDIA failed to provide a replacement computer "of like or similar kind").

*In re HP Laserjet Printer Litigation*, No. 8:07-cv-00667 AG RNB, (C.D. Cal 2011) (objected to coupon settlement for coupons and attorneys' fees).

*In re Bluetooth Headset Prods. Liability Litig.*, No. 09-56683 (9th Cir. 2011) (objected and appealed attorneys' fees of $800,000 that exceeded the $100 *cy pres* only settlement).

*Ercoline v. Unilever United States, Inc.*, Civ. A. No. 2:10-cv-01747-SRC-MAS (D.N.J. 2011) (objected to Breyers Smooth & Dreamy ice cream products settlement of $0 and $200,000 to attorneys).

*Dewey v. Volkswagen*, Nos. 10-3618, 10-3506, 10-3617, & 10-3798 (3rd Cir. 2010) (objected and appealed $1MM settlement regarding leaky sunroofs and attorneys' fees of $22.5MM).

*Lonardo v. Travelers Ins.*, (objected to settlement of $2.8MM in claims at $8.69/policy year for class members who submit claims by mail and $6.6MM in attorney's fees).

*Robert F. Booth Trust v. Crowley*, No. 09-5314 (N.D. Ill.) (objected to $0 injunctive relief settlement for shareholders of Sears Holding Corp. for violation of the Clayton Act and attorneys' fees of $925,000).

*In re Diet Drugs Prods. Liab. Litig.*, No. 09-3818 (3rd Cir. 2010) (supported plaintiffs' appeal of denial of a Rule 60(b) motion one year after the settlement because it provided a $547MM award of attorneys' fees).

*True v. American Honda Motor Co.*, Case No. 07-cv-00287 VAP (OPx) (C.D. Cal. 2010) (objected to coupon based settlement and $2.95MM in attorneys' fees)

*In re TD Ameritrade Account Holder Litigation*, No. C 07-2852 VRW, (N.D. Cal. 2009) (objected to software coupon and *cy pres* settlement and attorneys' fees of $1.87MM).

*In re Grand Theft Auto Video Game Consumer Litig. (No. II)*, No. 1-06-md-1739 (SWK) (MHD) (S.D.N.Y. 2008) (objected to a settlement and requested decertification of the class).

**Solicitations to Class Members Seeking to Object on the CCAF Website**

June 24, 2011
"The Center for Class Action Fairness represents class members pro bono when they are treated unfairly by class action settlements. Please contact me if you get notice of a class action settlement that you are concerned might be unfair, and I will evaluate it for free."
Available at:
http://centerforclassactionfairness.blogspot.com/2011/06/june-20-was-busy-day.html

April 26, 2011
*Calloway v. Cash America Net of California LLC*, No. 09-CV-4858, 2011 WL 1467356 (N.D. Cal. Apr. 12, 2011).
"If there's a member of one of these two classes who would like to timely object to this potential rip-off, the Center would be happy to represent them pro bono to vindicate the protections of Rule 23(h) in all class settlements."
Available at:
http://centerforclassactionfairness.blogspot.com/2011/04/gittin-v-kci-usa-and-calloway-v.html

November 29, 2010
*Dennis v. Kellogg Co.*, No. 09-CV-1786-IEG (WMc) (S.D. Cal. 2010)
"If you're a class member and you're unhappy with attorneys improperly making millions in your name, do contact me at the Center for Class Action Fairness to discuss your options."
Available at:
http://centerforclassactionfairness.blogspot.com/2010/11/kelloggs-frosted-mini-wheats-class.html

October 21, 2010
*In re Apple Inc. Securities Litig.*, No. C-06-5208-JF (N.D. Cal. 2011).
"The Center for Class Action Fairness would love to object to such a blatantly illegal settlement. But it can't do so in a vacuum: it can only do so on behalf of a class member who is being ripped off by these attorneys. Class members are those who bought Apple stock (AAPL) between August 24, 2001 and June 29, 2006—but only people who bought the stock between November 2005 and May 2006 are entitled to recover any money under the settlement, and their recovery is being diluted by the diversion to cy pres. We'd be happy to represent you pro bono if you agree that the settlement is objectionable and wish to object: please contact me. If you're not in the class, but know people or institutions who might be, spread the word.  (Update: we have one objector, and are talking to a couple of others. Isn't crowd-sourcing great?)"
Available at:
http://centerforclassactionfairness.blogspot.com/2010/10/illegal-apple-backdating-class-action.html

October 14, 2010
*Ercoline v. Unilever United States, Inc.*, Civ. A. No. 2:10-cv-01747-SRC-MAS (D.N.J. 2011).
"Because I'm a member of the class of purchasers of Breyers Smooth & Dreamy ice cream products, I will be objecting; to deter objections, the attorneys have threatened objectors with

3

intrusive depositions and require illegal hoops before permitting objectors to object, despite the plain statement of Rule 23 that class members are permitted to object, period.  If you're a class member, and you're willing to risk a deposition, and you independently think this settlement is unfair, you're welcome to contact me; you are also welcome to contact me if you're a class member and don't wish to risk a deposition, and we can discuss your options."
Available at:
http://centerforclassactionfairness.blogspot.com/2010/10/0-settlement-in-breyers-smooth-dreamy.html

March 16, 2010
*Satterfied v. Simon & Schuester*, No. 07-16356 (9th Cir. 2009) (cell-phone advertisement of a Stephen King book where class members were viewed as unlikely to submit claims, but attorneys' fees of $2.725MM from the $10MM common fund).
"If you're a class member who received the text message in 2006, congratulations, you can get free money: fill out a claim form before September 20 (and kudos to the parties for allowing claimants to do it online); if you're a class member who has concerns about the settlement, contact me."
Available at:
http://centerforclassactionfairness.blogspot.com/2010/03/scary-stephen-king-text-message-worth.html

September 28, 2009
*Gelmas v. The Dannon Co.*, No. 1:08-cv-00236,  (N.D. Ohio 2009) (yogurt consumer-fraud case with "clear sailing" provision for attorneys' fees of $10MM out of the $35MM fund).
"The court has yet to provide preliminary approval to the settlement. If you are a member of the class of Activia purchasers, and you wish to object to the settlement, please let me know."
Available at:
http://centerforclassactionfairness.blogspot.com/2009/09/dannon-activia-class-action-settlement.html