UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELOUISE PEPION COBELL,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **SALLY JEWELL, Secretary of the Interior,** *et al.*, <br><br> **Defendants.** | Civil Action No. 96-01285 (TFH) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Release Escrowed Funds [ECF No. 3931] and Plaintiffs' Motion to Strike Unauthorized Supplemental Brief of Petitioner Mark Brown [ECF No. 3967]. As is self-evident, both motions were filed by the plaintiffs and are related to an ongoing dispute with the Native American Rights Fund ("NARF") and Mark Kester Brown over the recovery of attorneys' fees in this case. The Motion to Release Escrowed Funds seeks "to release to Kilpatrick Townsend & Stockton LLP the sum of $13,616,250.84 in attorneys' fees currently being withheld in the Settlement Fund (the "Escrowed Funds") because of the claims by the Native American Rights Fund ("NARF") and Mark Kester Brown ("Brown") (collectively "Intervenors")." Pls.' Mot. to Release Escrowed Funds 1. The referenced claims are set forth in Attorney Mark Kester Brown's Motion for Attorney's Fees [ECF No. 3699] and Native American Rights Fund's Petition for Attorney's Fees [ECF Nos. 3714, 3733, 3752], both of which remain pending before the Court. On March 18, 2013, the

Court entertained oral arguments regarding these motions and referred the attorneys'-fee dispute to Magistrate Judge Alan Kay for mediation. It is the Court's understanding that mediation is ongoing. Accordingly, because the dispute over $13,616,250.84 in attorneys' fees currently being withheld in the Settlement Fund has not been resolved, the Motion to Release Escrowed Funds is denied without prejudice.

The Motion to Strike Unauthorized Supplemental Brief of Petitioner Mark Brown asks the Court "to strike from the record and give no weight to Petitioner Mark Brown's supplemental brief filed on July 19, 2013 [Dkt 3965], including his improper references in that filing to the court-ordered mediation conducted by the parties," on the grounds that the supplemental brief improperly reveals confidential mediation positions and "[n]either the Federal Rules of Civil Procedure nor the Local Rules of this Court authorize such a supplemental brief." Pls.' Mot to Strike ¶ 1. On the latter point, the Court observes that the plaintiffs also have been guilty of filing supplemental briefs without authority or leave of the Court, *see* Pls.' Supplemental Resp. to Objections to Their Mot. to Approve an Interim Payment to Class Counsel [ECF No. 4012]. Nevertheless, because mediation reportedly has not concluded the filing of any supplemental briefs regarding the attorneys'-fee dispute is premature so it will be stricken without prejudice to refile supplemental arguments -- with leave of the Court -- once the mediation is concluded.

It therefore is

**ORDERED** that Plaintiffs' Motion to Release Escrowed Funds [ECF No. 3931] is **DENIED WITHOUT PREJUDICE**. It further is

**ORDERED** that Plaintiffs' Motion to Strike Unauthorized Supplemental Brief of Petitioner Mark Brown [ECF No. 3967] is **GRANTED** and the motion shall be **STRICKEN WITHOUT PREJUDICE**.  Finally, it is

**ORDERED** that no party shall be permitted to file unsolicited supplemental legal briefs in this case absent the Court's leave to do so.

**SO ORDERED.**

March 20, 2014

                                      Thomas F. Hogan
                              Senior United States District Judge