UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ELOUISE PEPION COBELL, by and through TURK R. COBELL, as the personal representative of her estate,** *et al.***,**

**Plaintiffs,**

v.

**SALLY JEWELL,**
**Secretary of the Interior,** *et al.***,**

**Defendants.**

Civil Action No.
1:96-cv-01285 (TFH/GMH)

## MEMORANDUM OPINION

This matter was referred to the undersigned for adjudication of Mark Brown's fee petition. In January 2017, this Court granted that petition and awarded Brown $2.878 million in fees. Thereafter, Brown filed a motion seeking prejudgment interest on his fee award [Dkt. 4257]. That motion is fully briefed and ripe for adjudication.[1] Based on the entire record, the Court finds that Brown is entitled to prejudgment interest of $736,293.88, an amount calculated based on the simple, annual interest rate of 6%.

## BACKGROUND

This matter arises from a class action filed in 1996 alleging that the Department of the Interior had mismanaged Native American lands it had held in trust since the late nineteenth century. *See* Amended Complaint [Dkt. 3671] (Dec. 21, 2010), at ¶¶ 3–4, 17. The parties agreed to a settlement in 2009, the terms of which were approved by Congress in 2010, this Court in 2011,

---

[1] The most relevant docket entries for purposes of this Memorandum Opinion are as follows: (1) Petitioner Mark Kester Brown's Motion for Prejudgment Interest Pursuant to Rule 59(e) and this Court's January 31, 2017 Order; Memorandum of Points and Authorities in Support Thereof ("Brown Mot.") [Dkt. 4257]; (2) Plaintiffs' Reply to Motion of Mark Kester Brown for Prejudgment Interest ("Pl. Reply") [Dkt. 4263]; and (3) Petitioner Mark Kester Brown's Reply to Plaintiffs' Opposition to Motion for Prejudgment Interest ("Brown Reply") [Dkt. 4264]. All citations to page numbers within a particular document will be to the ECF docket page numbers for the document.

and the D.C. Circuit in 2012. *See* Plaintiffs' Motion for Preliminary Approval of the Settlement [Dkt. 3660] (Dec. 10, 2010), at 1; Final Order Approving Settlement [Dkt. 3850] (Jul. 27, 2011), at 4; *Cobell v. Salazar*, 679 F.3d 909, 913 (D.C. Cir. 2012). The settlement included an award to Plaintiffs' counsel of $99 million in attorney's fees. Final Order Approving Settlement, at 9–10.

Plaintiffs' counsel's motion for the award of fees omitted all of the hours Mark Brown expended on the representation. *See* Plaintiffs' Motion for Attorney's Fees and Expenses of Class Counsel [Dkt. 3678] (Jan. 25, 2011). Brown subsequently intervened, seeking a fee award of $5.517 million for 11,615 hours of work he incurred on behalf of the class. *See* Petitioner's Response to Plaintiffs' Motion for Attorney's Fees [Dkt. 3699] (Feb. 28, 2011). In 2011, Judge Hogan responded to Brown's fee petition by withholding the amount that Brown claimed he was due (and that claimed by another intervenor, the Native American Rights Fund) in the Settlement Account, and by releasing the balance of the $99 million fee award to Plaintiff's counsel. Final Order Approving Settlement [Dkt. 3850] (Jul. 27, 2011), at 9–10. Those fees not held in the Settlement Account were distributed to class counsel on November 24, 2012. Order [Dkt. 3923] (Dec. 11, 2012). After a series of unsuccessful mediations, Judge Hogan referred Brown's fee petition to the undersigned for resolution. Referral Order [Dkt. 4124] (May 12, 2015).

On January 31, 2017, the undersigned awarded Brown $2,878,612.52 for 8,224 hours of work. *See Cobell v. Jewell*, No. 96-CV-1285 (TFH/GMH), 2017 WL 421905, at *43 (D.D.C. Jan. 31, 2017). Plaintiffs paid the fee award on February 28, 2017. Plaintiffs' Notice of Payment to Mark Brown [Dkt. 4265] (Feb. 28, 2017).

While Brown asserted a claim for fees based primarily on quantum meruit, the Court calculated his fee award based on the terms specified in his engagement letters with the Plaintiffs. *See Cobell*, 2017 WL 421905, at *34–35. The Court based Brown's hourly rate on the only rate

2

included in those engagement letters – $350 an hour – rather than, as Brown had requested, hourly rates specified in the U.S. Attorney's Office's current *Laffey* matrix. Brown had requested present-day *Laffey* rates to account for the time-value of money and to compensate for the delay in him receiving his fee award. *Id.* at \*34–35. The Court rejected that request but permitted Brown to file a motion seeking prejudgment interest on the fee award pursuant to District of Columbia law.[2] *Id.* at \*35.

Brown filed such a motion on February 18, 2017. He requests prejudgment interest on his fee award pursuant to § 15-108 and § 15-109 of the D.C. Code, at an interest rate of 6%, compounded annually, for a total amount of $819,656.21. Brown Mot. at 10–11. Plaintiffs responded to Brown's motion by denying that he is entitled to any prejudgment interest under the law of the District of Columbia. Brown's reply followed. The issue is now ripe for adjudication.

## LEGAL STANDARD

Under District of Columbia law, prejudgment interest is typically "an element of complete compensation." *Bragdon v. Twenty-Five Twelve Assocs. Ltd. Partnership,* 856 A.2d 1165, 1172 (D.C. 2004). It should be awarded "absent some justification" for denying it. *Washington Inv. Partners of Delaware, LLC v. Sec. House, K.S.C.C.,* 28 A.3d 566, 581 (D.C. 2011) (internal quotations omitted). In its most extended treatment of the subject, the District of Columbia Court of Appeals in *District of Columbia v. Pierce Associates, Inc.*, 527 A.2d 306 (D.C. 1987), described a shift in the common law treatment of prejudgment interest. Under the older, "penalty theory" view, prejudgment interest is appropriate where a debtor, with full knowledge of the debt owed, refuses to pay the creditor. *Id.* at 310–11. Because of this refusal, the debtor is rightfully punished

---

[2] The parties do not dispute that District of Columbia law applies to their dispute over prejudgment interest. *See Burlington Ins. Co. v. Okie Dokie, Inc.,* 398 F. Supp. 2d 147, 158 (D.D.C. 2005) ("Because prejudgment interest is a substantive matter, District of Columbia law applies to this issue."), *vacated on other grounds,* 439 F. Supp. 2d 124 (D.D.C. 2006).

by the imposition of interest for the duration of debtor's refusal. *Id.* The penalty theory, therefore, places significant weight on whether the debt was liquidated, as a debtor should not be expected to pay a debt that is not easily ascertained. *Id.*

More recent cases in the District of Columbia have adopted the "loss" or "unjust enrichment" theory of prejudgment interest. Under that theory, the inquiry concerning the liquidation of the debt is replaced with consideration of what will fairly make whole the party who has been deprived of the use of money. *Id.* at 311. The plaintiff has experienced a loss for which it must be made whole, while the party who has enjoyed the use of that money has thereby been unjustly enriched. *Id.* As the focus is on making the wronged party whole, the inquiry places less emphasis on whether the debtor could have known the amount it owed, which is to say whether the debt was liquidated. *Id.*

The Court of Appeals in *Pierce Associates, Inc.*, found both of these theories of prejudgment interest reflected in the District of Columbia Code: § 15-108 expresses the penalty theory of prejudgment interest, while § 15-109 endorses the loss/unjust enrichment theory. *Id.*; D.C. Code §§ 15-108, 15-109 (2016). Section 15-108 provides for prejudgment interest where a judgment is both a "liquidated debt" and occurs in circumstances where "interest is payable by contract or by law or usage." D.C. Code § 15-108. If either of these requirements are not satisfied, an award of prejudgment interest is not authorized under § 15-108.

Section 15-109 is more flexible. It permits an award of prejudgment interest as an "element [of] damages" in a breach of contract case "if necessary to fully compensate the plaintiff." *Id.* § 15-109. It provides a trial court with a "wide range of discretion in awarding prejudgment interest." *House of Wines, Inc. v. Sumter*, 510 A.2d 492, 499 (D.C. 1986); *Edmund J. Flynn Co. v. LaVay*, 431 A.2d 543, 550 n.6 (D.C. 1981); *Noel v. O'Brien*, 270 A.2d 350, 351 (D.C. 1970).

4

# DISCUSSION

The Court considers below Brown's request for prejudgment interest under both sections of the D.C. Code.

## A. D.C. Code § 15-108

In considering a request for prejudgment interest under § 15-108, a court must analyze two questions: whether the judgment concerns a liquidated debt and whether the circumstances are such that interest is payable on the debt "by contract, law or usage." D.C. Code § 15-108. A debt is considered liquidated when it represents an "easily ascertainable sum certain." *Washington Gas Light Co. v. Pub. Serv. Comm'n of D.C.*, 61 A.3d 662, 676–77 (D.C. 2013); *see also Steuart Inv. Co. v. The Meyer Grp., Ltd.*, 61 A.3d 1227, 1240 (D.C. 2013). A debt is "not easily ascertainable" where it is in dispute, and the contract on which the debt is based contains neither a definite sum due for services rendered nor an interest rate. *Schwartz v. Swartz*, 723 A.2d 841, 843 (D.C. 1998).

On this threshold requirement, Brown's quest for prejudgment interest under § 15-108 runs aground. As this Court's 83-page Memorandum Opinion amply demonstrates, Brown's fee award was anything but "easily ascertainable." His fee petition raised a wide variety of theories of recovery, hourly rates, and total hour figures, nearly every aspect of which the parties heavily disputed. *See Cobell*, 2017 WL 421905, at *24. Principally among Brown's legal theories was a claim sounding in quantum meruit, an equitable theory which is itself inexact in its application. *See* Petitioner's Proposed Findings of Fact and Conclusions of Law [Dkt. 4220], at 25–29. For that reason, "quantum meruit damages are by their very nature unliquidated." *Schwartz,* 723 A.2d at 844 (quotation and alteration omitted).

While this Court ultimately used as its "guide" the terms of Brown's engagement letters with Plaintiffs, rather than quantum meruit, ascertaining what Brown was owed pursuant to the

5

parties' agreement was hardly a task that could be described as "easy." The engagement letters contained neither a definite sum due for his services rendered nor an interest rate. Indeed, as Plaintiffs rightfully observe, "not even [Brown] could identify for this Court what he felt was owed." Pl. Reply at 7. His fee demand varied throughout the proceedings, ranging from $5.111 million to $6.523 million for anywhere from 10,630 to 11,615 hours of work. *Cobell*, 2017 WL 421905, at *24; *see Dist. of Columbia v. Campbell,* 580 A.2d 1295, 1300–01 (D.C. 1990) (explaining that the plaintiff's fluctuating damage claims during the course of the litigation "itself likely would be sufficient grounds . . . to conclude that the damages . . . were unliquidated"). Ultimately, to resolve the issues raised in Brown's fee petition, the undersigned held a multi-day evidentiary hearing involving multiple witnesses for both sides, numerous exhibits, and hours of legal argument from counsel for both parties.

For all of these reasons, the Court finds that Brown's fee award was an unliquidated debt. Accordingly, there is no need to resolve whether the circumstances are such that prejudgment interest is payable on that debt "by contract, law or usage" as required by § 15-108. Brown's request for prejudgment interest under § 15-108 is denied.

### B. D.C. Code § 15-509

Brown's pursuit of interest on his fee award fares better under D.C. Code § 15-109. Under that provision, prejudgment interest may be included as an element of a breach of contract damages award, even on an unliquidated debt, "if necessary to fully compensate the plaintiff." D.C. Code § 15-109; *Riggs Nat. Bank of Washington, D.C. v. D.C.*, 581 A.2d 1229, 1254 (D.C. 1990) (observing that even "where the amount owing is unliquidated" under § 15-108, an award of prejudgment interest is discretionary under § 15-109). Such an award of interest is intended to "compensate the creditor for the loss of the use of money over time." *Fed. Mktg. Co. v. Virginia Impression*

6

*Prod. Co.*, 823 A.2d 513, 531 (D.C. 2003); *see also Kaseman v. Dist. of Columbia*, 329 F. Supp. 2d 20, 28 (D.D.C. 2004).

A trial court has "broad discretion" in permitting an award of prejudgment interest under § 15-109. *Burke v. Groover, Christie & Merritt, P.C.*, 26 A.3d 292, 305 (D.C. 2011) (quoting *Pierce Assoc., Inc.,* 527 A.2d at 310). The District of Columbia Court of Appeals has instructed that the statute "should be generously construed so that the wronged party can be made whole." *Washington Inv. Partners of Delaware, LLC,* 28 A.3d at 581 (quoting *Dist. Cablevision Ltd. Partnership*, 828 A.2d at 732); *see also Motion Picture Ass'n of America, Inc. v. Oman,* 969 F.2d 1154, 1157 (D.C. Cir. 1992) (observing that, under the federal common law, a court "should ordinarily award prejudgment interest when a statute is silent on the matter," because "interest compensates for the time value of money, and thus is often necessary for full compensation"). Indeed, the Court of Appeals has stated that the court "usually should award 'delay damages' in [breach of contract cases involving unliquidated claims] 'absent some justification for withholding such award.'" *Fed. Mktg. Co.*, 823 A.2d at 532 (quoting *Gen. Motors Corp. v. Devex Corp.,* 461 U.S. 648, 657, 103 S. Ct. 2058, 76 L.Ed.2d 211 (1983)).

The Court finds that an award of prejudgment interest pursuant to § 15-109 is appropriate here to fully compensate Brown. He waited over four years to be paid for his work on this case—from November 24, 2012, when his co-counsel were paid for their work, until he collected his fee award as ordered by this Court on February 28, 2017. During that period, Brown was deprived of the use of a substantial sum of money that he was owed—over $2.878 million. When he was excluded from his co-counsels' motion for a fee award, he timely commenced suit to collect his fee. District of Columbia law is clear that prejudgment interest is an equitable remedy used to make a judgment creditor whole, and here there is no question that Brown would not be made

whole were his award not to include prejudgment interest on the substantial sum that was withheld from him for over four years.

Plaintiffs' counsel contends that they have been prejudiced because Brown did not claim entitlement to prejudgment interest until after this Court awarded him fees. Pl. Reply at 12–13. But Brown effectively did so when he argued that his fee award should be calculated based on his current *Laffey* rate to compensate him for the delay in receiving his fees. *See Cobell*, 2017 WL 421905, at *34–35; *see also Ashraf-Hassan v. Embassy of France in the United States,* 189 F. Supp. 3d 48, 57 (D.D.C. 2016) ("Paying attorneys at current rates is certainly one permissible method of compensating for delay . . . ."). Certainly, Plaintiffs were on notice that he was seeking compensation for the delayed payment. His specific request for prejudgment interest became relevant only when this Court denied his request for compensation at his current *Laffey* rate, and invited him to file a motion seeking prejudgment interest. *Cobell*, 2017 WL 421905, at *35. Because Plaintiffs now have had a full opportunity to oppose that request, their claim of prejudice is unfounded.

Also unavailing is their contention that it would be inequitable to award Brown prejudgment interest because Plaintiffs' counsel did not have use of the money that ultimately funded Brown's fee award given that it was withheld in the Settlement Account pending resolution of his fee petition. Pl. Reply at 14; Final Order Approving Settlement [Dkt. 3850] (Jul. 27, 2011), at 9–10. For Plaintiffs' counsel, while there may have been a "loss" to Brown because of the delay in payment of his fees, there was no "unjust enrichment" on their part because the money to be used to fund his fee award was never in their possession. Because every dollar withdrawn from the Settlement Account to fund Brown's fee award is one less dollar that will be returned to Plaintiffs'

8

counsel, they further protest that the money in the Settlement Account has earned only a *de minimus* amount of interest in the years that it has taken to adjudicate Brown's fee petition.[3]

In that sense, this matter is identical to that confronted by this Court in *Frederick County Fruit Growers Ass'n v. Dole,* Civ. No. 87-1588 (CRR), 1989 WL 46742 (April 25, 1989). There, the party found liable for the debt at issue sought to avoid an award of prejudgment interest at a rate of interest significantly higher than the rate actually accrued on the money held in escrow that would fund the award. *Id.* at *1. Like here, the liable party argued that it would be inequitable to award prejudgment interest at the higher rate because "the funds had been earning substantially less . . . under the escrow account established pursuant to [the Court's] order," and because "the escrowed funds [had] not been available to [the liable party], and therefore [had] not benefitted [the liable party], during the entire period." *Id.* The Court disagreed, holding that, although it "sympathize[d] with the [liable party's] predicament," an award of prejudgment interest was necessary to achieve "full compensation [to the prevailing party] for the injury those damages are intended to address." *Id.* (quoting *West Virginia v. United States,* 479 U.S. 305, 310 n.2 (1987)). As between the competing interests of the liable and prevailing parties, the Court concluded that, in considering an award of prejudgment interest, it "must be most concerned with providing full compensation to the prevailing party, and less concerned with hardship to the party found liable." *Id.*

The undersigned agrees. Here Brown was the prevailing party, and Plaintiffs were found liable for his fees. Although the Court understands and appreciates Plaintiffs' position, Brown's interest in receiving full compensation remains paramount. Indeed, under the plain language of

---

[3] According to Plaintiffs, only $5,695.72 in interest has accrued in the Settlement Account on the fees Brown was awarded by this Court, an amount that represents an annual, uncompounded interest rate of .046%. Pl. Reply at 15.

9

§ 15-109, the critical question is not whether Plaintiffs "unlawfully withheld" the funds in question,[4] but what, if anything, remains owing to Brown to make him whole. *See* D.C. Code § 15-109 (authorizing the trier of fact to include prejudgment interest as an element of damages "if necessary to fully compensate the plaintiff"); *see also In re Vitamins Antitrust Litig.,* 398 F. Supp. 2d 209, 240 (D.D.C. 2005) (the "fundamental criterion guiding the exercise of discretion to award pre-judgment interest is whether [the plaintiff] will be fully compensated without it"). Here, the answer to that question is an award of prejudgment interest to Brown to compensate him for the time value of the fees that were in fact owed to him over four years ago.[5]

Indeed, it would be an odd result if the solution *selected by the Court* to ensure that there would be money left to fund Brown's fee award—that is, leaving that money in the Settlement Account—would later form the basis for a decision to deny Brown full compensation for the delay resulting from adjudication of his fee petition. Had Brown known that Plaintiffs' counsel would later argue that he should receive no prejudgment interest because they had no access to the money left in the Settlement Account, he may well have asked that the money be released to Plaintiffs

---

[4] The principle D.C. Court of Appeals cases on which Plaintiffs rely for the proposition that a court should not award prejudgment interest to a prevailing party unless funds were "wrongfully withheld" by the party found liable are inapposite as they were interpreting the requirements of D.C. Code § 15-108, not § 15-109. *See Dist. Cablevision Ltd. Partnership*, 828 A.2d at 731, n.24 ("We . . . have no occasion to address the applicability of § 15-109 to this case."); *Riggs Nat. Bank of Washington, D.C.,* 581 A.2d at 1254-55.

[5] In making this finding, the Court declines to follow the parties into their mutual recriminations regarding who was or was not intransigent during settlement negotiations of Brown's fee claim. *See* Pl. Reply at 17–21; Brown Reply at 13–14. Using such negotiations as a basis for determining whether a prevailing party is entitled to prejudgment interest as part of a damages award would be akin to using such negotiations to "prove the validity or amount of a disputed claim," which is prohibited by Federal Rule of Evidence 408. *See* Fed. R. Evid. 408. In any event, determining with certainty which side was the "stonewaller" during settlement negotiations is often a fool's errand. This matter was no different. According to the parties, during their negotiations Brown would not accept less than between $4 and $5 million to settle his fee claim, but Plaintiffs did not offer more than $3.2 million. Which side then is to be blamed for the matter not settling, the one which would not decrease its demand to meet the other side's offer, or the one which would not increase its offer to meet the other side's demand? Who knows.

10

pending resolution of his fee petition. But Brown had no real choice in the matter.[6] *See* Final Order Approving Settlement [Dkt. 3850] (Jul. 27, 2011), at 9–10.

Finally, Plaintiffs' counsel's claim of unfairness rings uniquely hollow here. Four years ago they received over $85 million in fees, and they have enjoyed the benefit of those funds ever since. *Id.* Brown, on the other hand, received nothing—salient facts that shed light on the relative equities of the parties' positions, and which distinguish this case from every other cited by the Plaintiffs in support of their opposition to Brown receiving any prejudgment interest to compensate him for the delayed payment.

For all of these reasons, the Court will grant Brown's request for prejudgment interest on his fee award pursuant to D.C. Code § 15-109.

### C. Rate of Interest

Determination of the rate of interest to be paid on Brown's award is greatly simplified by another D.C. Code provision, § 28-3302, which defines the interest rates paid on judgments in the District of Columbia. Section 28-3302 contains three interest rates, one applicable to "the loan or forbearance of money, goods, or things in action in the absence of expressed contract," § 28-3302(a); one applicable to "judgments or decrees against the District of Columbia," § 28-3302(b); and one applicable to "judgments or decrees . . . not against the District of Columbia," § 28-3302(c). There is a consensus in the District of Columbia courts that the rate applicable to pre-judgment interest awarded under § 15-109 in breach of contract actions where the contract specifies no interest rate is that defined in the first of these, § 28-3302(a). *See Pierce Assocs., Inc.*, 527

---

[6] Nor is Plaintiffs' reliance on interpleader case law persuasive. In *Nest and Totah Venture, LLC v. Deutsch*, 31 A.3d 1211, 1230 (D.C. 2011), no prejudgment interest was awarded, not because it was disallowed as a matter of law in interpleader actions, but because the party claiming a right to the funds did not prevail. Indeed, in *Powers v. Metropolitan Life Ins. Co.*, 439 F.2d 605 (1971)—cited by Plaintiffs—the D.C. Circuit instructed "that in interpleader actions interest need not be automatically allowed, but that its award should depend upon equitable considerations," a standard consistent with the Court's resolution of the parties' dispute here under § 15-109. *Id.* at 609.

11

A.2d at 310–11 (collecting cases). That rate "is 6% per annum." D.C. Code § 28-3302(a). That rate has been routinely approved by the District of Columbia Court of Appeals, *see* In re *Hewett*, 11 A.3d 279, 290 (D.C. 2011); *Pierce Assocs., Inc.*, 527 A.2d at 310, and by this Court when interpreting District of Columbia law, *see Dist. Title* v. Warren, Civil Action No. 14-1808 (ABJ), 2015 WL 7180200, at *9 (D.D.C. Nov. 13, 2015); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 297 F.R.D. 4, 13 (D.D.C. 2013).

Nowhere in their briefs do Plaintiffs even mention § 28-3302, much less address its application here. Rather, they contend that Brown should receive no more than the interest actually accrued over the past four years in the Settlement Account on the fees he was awarded, i.e., $5,695.72. Pl. Reply at 15.

The Court declines Plaintiffs' invitation to ignore District of Columbia law concerning the proper rate of prejudgment interest in this matter. Section 28-3302 sets that rate. The fact that that rate—6 %—may be higher than market interest rates over the past four years, does not alter that conclusion. Indeed, the District of Columbia Court of Appeals has recognized that the rate set by § 28-3302 "may, depending on market conditions . . . work inequities." *Pierce Assocs., Inc.*, 527 A.2d at 311 n.10. As the Court of Appeals properly held, any such inequity is an issue for a legislative, rather than judicial, resolution. *Id.*; *see also Duggan v. Keto,* 554 A.2d 1126, 1141 (D.C. 1989) ("If the court concludes that [D.C. Code § 28-3302] applies, it shall use the six percent figure in its calculations."). Accordingly, Brown will be awarded prejudgment interest at the rate of 6% per annum pursuant to § 28-3302.

### D. Compounding Interest

Brown's final request is that prejudgment interest on his fee award be compounded annually, rather than on a simple annual basis. *See* Brown Mot. at 9–10. He relies for his argument

primarily on a single case, *Kifafi v. Hilton Hotels Retirement Plan*, 826 F. Supp. 2d 25, 44 (D.D.C. 2011), wherein this Court allowed a prejudgment interest award to be compounded when applying District of Columbia law. Brown Reply 19–20. *Kifafi*, Brown argues, stands for the proposition that a court has the discretion under District of Columbia law to compound an award of prejudgment interest. Brown Mot. at 9. Compounding is appropriate here, Brown argues, because of the length of delay he experienced in being paid and the magnitude of attorney's fees he incurred in seeking his fee award. Brown Mot. at 9.

Section 28-3302 is silent as to whether interest should be calculated on a simple or compounded basis. Plaintiffs rightfully point to District of Columbia Court of Appeals cases that hold that, absent a contractual provision providing for compounded interest, "neither prejudgment nor judgment interest is compounded" in contract actions. *See Giant Food, Inc. v. Jack I. Bender & Sons*, 399 A.2d 1293, 1304 (D.C. 1979); *Rastall v. CSX Trans. Inc.*, 697 A.2d 46, 53 (D.C. 1997). As there is no such provision in Brown's engagement letters, those cases effectively decide the issue in Plaintiffs' favor.

Even assuming that District of Columbia law permits a court the discretion to calculate prejudgment interest on a compounded basis in an appropriate case, this Court would not do so here because it would result in an award that would make Brown more than whole. Awarding him prejudgment interest at the 6% rate already represents an improvement of some 5.95% over the rate actually earned by the money withheld in the Settlement Account. What's more, during the time the funds were held in the account, the prime interest rate varied between 3.25% and 3.75%.[7]

---

[7] The prime rate was dropped from 4% to 3.25% on December 16, 2008. *See Market Data Center*, THE WALL STREET JOURNAL, http://online.wsj.com/mdc/public/page/2_3020-moneyrate-20081216.html. It was next changed on December 17, 2015, when it was raised to 3.5%. *See id.*, http://online.wsj.com/mdc/public/page/2_3020-moneyrate-20151217.html. On December 15, 2016, it was raised again, to 3.75%. *See id.,* http://online.wsj.com/mdc/public/page/2_3020-moneyrate-20161215.html (prime rate on November 26, 2012).

Brown's award at 6% then, represents a return of 2.25 to 2.75% over the prime rate, even without compounding. Because "the purpose of pre-judgment interest [is] to make the creditor whole, and no more," *Riggs Nat. Bank of Washington, D.C.*, 581 A.2d at 1256, the Court's award of prejudgment interest will not be compounded.

### E. Calculation of Prejudgment Interest

| | |
|---|---|
| Time in years between 11/24/12 and 11/23/16 | 4 |
| Time in years between 11/24/16 and 2/28/17 | 0.263014 (96 days) |
| Total time in years | 4.263014 |
| Original award | $2,878,612.52 |
| Rate of annual interest | 0.06 |
| Total interest calculated on a simple annual basis (original award*rate*time) | $736,293.88 |
| Revised total award including prejudgment interest | $3,614,906.40 |

### CONCLUSION

For the reasons stated above, Mark Brown's Motion for Prejudgment Interest [Dkt. 4257] is **GRANTED IN PART** and **DENIED IN PART**. The Court will amend its prior award to Brown of **$2,878,612.52** to include prejudgment interest in the amount of **$736,293.88**, for a total award of **$3,614,906.40**. An appropriate Order will accompany this Memorandum Opinion.

Date: April 10, 2017

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE